Beth E. Gaschen, State Bar No. 245894
bgaschen@lwgfllp.com
Christopher J. Green, State Bar No. 295874
cgreen@lwgfllp.com
**LOBEL WEILAND GOLDEN FRIEDMAN LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone   714-966-1000
Facsimile    714-966-1002

Attorneys for Chapter 7 Trustee
Jeffrey I. Golden

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| In re | Case No. 8:15-bk-12147-ES |
|---|---|
| MATTHEW JASON WHITMAN AND CARLA MARIA WHITMAN, | Chapter 7 |
| Debtors. | OPPOSITION AND REQUEST FOR A HEARING ON THE DEBTORS' MOTION TO ABANDON REAL PROPERTY; AND DECLARATION OF JEFFREY I. GOLDEN IN SUPPORT |
| | DATE:  December 15, 2015<br>TIME:  9:30 a.m.<br>Ctrm:   5A |

TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE:

Jeffrey I. Golden, the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Matthew Jason Whitman and Carla Maria Whitman (the "Debtors"), submits this Opposition and Request for a Hearing (the "Opposition") to the Debtors' Motion to Compel Abandonment of Real Property (the "Motion"). In support of the Opposition, the Trustee submits the declaration of Jeffrey I. Golden (the "Declaration").

The Court should deny the Motion because the Debtors' failed to carry their burden to demonstrate that 36 East Mahi Pua Place, Lahaina, Hawaii, 96761 (the "Real Property") is either (i) burdensome or (ii) is of inconsequential value to the Estate. *See In re Pilz Compact Disc, Inc.*, 229 B.R. 630, 635 (Bankr. E.D.Pa. 1999). Section 554(b) of the Bankruptcy Code provides that "on a request of a party in interest and after notice and

a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." See 11 U.S.C. § 554(b). "In order to approve a motion to abandon property, the bankruptcy court must find either that (1) the property is burdensome to the estate or (2) of inconsequential value and inconsequential benefit to the estate." *In re Viet Vu*, 245 B.R. 644, 647 (B.A.P. 9th Cir. 2000). "[A]n order compelling abandonment is the exception, not the rule. Abandonment should only be compelled in order to help the creditors by assuring some benefit in the administration of each asset. . . . Absent an attempt by the trustee to churn property worthless to the estate just to increase fees, abandonment should rarely be ordered." *Id.* (quoting *Morgan v. K.C. Mach. & Tool Co. (In re K.C. Mach. & Tool Co.)*, 816 F.2d 238, 246 (6th Cir. 1987)).

"In keeping with the goal of the bankruptcy reform movement to divorce courts from ministerial duties, a trustee's disposition of estate property is reviewable only for the purpose of determining whether the decision was made in an arbitrary or capricious manner." *In re Wilson*, 94 B.R. 886, 888 (Bankr. E.D. Va. 1989). "Accordingly, when called upon to review contested applications for abandonment, a court must focus its examination upon the reasons underlying the trustee's determination and affirm a decision which reflects a business judgment 'made in good faith, upon a reasonable basis and with the scope of his authority under the Code.'" *Id.* at 888-89 (quoting *In re Curlew Value Assoc.*), 14 B.R. 506, 513-14 (Bankr. D. Utah 1981)); *see also In re Janmar, Inc.*, 4 B.R. 4, 10 (Bankr. N.D. Ga. 1979) (generally unless trustee agrees to abandonment of a particular property of estate, no order of abandonment shall be issued); *see also In re Sullivan & Lodge, Inc.*, 2003 WL 22037724 (N.D. Cal. Aug. 20, 2003).

Here, the Trustee is in the final stages of formalizing an agreement with the first lienholder of the Property, Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC (the "Trust"), whereby the Trustee will sell, in some fashion, the property located at 36 East Mahi Pua Place, Lahaina, Hawaii, 96761 (the "Property") with a carve-out of approximately $70,000.00 for the Estate for the benefit of creditors. See Golden

Declaration, at ¶ 2. Because the planned agreement will result in funds that can be used to make a distribution to creditors, the Property is not burdensome and has clear value and benefit.[1] As the Debtors were aware of these facts at the time of filing the Motion, the pleading is frivolous on its face and the Trustee requests that the Court compensate the Trustee for having to respond to the Motion and for attending any future hearings on the Motion. See Golden Declaration, at ¶ 3.

The Motion should also be denied because the Debtors did not provide proper notice of the Motion. "Courts generally require service on all creditors, indenture trustees, committees and the United States trustee, i.e., the same parties entitled to notice of intent to abandon under Rule 6007(a). Because only the trustee has the authority to abandon, all the parties referred to in Rule 6007(a) must be notified before the court can compel the trustee to abandon." 10 COLLIER ON BANKRUPTCY ¶ 6007.02[2][b] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) Here, notice of the Motion was only provided to three or four creditors, far less than the approximately one-hundred-and-forty (140) creditors which appear on the Debtor's schedules and are listed on the mailing matrix for this case. Accordingly, notice of the Motion was improper.

Based upon the foregoing, the Property has value to the estate and the Trustee requests that the Court deny the Motion.

Dated: December 7, 2015

Respectfully submitted,

LOBEL WEILAND GOLDEN FRIEDMAN LLP

By: *Christopher J. Green*
Christopher Green
Beth E. Gaschen
Attorneys for Chapter 7 Trustee
Jeffrey I. Golden

---

[1] While the value of the liens on the Property appears to exceed the fair market value of the Property, it is worth noting that the Debtor's argument that the court must deduct hypothetical costs of sale has been specifically rejected by the Ninth Circuit Court of Appeals and should not be considered. See In re Kuhlman, 254 B.R. 755, 757 (Bankr. N.D. Cal. 2000) (citing In re Hyman, 967 F.2d 1316, 1320 (9th Cir.1992)).

1049255.1    3    OPPOSITION

# DECLARATION OF JEFFREY I. GOLDEN

I, Jeffrey I. Golden, declare:

1. I am a panel trustee, the duly appointed chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Matthew Jason Whitman and Carla Maria Whitman (the "Debtors"), and a partner of Lobel Weiland Golden Friedman LLP (the "Firm"). I know each of the following facts to be true of my own personal knowledge or information and belief and, if called as a witness, I could and would competently testify with respect thereto. I am submitting this Declaration in support of the *Opposition and Request for a hearing on the Debtor's Motion to Abandon Real Property* (the "Motion"). Any terms not specifically defined herein shall have the meaning set forth in the Application.

2. I am currently in negotiations with the Trust to negotiate a sale of the subject Property that will provide a carve-out in the amount of approximately $70,000.00 that will be used to make distributions to creditors. I believe these negotiations will be finalized in the next several weeks. Accordingly, I believe the Property has significant value to the Estate.

3. The Firm informed the Debtors' counsel of the agreement and the carve-out prior to the Motion being filed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 7th day of December, 2015, at Costa Mesa, California.

_____
Jeffrey I. Golden

1049255.1                          4                          DECLARATION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**650 Town Center Drive, Suite 950, Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION AND REQUEST FOR A HEARING ON THE DEBTORS' MOTION TO ABANDON REAL PROPERTY; AND DECLARATION OF JEFFREY I. GOLDEN IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **December 7, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

[X] Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) **December 7, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[ ] Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **December 7, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Erithe Smith, 411 W. 4th Street, 5th Floor, Santa Ana, CA 92701

[ ] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 7, 2015 | Kelly Adele | /s/ Kelly Adele |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**
0.0

**Electronic Mail Notice List**
Marian Garza     ecfnotices@ascensioncapitalgroup.com
Beth Gaschen     bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com
Jeffrey I Golden (TR)     ljones@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com;lfisk@wgllp.com
Christopher J Green     cgreen@wgllp.com, chrisgreen@ucla.com;kadele@wgllp.com
Leslie M Klott     bankruptcy@zievelaw.com
Derik N Lewis     dlewis@vantislaw.com, esieg@vantislaw.com
United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov