# REAL PROPERTY DECLARATION

I, Jessie Hanak, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (specify):

    a. ☐ I am the Movant.

    b. ☐ I am employed by Movant as (state title and capacity):

    c. ☒ Other (specify): I am employed as default service officer by Caliber Home Loans, Inc. ("Caliber") for U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust. .

2. a. ☐ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

    b. ☒ Other (see attached):

3. The Movant is:

    a. ☐ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _____.

    b. ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as **Exhibits "1," "4," and "5."**

    c. ☐ Servicing agent authorized to act on behalf of the:
        ☐ Holder.
        ☐ Beneficiary.

    d. ☐ Other (specify):

4. a. The address of the Property is:
       *Street address:* **111 Via Lido Soud**
       *Unit/suite number.:*
       *City, state, zip code:* **Newport Beach, CA 92663**

    b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:
       **County of Orange; Document Recording Number: 2006000520767**

KB/B34722

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 6                                    F 4001-1.RFS.RP.MOTION

Exhibit B - Page 12

5. Type of property (check all applicable boxes):

   a. [ ] Debtor's principal residence     b. [X] Other residence
   c. [ ] Multi-unit residential     d. [ ] Commercial
   e. [ ] Industrial     f. [ ] Vacant land
   g. [ ] Other (specify): _____

6. Nature of the Debtor's interest in the Property:

   a. [ ] Sole owner
   b. [X] Co-owner(s) (specify):
   c. [ ] Lienholder (specify):
   d. [ ] Other (specify):
   e. [X] The Debtor [X] did [ ] did not list the Property in the Debtor's schedules.
   f. [ ] The Debtor acquired the interest in the Property by [ ] grant deed [ ] quitclaim deed [ ] trust deed.
       The deed was recorded on (date) _____.

7. Movant holds a [X] deed of trust [ ] judgment lien [ ] other (specify) _____
   that encumbers the Property.

   a. [X] A true and correct copy of the document as recorded is attached as **Exhibit "1"**.
   b. [X] A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as **Exhibit "2"**.
   c. [X] A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as **Exhibits "4" and "5."**

8. Amount of Movant's claim with respect to the Property:
   (as of **12/11/2015**)

   |   | | PREPETITION | POSTPETITION | TOTAL |
   |---|---|---|---|---|
   | a. | Principal: | $ | $ | **$3,018,827.22** |
   | b. | Accrued interest | $ | $ | **$657,893.47** |
   | c. | Late charges | $ | $ | **$1,579.42** |
   | d. | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ | **$6,015.37** |
   | e. | Advances (property taxes, insurance): | $ | $ | **$485,468.69** |
   | f. | Less suspense or partial balance paid: | $[ ] | $[ ] | $**[0.00]** |
   | g. | TOTAL CLAIM as of (date): **12/11/2015** | $ | $ | **$4,169,784.17** |

   h. [ ] Loan is all due and payable because it matured on (date) _____

9. Status of Movant's foreclosure actions relating to the Property (fill the date or check the box confirming no such action has occurred):
   a. Notice of default recorded on (date) **01/16/2015**    or [ ] none recorded.
   b. Notice of sale recorded on (date) _____    or [X] none recorded.
   c. Foreclosure sale originally scheduled for (date) _____    or [X] none scheduled.
   d. Foreclosure sale currently scheduled for (date) _____    or [X] none scheduled.
   e. Foreclosure sale already held on (date) _____    or [X] none held.
   f. Trustee's deed upon sale already recorded on (date) _____    or [X] none recorded.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014     Page 7     F 4001-1.RFS.RP.MOTION

Exhibit B - Page 13

10. Attached (optional) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. [X] (chapter 7 and 11 cases only) Status of Movant's loan:

   a. Amount of current monthly payment as of the date of this declaration: $**17,251.27** for the month of **12/01/2015.**

   b. Number of payments that have come due and were not made: **64**. Total amount $**1,033,036.19**

   c. Future payments due by time of anticipated hearing date (if applicable):
   An additional payment of $**17,251.27** will come due on (date) **January 1, 2016**, and on the **1st** day of each month thereafter. If the payment is not received within **15** days of said due date, a late charge of $ will be charged to the loan.

   d. The fair market value of the Property is $**4,000,000.00**, established by:
   (1) [ ] An appraiser's declaration with appraisal is attached as Exhibit _____.
   (2) [ ] A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.
   (3) [X] A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as **Exhibit "3."**
   (4) [ ] Other (specify): _____

   e. **Calculation of equity in Property:**

   Based upon [ ] a preliminary title report [X] the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

   |  | Name of Holder | Amount as Scheduled by Debtor (if any) | Amount known to Declarant and Source |
   |---|---|---|---|
   | 1st deed of trust: |  | $ | $4,160,131.97 |
   | Lienholder | American Centurion Bank c/o Zwicker & Associates | $ | $42,394.98 |
   | Lienholder | American Contractors Indemnity Co c/o LANAK & HANNA, P.C. | $ | $10,972.78 |
   | Lienholder | American Express Bank, FSB c/o Zwicker & Associates | $ | $66,536.28 |
   | Lienholder | Bridle Creek Homeowners Association c/o Paul M Vargas Fiore, Racobs & Powers, APLC | $ | $6,116.88 |
   | Lienholder | California Bank & Trust c/o BUCHALTER NEMER PC | $ | $1,612,350.67 |
   | Lienholder | Flagstar Bank | $ | $461,387.00 |
   | Lienholder | Franchise Tax Board | $ | $695,696.74 |
   | Lienholder | Internal Revenue Service |  | $777,617.88 |
   | Lienholder | Lido Isle Community Association c/o Diversified Real Property Mgmt |  | $1,947.28 |
   | Lienholder | Robertson's Ready Mix c/o Law Off of Mervyn Y Encarnacion |  | $94,617.35 |
   | Lienholder | Ronald S Caswell c/o Kyle P Kelley |  | $298,217.88 |
   | Lienholder | Skyline Pools of Hawaii Inc. Mezzeti Financial Services, Inc. |  | $49,157.89 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 8                                    F 4001-1.RFS.RP.MOTION

Exhibit B - Page 14

| Lienholder | **United States Treasury** | | $778,885.88 |
|---|---|---|---|
| Lienholder | **United States Treasury** | | $155,777.28 |
| | | | |
| Other: | Costs of Sale | | $320,000 |
| **TOTAL DEBT:** | $9,531,808.74 | | |

  f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit **"3"** and consists of:
   (1) ☐ Preliminary title report.
   (2) ☒ Relevant portions of the Debtor's schedules.
   (3) ☐ Other (specify):

  g. ☒ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
    I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $**-160,131.97** and is **0%** of the fair market value of the Property.

  h. ☒ **11 U.S.C. § 362(d)(2)(A) - Equity:**
    By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $**-5,531,808.74**

  i. ☒ Estimated costs of sale: $**320,000.00** (estimate based upon **8%** of estimated gross sales price)

  j. ☐ The fair market value of the Property is declining because:

12. ☐ (Chapter 12 and 13 cases only) Status of Movant's loan and other bankruptcy case information:

  a. A 341(a) meeting of creditors is currently scheduled for (or concluded on) the following date: _____
    A plan confirmation hearing currently scheduled for (or concluded on) the following date: _____
    A plan was confirmed on the following date (if applicable): _____

  b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

  c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 9    F 4001-1.RFS.RP.MOTION

Exhibit B - Page 15

    d.    Postpetition advances or other charges due but unpaid:    $
(For details of type and amount, see Exhibit _____)

    e.    Attorneys' fees and costs:    $
(For details of type and amount, see Exhibit _____)

    f.    Less suspense account or partial paid balance:    $ [     ]

        TOTAL POSTPETITION DELINQUENCY:    $

    g.    Future payments due by time of anticipated hearing date (if applicable): _____.
An additional payment of $_____ will come due on _____, and on the _____ day of each month thereafter. If the payment is not received by the day of the month, a late charge of $_____ will be charged to the loan.

    h.    Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):
$ _____ received on *(date)* _____
$ _____ received on *(date)* _____
$ _____ received on *(date)* _____

    i.  ☐  The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit ___. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (attach LBR form F 4001-1.DEC.AGENT.TRUSTEE).

13.  ☐  Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14.  ☐  The court determined on (date) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15.  ☐  The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit .

16.  ☐  Movant regained possession of the Property on (date) _____, which is ☐ prepetition ☐ postpetition.

17.  ☐  The bankruptcy case was filed in bad faith:

    a.  ☐  Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

    b.  ☐  Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c.  ☐  The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d.  ☐  Other (specify):

18.  ☐  The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    a.  ☐  The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b.  ☐  Multiple bankruptcy cases affecting the Property include:

        1.    Case name:
            Chapter:    Case number:

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 10    F 4001-1.RFS.RP.MOTION

Exhibit B - Page 16

|   | Date filed: | Date discharged: | Date dismissed: |
|---|---|---|---|
|   | Relief from stay regarding the Property ☐ was ☐ was not granted. |   |   |

2. Case name:
   Chapter: Case number:
   Date filed: Date discharged: Date dismissed:
   Relief from stay regarding the Property ☐ was ☐ was not granted.

3. Case name:
   Chapter: Case number:
   Date filed: Date discharged: Date dismissed:
   Relief from stay regarding the Property ☐ was ☐ was not granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Property.
☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).
   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.
   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit ____.
   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

12-23-15           Jessie Hanak           Hanak
Date:              Printed name           Signature

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
June 2014                    Page 11                    F 4001-1.RFS.RP.MOTION

Exhibit B - Page 17

# REAL PROPERTY DECLARATION
## (Attachment 2.b. Page 6)

2. b. Other (see attached): **In my capacity as an employee of Caliber Home Loans, Inc. as servicer for Movant, I am authorized to execute this declaration on behalf of Movant. I have personal knowledge of, and am familiar with the books, records and files of Caliber Home Loans, Inc. as servicer for Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally reviewed and worked on the books, records and files of Caliber Home Loans, Inc. as servicer for Movant, and as to the following facts, I have gained knowledge of them from the business records of Caliber Home Loans, Inc. kept and maintained on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and are maintained in the ordinary course of Caliber Home Loans, Inc.'s business at or near the time of the actions, conditions or events to which they relate. Any such document or record was prepared in the ordinary course of business of Caliber Home Loans, Inc. by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                     Page 12                                 F 4001-1.RFS.RP.MOTION

Exhibit B - Page 18