1  **LOBEL WEILAND GOLDEN FRIEDMAN LLP**
   Beth E. Gaschen, State Bar No. 245894
2  bgaschen@lwgfllp.com
   Christopher J. Green, State Bar No. 295874
3  cgreen@lwgfllp.com
   650 Town Center Drive, Suite 950
4  Costa Mesa, California 92626
   Telephone    714-966-1000
5  Facsimile    714-966-1002

6  Attorneys for Chapter 7 Trustee
   Jeffrey I. Golden

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                 **SANTA ANA DIVISION**

11  In re                                  Case No. 8:15-bk-12147-ES

12  MATTHEW JASON WHITMAN AND              Chapter 7
    CARLA MARIA WHITMAN,
13                                         **OPPOSITION AND REQUEST FOR A**
           Debtors.                        **HEARING ON THE DEBTORS' MOTION**
14                                         **TO COMPEL ABANDONMENT OF**
                                           **PROPERTY BY TRUSTEE;**
15                                         **MEMORANDUM OF POINTS AND**
                                           **AUTHORITIES; AND DECLARATIONS OF**
16                                         **JEFFREY I. GOLDEN AND DANN**
                                           **ROGERS IN SUPPORT**
17

18

19

20

21

22

23

24

25

26

27

28
    1073391.2                                      LIMITED OPPOSITION

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1

2

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION.................................................................................................1

II.  FACTUAL BACKGROUND .............................................................................2

    A.  Petition and Original Schedules ....................................................2

    B.  Amended Schedules ......................................................................4

    C.  Other Bankruptcy Actions..............................................................4

    D.  The Debtors' Improper Renting of the Property Post-Petition.......4

    E.  Demands for Turnover of the Rent ................................................6

III.  THE TRUSTEE OPPOSES ANY RELIEF THAT SEEKS
ABANDONMENT OF THE RENTS GENERATED BY THE
PROPERTY DURING THE COURSE OF THE BANKRUPTCY CASE.................7

    A.  Abandonment of the Property Does Not Equate to
Abandonment of the Rents and Abandonment of the Property
Cannot be Used to Ratify the Debtors' Improper Post-Petition
Actions as to the Property ..............................................................7

    B.  The Property Remained Property of the Estate Even Subject to
the Debtors' Exemption ................................................................15

    C.  The Trustee is Not Subject to the Rent Skimming Statute Cited
by the Debtors and It Does Not Lead to the Abandonment of
the Property or the Rents .............................................................16

IV.  CONCLUSION ................................................................................18

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Brown v. O'Keefe,*
 300 U.S. 598 (1937) ........................................................ 10

*Catalano v. Commissioner of Internal Revenue,*
 279 F.3d 682 (9th Cir. 2002) ............................................ 8, 10

*Fed. Nat'l Mortgage Assn. v. Bugna,*
 57 Cal. App. 4th 529 (1997) ............................................. 12

*In re Alsberg,*
 161 B.R. 680 (B.A.P. 9th Cir. 1993) ................................... 15

*In re Curlew Value Assoc.,*
 14 B.R. 506 (Bankr. D. Utah 1981) .................................... 8

*In re Dewsnup,*
 908 F.2d 588 (10th Cir. 1990) ......................................... 8, 11

*In re Fong,*
 2005 WL 3964429 (Bankr. D. Hawaii Nov. 18, 2005)............ 9

*In re Galvan,*
 110 B.R. 446 (B.A.P. 9th Cir. 1990) ................................... 15

*In re Gurs,*
 27 B.R. 163 (B.A.P. 9th Cir. 1983) .................................... 17

*In re Hyman,*
 123 B.R. 342 (B.A.P. 9th Cir. 1991) ................................ 15, 16

*In re Janmar, Inc.,*
 4 B.R. 4 (Bankr. N.D. Ga. 1979)........................................ 8

*In re Kreisel,*
 399 B.R. 679 (Bankr. C.D. Cal. 2008) ................................ 11

*In re Pilz Compact Disc, Inc.,*
 229 B.R. 630 (Bankr. E.D.Pa. 1999) .................................. 7

*In re Purco, Inc.,*
 76 B.R. 523 (Bankr. W.D. Penn. 1987) ............................ 11, 12

*In re Sullivan & Lodge, Inc.,*
 2003 WL 22037724 (N.D. Cal. Aug. 20, 2003)...................... 8

*In re Viet Vu,*
 245 B.R. 644 (B.A.P. 9th Cir. 2000) ................................... 7

*In re Wilson,*

1

## TABLE OF AUTHORITIES (cont.)

2

**Page(s)**

3      94 B.R. 886 (Bankr. E.D. Va. 1989) ........................................................ 7

4    *Mason v. C.I.R.*,
       646 F.2d 1309 (9th Cir. 1980) ............................................................... 11
5

   *Matter re Hunter*,
6      76 B.R. 117 (Bankr. S.D. Ohio 1987) ................................................... 12

7    *Morgan v. K.C. Mach. & Tool Co. (In re K.C. Mach. & Tool Co.)*,
       816 F.2d 238 (6th Cir. 1987) .................................................................. 7
8

   *Wallace v. Lawrence Warehouse Co.*,
9      338 F.2d 392 (9th Cir. 1964) ................................................................. 9

10   **Statutes**

11   11 U.S.C. § 541(a)(6)........................................................................................ 9

12   11 U.S.C. § 544(a)(3)...................................................................................... 17

13   11 U.S.C. § 554(b) ........................................................................................... 7

14   28 U.S.C. § 1334(e) ......................................................................................... 9

15   Cal. Civ. Code § 890(a) ........................................................................... 16, 17

16   Cal. Code Civ. P. § 703.140(b)(5).................................................................. 3

17

18

19

20

21

22

23

24

25

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, THE DEBTORS AND THEIR COUNSEL OF RECORD, AND ALL OTHER INTERESTED PARTIES:**

Jeffrey I. Golden, the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Matthew Jason Whitman and Carla Maria Whitman (the "Debtors"), submits this Opposition and Request for a Hearing (the "Opposition") on the Debtors' Motion to Compel Abandonment of Property by Trustee (the "Motion"). In support of the Opposition, the Trustee submits the following memorandum of points and authorities and the declarations of Jeffrey I. Golden (the "Golden Declaration") and Dann Rogers (the "Rogers Declaration").

## I.    <u>INTRODUCTION</u>

The Court should deny the Motion insofar as the Debtors' failed to carry their burden to demonstrate that the rents generated by 111 Via Lido Sound, Newport Beach, California 92663 ("the Property") are either (i) burdensome or (ii) are of inconsequential value to the Estate. The Motion must be read with the relevant facts in mind. Less than two months after filing the petition, the Debtors, in direct and intentional violation of the automatic stay, entered into a new lease for the Property. The Debtors stole over $100,000 in rents from the estate and despite multiple demands for return of the funds from the Trustee, have failed to do so. This motion is nothing more than a veiled attempt by the Debtors to retroactively ratify the Debtors' bad acts so that they are not required to return the rents rightfully belonging to the estate. The Trustee in no way consents to the abandonment of the rents, a separate and distinct asset of the estate from the Property, and intends on pursing the return of these funds from the Debtors, any rent still owing by the tenant at the Property, and any other party that may have been a recipient of the funds.

As to the Property itself, the Property is encumbered by multiple liens and, despite having an offer to purchase the Property, which the Trustee evaluated and reviewed in the

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  context of the bankruptcy pleadings and whether certain liens could be removed, as well

2  as discussing other alternatives for the liquidation of the Property with the first lienholder,

3  the Trustee has determined that this particular asset of the Estate cannot be administered

4  for the benefit of creditors.  It was only on May 16, 2016, that the first lienholder confirmed

5  that it would be proceeding with foreclosure proceedings, putting the final nail in the

6  proverbial coffin on this asset.  At this time, the Property, and only the Property, should be

7  abandoned back to the Debtors.

8      However, the Trustee requests time to remove the personal property items from the

9  Property before the Property is abandoned back to the Debtors to avoid any confusion

10  that the personal property items located therein would also be considered abandoned.

11  Despite contrary assertions from the Debtors, these personal property items were not

12  disclosed on the Debtors' schedules and were not claimed as exempt.  The only personal

13  property items ever disclosed or claimed as exempt are located at an alternative Via Lido

14  address, the address listed as the Debtors' residence.

15  **II.**    **FACTUAL BACKGROUND**

16      **A.**    **Petition and Original Schedules**

17      On April 27, 2015, the Debtors filed a voluntary chapter 7 petition.  That same day,

18  the Debtors filed their Schedules of Assets and Liabilities (the "Schedules") and Statement

19  of Financial Affairs (the "SOFA").  According to the petition, the Debtors reside at 3419 Via

20  Lido #123, Newport Beach, California 92663 (the "Via Lido Property").  (Golden Decl., Ex.

21  2.)

22      The Property was listed on Schedule A as having a value of $4,000,000, but

23  secured by liens totaling $5,452,871.42.  (Golden Decl., Ex. 3.)  In Schedule B, the

24  Debtors were asked to list all of their household goods and furnishings.  The Debtors

25  stated under penalty of perjury that all of their household goods and furnishings were

26  located at the Via Lido Property.  The value of those furnishings is $8,060.  Indeed,

27  Schedule B shows that all of the Debtors' personal property is located at the Via Lido

28  Property.  As to question #35 on Schedule B, "Other personal property of any kind not

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  already listed. Itemize." the Debtors' listed "none."  (Golden Decl., Ex. 4.)  On Schedule C,

2  the Debtors' claimed a $1.00 exemption in the Property pursuant to California Code of

3  Civil Procedure ("CCP") § 703.140(b)(5).[1]  (Golden Decl., Ex. 5.)

4       Schedule G lists a residential lease for the Property, which according to Schedule

5  G expired on February 28, 2015, prior to the petition date.  (Golden Decl., Ex. 6.)  This

6  would not put the Trustee on notice that the Property was being rented or was producing

7  any rental income.  Schedule J shows that the Debtors paid $150 per month for electricity

8  and $15 per month for water, sewer, garbage collection.  (Golden Decl., Ex. 7.)  This is

9  not indicative of the Debtors paying expenses of two residences.  On the Debtors' SOFA

10  as to question #2 "Income other than from employment or operation of business," the

11  Debtors stated that as of the petition date they received no other income.  The Debtors

12  indicated that they were not holding property for another, such as a deposit or first or last

13  month's rent from a tenant.  (Golden Decl., Ex. 8.)

14       From the Debtors' SOFA it appears that the Debtors had two businesses out of the

15  Property, not that it was a rental home.  They were operating W Design at the Property

16  through the petition date and had a pillow manufacturing business through July, 2014.

17  (*See id.*)

18       Only on Chapter 7 Statement of Current Monthly Income does it show that the

19  Debtors received gross rent of $6,333.33 for some months, but that netted out to zero

20  dollars based on operating expenses of $12,788.  Then elsewhere it shows that the

21  Debtors received $9,500 in rental income during November 2014 through February 2015,

22  but received $0 in March 2015.  (*See id.*)  This is consistent with the fact that the lease

23  had expired in February 2015.  The fact that the Debtors had a short term lease does not

24  _____

25  [1] CCP § 703.140(b)(5) provides as follows:  "(b) The following exemptions may be elected as provided
in subdivision (a): (5) the debtor's aggregate interest, not to exceed in value one thousand two hundred
26  eighty dollars ($1,280) plus any unused amount of the exemption provided under paragraph (1), in any
property."  Paragraph (1) provides an exemption "not to exceed twenty-four thousand sixty dollars ($24,060)
27  in value, in real property or personal property that the debtor or a dependent of the debtor uses as a
residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a
28  residence."  *See* CCP § 703.140(b)(1).

1073391.2                                 3                                OPPOSITION

1  indicate that the purpose of the Property was for rental income.  It was not generating

2  income as of the petition date.

3        **B.**   **Amended Schedules**

4      On June 10, 2015, the Debtors amended Schedules A, D, E, and F and their

5  SOFA.  Schedule A was amended to increase the amount of secured debt against the

6  Property to $9,108,498.03.  (Golden Decl., Ex. 9.)  The SOFA despite being amended, still

7  shows no income other than from employment or operation of a business.  It also still

8  states that the Debtors are not holding property for another person.  (*See id.*)

9      On August 10, 2015, the Debtors amended their Schedules C and F.  Schedule C

10  continues to claim a $1.00 exemption in the Property pursuant to CCP § 703.140(b)(5).

11  Once again, all of the Debtors' personal property was listed as being located at the Via

12  Lido Property.  (Golden Decl., Ex. 10.)

13      On September 22, 2015, the Debtors amended their Schedules yet again.  This

14  time, the amendment was limited to Schedule F.

15        **C.**   **Other Bankruptcy Actions**

16      The Trustee conducted the 341(a) meeting of creditors on June 10, 2015.  The

17  Trustee filed a report of no distribution on June 12, 2015, which was subsequently

18  withdrawn just five days later on June 17, 2015.

19      The claims bar date passed on May 16, 2016.  Seventeen claims have been filed.

20  The total unsecured debt is $186,278.43.  Priority debt totals $11,876.77.  The remainder

21  of the claims are secured by real property.

22        **D.**   **The Debtors' Improper Renting of the Property Post-Petition**

23      On June 1, 2015, the Debtors entered an unauthorized post-petition lease with

24  Dann Rogers for the Property (the "Unauthorized Lease").  The Unauthorized Lease was

25  originally for a term of six months, but was extended on or about November 6, 2015.  Mr.

26  Rogers was required to, and in fact did pay the Debtors $46,000 in move-in costs on or

27  about June 1, 2015, which included a $10,000 security deposit, last month's rent of

28  $12,000, and the first two month's rent of $24,000.  (Rogers Decl., ¶ 2.)  Since June 1,

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  2015, Mr. Rogers has paid the Debtors a total of $107,200.  (*Id.* at ¶ 3.)  The lease of the

2  Property was not disclosed to the Trustee, and the Trustee had no knowledge of the

3  Unauthorized Lease until he was contacted by Mr. Rogers sometime around March, 2016.

4          The Debtors did not tell Mr. Rogers that they had filed for bankruptcy.  (*Id.* at ¶ 4.)

5  Upon learning that the Debtors had filed a bankruptcy petition, Mr. Rogers became

6  increasingly concerned that the Debtors should not be receiving rent from him during the

7  bankruptcy case.  On March 15, 2016, Mr. Rogers emailed Mr. Whitman and indicated

8  that,

9

10  > My concern in giving you any more rent money is are you sure you have the
   > right to collect this rent since you are in bankruptcy? I wouldn't want to give
   > any more money and have someone knock on my gate and kick me out
11  > while you are holding the last month and my $10,000 security deposit.

12

13  (Rogers Decl., Ex.1.)  Mr. Whitman replied that "Of course I have the right to collect rent,

    work, and have income while in bankruptcy!"  (*See id.*)  Since then, Mr. Rogers has been
14
    informed by the Debtors' real estate agent that the Debtors have taken the $10,000
15
    security deposit.  (*Id.* at ¶ 7.)
16
            Mr. Rogers has not seen the Debtors at the Property since mid-February, 2016.
17
    The Debtors have sent Dale Skidmore to the Property once a week to mow the lawn, blow
18
    the leaves, and generally keep the place tidy.  In addition, the Debtors have only sent a
19
    repairman to fix the air conditioner, wine cooler, and outside pump.  (*Id.* at ¶ 10.)  Mr.
20
    Rogers has conducted all other necessary maintenance since he moved in, and was
21
    required to hire someone to fix the drier and fix the plumbing in the master shower.  (*Id.* at
22
    ¶¶ 11 &13.)  The Debtors have refused to fix the cracked mirror on the second floor and
23
    paint the flag-pole and railing on the landing since Mr. Rogers moved in.  (*Id.* at ¶ 13.)
24
            Mr. Rogers is not aware of the Debtors paying any utility except the
25
    water/trash/sewer bill, which was only paid for the first several months.  (*Id.* at ¶ 12.)
26
    Sometime around March, 2016, Mr. Rogers received notice that the water/trash/sewer bill
27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1073391.2                          5                          OPPOSITION

1   was past due, and the water would be cut off if it was not paid.  (*Id.* at ¶ 12.)  Mr. Rogers is

2   now paying the water/trash/sewer bill, and that utility is now in his name.

3        The Property was advertised as "fully-furnished," and in fact was fully furnished,

4   despite the fact that the Debtors did not disclose any personal property at the Property on

5   the Debtors' schedules.  (*Id.* at ¶ 14.)

6        Since Mr. Rogers has moved into the Property, dozens of debt collectors and

7   process servers have arrived at the property to serve the Debtors.  (*Id.* at ¶ 15.)  These

8   process servers and debt collectors were not aware that the Debtors had filed for

9   bankruptcy, and do not appear to have received proper notice of this bankruptcy case.

10   (*Id.* at ¶ 15.)

11        The Debtors went so far as to commence an unlawful detainer action against Mr.

12   Rogers.  After becoming aware of the fact that the Property was being rented, Mr. Rogers

13   also informed the Trustee of the suit that the Debtors filed.  The Trustee's counsel

14   immediately contacted the Debtors' counsel, who was unaware of the bankruptcy filing,

15   and demanded that he stop any and all actions that affected the Property.  After several

16   conversations, the Debtors' counsel agreed to take a summary judgment hearing off

17   calendar and to cease seeking the unlawful detainer action.  Mr. Rogers has voluntarily

18   agreed to pay the past due rent to the Trustee.  To the extent that he does not, the

19   Trustee will file a motion to compel him to do so.

20        **E.      Demands for Turnover of the Rent**

21        On March 16, 2016, the Trustee's counsel sent a demand to the Debtors' counsel

22   for turnover of the rents collected post-petition pursuant to 11 U.S.C. §§ 541 and 542.

23   The Trustee also requested an accounting to ensure that he received all of the funds from

24   the Debtors.  The Trustee's counsel again made a demand for turnover of the rents and

25   an accounting on April 19, 2016.  Again on May 10, 2016, the Trustee demanded return of

26   the rents and gave the Debtors until May 17, 2016 at 4:00 p.m. to do so.  To date, no

27   rents have been turned over to the Trustee.

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  The Trustee is preparing a motion to compel turnover and is analyzing whether it is

2  appropriate to seek to revoke or deny the Debtors' discharge as well as other possible

3  sanctions for their intentional violation of the stay or inappropriate post-petition transfers.

4  **III.  THE TRUSTEE OPPOSES ANY RELIEF THAT SEEKS ABANDONMENT OF**

5  **THE RENTS GENERATED BY THE PROPERTY DURING THE COURSE OF THE**

6  **BANKRUPTCY CASE**

7  **A.  Abandonment of the Property Does Not Equate to Abandonment of the**

8  **Rents and Abandonment of the Property Cannot be Used to Ratify the**

9  **Debtors' Improper Post-Petition Actions as to the Property**

10  The rents generated by the Property are neither burdensome or of inconsequential

11  value to the Estate and cannot and should not be abandoned.  *See In re Pilz Compact*

12  *Disc, Inc.*, 229 B.R. 630, 635 (Bankr. E.D.Pa. 1999).  Section 554(b) of the Bankruptcy

13  Code provides that "on a request of a party in interest and after notice and a hearing, the

14  court may order the trustee to abandon any property of the estate that is burdensome to

15  the estate or that is of inconsequential value and benefit to the estate."  *See* 11 U.S.C.

16  § 554(b).  "In order to approve a motion to abandon property, the bankruptcy court must

17  find either that (1) the property is burdensome to the estate or (2) of inconsequential value

18  and inconsequential benefit to the estate."  *In re Viet Vu*, 245 B.R. 644, 647 (B.A.P. 9th

19  Cir. 2000).  "[A]n order compelling abandonment is the exception, not the rule.

20  Abandonment should only be compelled in order to help the creditors by assuring some

21  benefit in the administration of each asset. . . . Absent an attempt by the trustee to churn

22  property worthless to the estate just to increase fees, abandonment should rarely be

23  ordered."  *Id.* (quoting *Morgan v. K.C. Mach. & Tool Co. (In re K.C. Mach. & Tool Co.*),

24  816 F.2d 238, 246 (6th Cir. 1987)).

25  "In keeping with the goal of the bankruptcy reform movement to divorce courts from

26  ministerial duties, a trustee's disposition of estate property is reviewable only for the

27  purpose of determining whether the decision was made in an arbitrary or capricious

28  manner."  *In re Wilson*, 94 B.R. 886, 888 (Bankr. E.D. Va. 1989).  "Accordingly, when

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  called upon to review contested applications for abandonment, a court must focus its

2  examination upon the reasons underlying the trustee's determination and affirm a decision

3  which reflects a business judgment 'made in good faith, upon a reasonable basis and with

4  the scope of his authority under the Code.'"  *Id.* at 888-89 (quoting *In re Curlew Value*

5  *Assoc.*, 14 B.R. 506, 513-14 (Bankr. D. Utah 1981)); *see also In re Janmar, Inc.*, 4 B.R. 4,

6  10 (Bankr. N.D. Ga. 1979) (generally unless trustee agrees to abandonment of a

7  particular property of estate, no order of abandonment shall be issued); *see also In re*

8  *Sullivan & Lodge, Inc.*, 2003 WL 22037724 (N.D. Cal. Aug. 20, 2003).

9      Although the Debtors are less than clear in the Motion, the Motion is not simply

10  asking for an abandonment of the Property.  By abandoning the Property *nunc pro tunc*,

11  the Debtors are seeking to have themselves put in the position as if they had never filed

12  the bankruptcy case - meaning that any rents that have been generated by the Property

13  during the course of the case would not be property of the estate and therefore, it would

14  not have been a violation of the automatic stay or a unauthorized post-petition transfer for

15  the Debtors to have taken the rents.  It is a request for retroactive approval of such

16  actions.  In that regard, it will be as if all of their bad acts are undone and condoned by

17  this Court.  This Court cannot condone such behavior from the Debtors and while

18  abandonment of the Property itself may be appropriate, the Court should in no way

19  compel abandonment of the rents to the Debtors or excuse their post-petition actions as to

20  the Property and the absconding of rents.  There is over $100,000 in funds that can be

21  used to pay creditors of this estate.  In fact, the $100,000 would likely lead to payment of

22  priority creditors in full and a significant distribution to unsecured creditors.

23      The cases cited by the Debtors provide that "[u]pon abandonment, the debtor's

24  interest in the property is restored *nunc pro tunc* as of the filing of the bankruptcy petition,"

25  *Catalano v. Commissioner of Internal Revenue*, 279 F.3d 682, 684 (9th Cir. 2002),

26  however, that merely means that "whoever had the possessory right to the property at the

27  filing of bankruptcy again reacquires that right."  *See In re Dewsnup*, 908 F.2d 588, 590

28  (10th Cir. 1990).  "The abandoned assets were property of the debtor when [they] filed

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1    [their] bankruptcy case, at which time [it] became property of the estate.  When the trustee

2    abandoned the assets, they left the estate and became property of the debtor once more,

3    but the plain language of section 1334(e)[2] says that they were still subject to the

4    bankruptcy court's jurisdiction."  *In re Fong*, 2005 WL 3964429 *3 (Bankr. D. Hawaii Nov.

5    18, 2005).  Thus, even though the Property would be abandoned now, it was property of

6    the estate, and while property of the estate, its proceeds, products, and offspring became

7    property of the estate pursuant to 11 U.S.C. § 541(a)(6).  Abandonment does not change

8    this.

9        Moreover, the "ordinary rule" that when "a trustee abandons property of the

10   bankrupt, title reverts to the bankruptcy, nunc pro tunc, so that he is treated as having

11   owned it continuously," is "a fiction, and a fiction is but a convenient device, invented by

12   courts to aid them in achieving a just result.  It is not a categorical imperative, to be blindly

13   followed to a result that is unjust."  *Wallace v. Lawrence Warehouse Co.*, 338 F.2d 392,

14   394 at fn. 1 (9th Cir. 1964).

15       As such, the Debtors are legally incorrect in their position that an abandonment of

16   the Property *nunc pro tunc* to the petition date equates to the Debtors having the sole right

17   to the rents generated by the Property during the course of this case.  Simply because title

18   will vest back with the Debtors does not mean that the rents, a separate and distinct asset

19   of the estate, should also be abandoned or would vest with the Debtors.  The Debtors are

20   conflating the abandonment of the Property with the rents that were generated by the

21   Property.  The rents are a separate personal property asset apart from the real property.

22   These are not one asset of the estate.

23       None of the cases cited by the Debtors stand for the proposition that once

24   abandoned the Debtors' actions as to the Property, particularly actions taken in violation

25   of the automatic stay, are ratified because it is as if the Property was never an asset of the

26

---

27   [2] 28 U.S.C. § 1334(e) gives the bankruptcy courts exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate."  *See In re Fong*,

28   2005 WL 3964429 *2 (Bankr. D. Hawaii Nov. 18, 2005).

1   estate.  In fact, not a single case is factually similar to the case before the Court.  Below is

2   a summary of the cases and why they are not applicable here:

3   • In the case of *Catalano v. Commissioner of Internal Revenue*, 279 F.3d 682

4      (9th Cir. 2002), the issue before the Court was "whether an order granting

5      relief from an automatic stay always constitutes an abandonment of property

6      under bankruptcy law." *Id.* at 684.  The Ninth Circuit held that it did not.  The

7      debtor in this case filed a chapter 11 petition.  Wells Fargo subsequently

8      obtained relief from the automatic stay but delayed foreclosure to allow the

9      debtor an opportunity to sell the property as a going concern.  *Id.*  Ultimately,

10     Wells Fargo foreclosed and the debtor reported the foreclosure sale on his

11     own tax return and claimed a deduction.  The IRS disallowed the deduction.

12     *Id.* at 685.  The Ninth Circuit does state that "[u]pon abandonment, the

13     debtor's interest in the property is restored *nunc pro tunc* as of the filing of

14     the bankruptcy petition," but disagreed with the debtor's argument that an

15     order lifting the automatic stay accomplishes a *de facto* abandonment of

16     property.  *Id.* at 685-686.  Because there was no abandonment, the Ninth

17     Circuit found that the Tax Court's decision to allow the interest deduction

18     was founded on an incorrect legal premise.  *Id.* 688.

19   • The case of *Brown v. O'Keefe*, 300 U.S. 598 (1937), involved a "suit for

20     enforcement of personal liability imposed by the statute then in force upon

21     shareholders in national banks," which the debtor was.  *Id.* at 599.  The

22     Court states that "[w]hatever title or inchoate interest may have passed to

23     the trustee was extinguished by relation as of the filing of the petition when

24     the trustee informed the court that the shares were burdensome assets, and

25     was directed by the court to abandon and disclaim them." *Id.* at 602.  The

26     debtor could not disclaim any liability when the trustee had abandoned the

27     shares.  This case has little bearing on the factual situation before the Court

28     as to whether the rents should be abandoned, whether the Property should

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

be abandoned, or whether the abandonment of the Property requires the Trustee to also abandon the estate's interest in over $100,000 of rents that the Debtors inappropriately took during their bankruptcy case.

- The debtor in *In re Kreisel*, 399 B.R. 679 (Bankr. C.D. Cal. 2008) filed a counter-claim, to which the counter-defendants sought to have dismissed because the debtor lacked standing. *Id.* at 685-686. The Bankruptcy Court did state the general proposition that ". . . upon abandonment, the debtor's interest in the property is restored *nunc pro tunc* as of the filing of the bankruptcy petition," however that was in the context that if the trustee abandons a claim a debtor regains standing to bring the claim. *Id.* at 687. As there had been no abandonment by the trustee, the Debtor lacked standing as the real party in interest. *Id.* at 688. There is nothing in the general proposition cited by the Court or the facts of the case that would suggest that here an abandonment of the Property also means an abandonment of the rents generated by the Property post-petition.

- In *Dewsnup*, the trustee abandoned the real property that was at issue. 908 F.2d at 590. The Court then had to determine whether the debtor could avoid a lien pursuant to 11 U.S.C. § 506(a) on the abandoned property. The Court found that the debtors could not avoid the liens based on the plain language of section 506. *Id.* at 590-591.

- *Mason v. C.I.R.*, 646 F.2d 1309 (9th Cir. 1980) held that when stock was abandoned, the holder of the stock could treat it as having owned it continuously and could deduct a loss. *Id.* at 1310. In that case, it was about title to the property. There is zero discussion that would assist the Court with the factual situation it faces.

- The Trustee in *In re Purco, Inc.*, 76 B.R. 523 (Bankr. W.D. Penn. 1987) dealt with whether a trustee could abandon assets that were potentially environmentally hazardous. *Id.* at 531-534. The Court did include the

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

general proposition that "[t]he effect of abandonment is that ownership and control of the asset is reinstated in the debtor with all rights and obligations as before filing a petition in bankruptcy." *Id.* at 532. This statement does not therefore mean that when the Property is abandoned the Trustee's rights to the rents would also be abandoned or that the rents would not be an asset of the estate. All that it means is that upon abandonment, the Debtors will subsequently be back on title and can take any actions as to the Property that they wish. They will also be obligated to pay all taxes and other debts related to the Property. It has nothing to do with the rents.

• The case of *Matter re Hunter*, 76 B.R. 117 (Bankr. S.D. Ohio 1987) supports the statement above in that "the trustee is divested of control of the property because the property is no longer part of the bankruptcy estate." *Id.* at 118. Title revests with the Debtors and control revests with the Debtors, but it does hold that rents generated by Property while the Property was in the control of the Trustee and property of the estate are also abandoned or are no longer assets of the estate. The case is also factually distinguishable as it is about a trustee seeking to set aside an abandonment of property. *Id.*

The Debtors fail to properly analyze *Fed. Nat'l Mortgage Assn. v. Bugna*, 57 Cal. App. 4th 529 (1997). While the Debtors are correct that the trustee in *Bugna* abandoned the income producing real estate, a key distinction from the case here is that the trustee also specifically abandoned the rents. *See Bugna*, 57 Cal. App. 4th at 533. There is no explanation in the written opinion as to why the Trustee abandoned the net rents collected, but it may likely have been because the trustee believed the senior secured lender to have an absolute assignment of rents. After abandonment, the fight was whether the abandoned rents should be given to the debtor or the secured lender. The court determined that the bank was only entitled to those rents collected after a demand was made and the remainder of the rents should be abandoned to the debtor, as is

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  normally the case when property is abandoned.  The case does not stand for the

2  proposition that if real property is abandoned, the rents are outright abandoned as well.

3      The rents are not of inconsequential value.  It is cash.  The fact that the Debtors

4  want to deduct costs from the rents received does not mean that the cash is of

5  inconsequential value.  At most, the costs would constitute an administrative claim that

6  would have to be paid pari passu with other administrative claimants from funds that are

7  available.  If the Debtors believe that they are entitled to some sort of administrative claim

8  based on actions that they took in violation of the automatic stay, then it is their burden to

9  to file an administrative claim, with evidence of each and every cost and action that they

10  took (especially since it differs so much from what the resident has to say about what the

11  Debtors) and prove its benefit to the estate.  They cannot unilaterally determine with no

12  order of the Court that they are entitled to deduct costs allegedly associated with their

13  inappropriate operation of the Property.

14      The Debtors' statements as to their good or bad faith intention as to their post-

15  petition actions is irrelevant to the analysis of whether the rents are of inconsequential

16  value or are burdensome and, it is irrelevant to whether revesting of title in the Property to

17  the Debtors pulls the rents out of the estate.  The Court should note, however, that their

18  desire to paint a particular picture of themselves as innocent debtors is belied by the facts

19  of the case.  Particularly when compared to the testimony of the current tenant of the

20  Property who indicated that the Debtors did not maintain the Property as they said, or paid

21  bills as claimed, and clearly demanded the rent be paid to them even with the pending

22  bankruptcy case.  The Trustee is entitled to the rents and once obtained, will use those

23  funds to pay creditors.  Unfortunately, because of the actions of these "innocent" debtors

24  significantly more money will have to be expended to recover the funds and less will be

25  available for distribution to creditors.

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1073391.2                                    13                                    OPPOSITION

1       The Debtors attempts to smear the Trustee is nothing more than a way to try and

2  pull focus from their own actions.[3]  The Trustee is allowed a reasonable time to determine

3  if he can administer an asset and where, as here, there is an offer to purchase the

4  Property or another potential deal that can be reached with a creditor that can otherwise

5  lead to money for creditors, the Trustee has a duty to consider and evaluate those

6  options.  If the Debtors were so anxious to have the Property abandoned, and did not

7  want to wait for the Trustee to take action, they should have immediately filed a motion to

8  compel abandonment.  Instead, the Debtors took it upon themselves to exercise control of

9  this asset of the estate and to steal and transfer away over $100,000 of estate funds.

10  Only upon the Trustee being made aware of the Debtors' violative acts and demand for

11  turnover of the funds did the Debtors file this Motion.  Their hope is that if granted it will

12  alieve them of the consequences, civilly and potentially criminally, for taking property of

13  the estate.

14       The Trustee is not a fortune teller, he cannot divine what he does not know and

15  what was not fully disclosed to him as statutorily required.  The Property was

16  overencumbered and the secured lender indicated that the Debtors had missed 64

17  payments.  The Debtors' schedules showed that there was no tenant in the Property and

18  no rent was received for the two months prior to the petition date.  The Debtors took it

19  upon themselves to do as they wished with property that was under the sole purview of

20  the Trustee.  The Debtors did not even originally disclose to the tenant that the property

21  was the subject of their bankruptcy case.  If the tenant had not reached out to the Trustee

22  and his counsel, the Debtors would have continued to exercise dominion and control over

23  assets of the estate and would have attempted to re-let the premises again and take more

24  property of the estate.

25

26

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

---

[3] The Trustee disputes the allegations as to his actions in this case and fully believes he has
27  administered the case effectively and efficiently.  The Trustee is not addressing the allegations here
because they are irrelevant as to whether the Property should be abandoned and whether the Property
28  being abandoned would also lead to the loss of the rental income produced since the petition date.

**B.    The Property Remained Property of the Estate Even Subject to the Debtors' Exemption**

"The property of the bankruptcy estate includes, among other things, all the legal and equitable interests of the debtor as of the commencement of the bankruptcy case. The debtor may remove such property from the bankruptcy estate and thereby place the same beyond the reach of creditors by claiming exemptions.  Such exemptions may be claimed to the extent that the debtor has equity in the property sought to be exempted." *In re Galvan*, 110 B.R. 446, 449 (B.A.P. 9th Cir. 1990).  Thus, the Debtors had no right to claim the Property as exempt as there is no equity in the property sought to be exempted. Furthermore, according to the Debtors' schedules, the Property is not fully exempt and it was not withdrawn from the estate by the exemption.

In addition, as stated in *In re Alsberg*, 161 B.R. 680, 684 (B.A.P. 9th Cir. 1993), "the bankruptcy estate, and not the debtor, is entitled to post-petition appreciation in estate assets."  The rents generated by the Property belong to the estate and not the Debtors. As with the Debtors in *Alsberg*, the Debtors waited until the Trustee discovered and demanded return of the rents from the Debtors that the Debtors asserted the estate had no interest in the Property.[4]  *See id.* at 684.  The Court should not allow the Debtors to flaunt the provisions of the Bankruptcy Code and argue that because of a $1 exemption taken in the Property that it was not property of the estate and they had the right to take any actions as to the administration of that asset for the entirety of the case.

The Court in *In re Hyman*, 123 B.R. 342 (B.A.P. 9th Cir. 1991) also stated that "postpetition appreciation accrues to the benefit of the estate." *Hyman*, 123 B.R. at 346. "When such assets become productive after the filing, the estate is supplemented by all 'proceeds, product, offspring, rents, and or profits of or from the property of the estate."

---

[4] The Debtor in *Alsberg* argued that the property was exempt after a year of trying to reorganize in a chapter 11 case, and after he signed a sale agreement and filed a motion to sell the property, after the case was converted and the trustee determined that the sale was a good deal and a new sale motion was filed, and the sale was approved and consummated.  161 B.R. at 684.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  *Id.* Even if the Trustee did not object to the Debtors' claimed $1 exemption in the Property

2  that does not mean that the Property reverted to the Debtors at that time.  *See Hyman*,

3  123 B.R. at 347 ("In other words, the 30-day period fixes the right to an exemption and the

4  statute as a whole requires that the property somehow revest.  The *timing* of the

5  reversion, however, is not apparent by the interplay of these two rules; it is not necessarily

6  prior to abandonment by the trustee or immediately following the 30-day period.")  "Title is

7  therefore in the trustee from the beginning and '[u]nless property is abandoned or

8  intentionally revested, title generally remains in the trustee."  *Hyman*, 123 B.R. at 348.

9  The Trustee did not abandon the Property and there was no intentional revesting of the

10  Property with the Debtors.  The Property is to this day property of the estate and the rents

11  that have been generated post-petition are property of the estate.

12       Moreover, the Debtors did not take an exemption in the rents generated by the

13  Property.  The Debtors failed to list any rents in their Schedule B and have claimed no

14  exemption in the asset on any version of their Schedule C.

15  **C.**     **The Trustee is Not Subject to the Rent Skimming Statute Cited by the**

16          **Debtors and It Does Not Lead to the Abandonment of the Property or**

17          **the Rents**

18       The Debtors contend that the Trustee is subject to California Civil Code § 890(a).

19  The analysis as to how and why the Trustee is subject to this "rent skimming" statute is

20  fatally flawed.  Further, the Debtors do not provide any analysis as to how the "rent

21  skimming" statute, which supposedly prevents a trustee from using rent proceeds to pay

22  unsecured creditors, comports with the federal statutes contained in title 11 authorizing

23  and designating the offspring, proceeds, and products of property of the estate as

24  property of the estate and authorizing the use of the funds to pay creditors according to

25  the priority scheme set forth in § 726.

26       To begin, the Debtors state that title to real property that is property of the estate

27  vests with the trustee.  Next, the Debtors state that "a trustee's rights and duties with

28  respect to real estate assets of the estate are defined as those of a bona fide purchaser."

1  The Debtors cite *In re Gurs*, 27 B.R. 163 (B.A.P. 9th Cir. 1983) for this proposition.  This is

2  where the Debtors' analysis falls apart.

3      *Gurs* involved a case where the debtors held record title to certain commercial real

4  property as trustee of a resulting or constructive trust in favor of a third party.  The

5  argument was that the debtors never held more than bare legal title to the property which

6  was conveyed to them in a complicated series of transactions.  *Gurs*, 27 B.R. at 164.  The

7  trial court granted summary judgment in favor of the trustee indicating that even if the

8  debtors held the real property in question as trustee of a constructive or resulting trust, the

9  third parties rights were terminated by the trustee's powers under § 544(a)(3), also known

10  as the trustee's strong arm powers.  *See id.*  The Bankruptcy Appellate Panel then had to

11  analyze whether the trustee as a hypothetical bona fide purchaser should have had

12  knowledge of a lis pendens filed in state court and therefore summary judgment was

13  improper.  Nothing about the case is applicable to the facts before the Court.

14      The Debtors misinterpret § 544(a)(3) and its applicability.  Section 544(a) provides

15  that "the trustee shall have, as of the commencement of the case, and without regard to

16  any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid a

17  transfer of property of the debtor or any obligation incurred by the debtor that is voidable

18  by . . ." and subsection (3) provides "a bona fide purchaser of real property from the

19  debtor, against whom applicable law permit such transfer to be perfected, that obtains the

20  status of a bona fide purchaser at the time of the commencement of the case, whether or

21  not such purchaser exists."  *See* 11 U.S.C. § 544(a)(3).  Here, the Trustee is not trying to

22  avoid a transfer of property or an obligation incurred by the Debtors.  The code section is

23  completely inapplicable.

24      The question then becomes whether California Civil Code § 890(a) can apply on its

25  own and prevent the Trustee's distribution of assets of the estate to unsecured creditors.

26  Section 890(a)(1) states: "rent skimming means using revenue received from the rental of

27  a parcel of residential real property at any time during the first year period after acquiring

28  that property without first applying the revenue or an equivalent amount to the payments

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1   due on all mortgages and deeds of trust encumbering that property." First, the Trustee did

2   not acquire the Property. It is property of a bankruptcy estate of which the Trustee is

3   administering, but he did not "acquire" the Property. Second, the senior secured lender

4   has relief from the automatic stay and will foreclose on the Property. The Trustee is not

5   going to pay any of its claim through the bankruptcy estate. The lien will remain with the

6   Property if it is abandoned and will not be a claim against the estate. To the extent that

7   the senior secured lender wants to argue that it has a superior right to the proceeds based

8   upon an assignment of rent, that is a separate matter, but the Trustee is not required to

9   apply the rents to the payment of a mortgage that is no longer a claim against the estate.[5]

10      The rent proceeds, as with all liquidated estate property, will be paid to creditors in

11   accordance with the Bankruptcy Code and nothing contained in § 890(a) changes this.

12   **IV.    CONCLUSION**

13      Based upon the foregoing, the rents have value to the estate and the Trustee

14   requests that the Court deny the Motion to the extent that the relief request therein is for

15   the abandonment of this additional asset of the estate. To the extent the Property is

16   ordered abandoned, the Trustee requests that the order provide the Trustee time to

17   remove the personal property from the Property or provide that the Debtors are prevented

18   from dissipating these assets.

19

20   Dated:  May 31, 2016                    Respectfully submitted,

21                                           LOBEL WEILAND GOLDEN FRIEDMAN LLP

22

23                                           By:  */s/ Beth E. Gaschen*
                                                  CHRISTOPHER J. GREEN
24                                                BETH E. GASCHEN
                                                  Attorneys for Chapter 7 Trustee
25                                                Jeffrey I. Golden

26   _____

27      [5] Interestingly, the Debtors do not have to apply the rents to the mortgage and indeed missed 64
     mortgage payments to the senior secured lender before the bank filed its motion for relief from the automatic
28   stay.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## DECLARATION OF JEFFREY I. GOLDEN

I, Jeffrey I. Golden, declare:

1.      I am a panel trustee, the duly appointed chapter 7 trustee (the "Trustee") for the bankruptcy estate of Matthew Jason Whitman and Carla Maria Whitman (the "Debtors"), and a partner of Lobel Weiland Golden Friedman LLP (the "Firm"). I know each of the following facts to be true of my own personal knowledge or information and belief and, if called as a witness, I could and would competently testify with respect thereto. I am submitting this Declaration in support of the Opposition and Request for a Hearing (the "Opposition") on the Debtors' Motion to Compel Abandonment of Property by Trustee (the "Motion"). Any terms not specifically defined herein shall have the meaning set forth in the Opposition.

2.      According to the Bankruptcy Court docket, on April 27, 2015, the Debtors filed a voluntary chapter 7 petition. That same day, the Debtors filed their Schedules and SOFA. According to the petition, the Debtors reside at 3419 Via Lido #123, Newport Beach, California 92663 (the "Via Lido Property"). A true and correct copy of the bankruptcy petition is attached hereto as Exhibit "2."

3.      The Property was listed on Schedule A as having a value of $4,000,000, but secured by liens totaling $5,452,871.42. A true and correct copy of the Debtors' Schedule A is attached hereto as Exhibit "3."

4.      In Schedule B, the Debtors were asked to list all of their household goods and furnishings. The Debtors stated under penalty of perjury that all of their household goods and furnishings were located at the Via Lido Property. The value of those furnishings is $8,060. Schedule B shows that all of the Debtors' personal property is located at the Via Lido Property. As to question #35 on Schedule B, "Other personal property of any kind not already listed. Itemize." the Debtors' listed "none." A true and correct copy of the Debtors' Schedule B is attached hereto as Exhibit "4."

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1    5.    On Schedule C, the Debtors' claimed a $1.00 exemption in the Property

2  pursuant to California Code of Civil Procedure ("CCP") § 703.140(b)(5).  A true and

3  correct copy of the Debtors' Schedule C is attached hereto as Exhibit "5."

4    6.    Schedule G lists a residential lease for the Property, which according to

5  Schedule G expired on February 28, 2015, prior to the petition date.  A true and correct

6  copy of the Debtors' Schedule G is attached hereto as Exhibit "6."

7    7.    A true and correct copy of the Debtors' Schedule J is attached hereto as

8  Exhibit "7."

9    8.    On the Debtors' SOFA as to question #2 "Income other than from

10  employment or operation of business," the Debtors stated that as of the petition date they

11  received no other income.  The Debtors indicated that they were not holding property for

12  another, such as a deposit or first or last month's rent from a tenant.  A true and correct

13  copy of the Debtors' SOFA is attached hereto as Exhibit "8."  On the Chapter 7 Statement

14  of Current Monthly Income it shows that the Debtors received gross rent of $6,333.33 for

15  several months, but that netted out to zero dollars based on operating expenses of

16  $12,788.  Elsewhere it shows that the Debtors received $9,500 in rental income during

17  November 2014 through February 2015, but received $0 in March 2015.  This is

18  consistent with the fact that the lease had expired in February 2015.

19    9.    The fact that the Debtors had a short term lease does not indicate that the

20  purpose of the Property was for rental income.  It was not generating income as of the

21  petition date.

22    10.    On June 10, 2015, the Debtors amended Schedules A, D, E, and F and their

23  SOFA.  Schedule A was amended to increase the amount of secured debt against the

24  Property to $9,108,498.03.  The SOFA despite being amended, still shows no income

25  other than from employment or operation of a business.  It also still states that the Debtors

26  are not holding property for another person.  A true and correct copies of the Amended

27  Schedule A and SOFA are attached hereto as Exhibit "9."

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

11. On August 10, 2015, the Debtors amended their Schedules C and F. Schedule C continues to claim a $1.00 exemption in the Property pursuant to CCP § 703.140(b)(5). Once again, all of the Debtors' personal property was listed as being located at the Via Lido Property. A true and correct copy of the Amended Schedule C is attached hereto as Exhibit "10."

12. On September 22, 2015, the Debtors amended their Schedules again. This time, the amendment was limited to Schedule F.

13. I conducted the 341(a) meeting of creditors on June 10, 2015. I filed a report of no distribution on June 12, 2015, which I subsequently withdrew on June 17, 2015.

14. The claims bar date passed on May 16, 2016. Seventeen claims have been filed. The total unsecured debt is $186,278.43. Priority debt totals $11,876.77. The remainder of the claims are secured by real property.

15. I am informed and believe that on June 1, 2015, the Debtors entered an unauthorized post-petition lease with Dann Rogers for the Property (the "Unauthorized Lease"). I was not aware that the Debtors had entered into the Unauthorized Lease until I was contacted by Mr. Rogers in March, 2016.

16. I am informed and believe that the Debtors commenced an unlawful detainer action against Mr. Rogers. My counsel immediately contacted the Debtors' UD counsel, who was unaware of the bankruptcy filing, and demanded that he stop any and all actions that affected the Property. After several conversations, the Debtors' counsel agreed to take a summary judgment hearing off calendar and to cease seeking the unlawful detainer action. Mr. Rogers has voluntarily agreed to pay the past due rent to me. To the extent that he does not, I will file a motion to compel him to do so.

17. On March 16, 2016, on my behalf, my counsel sent a demand to the Debtors' counsel for turnover of the rents collected post-petition pursuant to 11 U.S.C. §§ 541 and 542. I requested an accounting to ensure that I received all of the funds from the Debtors. My counsel again made a demand for turnover of the rents and an

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1    accounting on April 19, 2016.  Again on May 10, 2016, I demanded return of the rents and

2    gave the Debtors until May 17, 2016 at 4:00 p.m. to do so.  To date, no rents have been

3    turned over to me.

4         18.    I have instructed my counsel to prepare a motion to compel turnover and I

5    am analyzing whether it is appropriate to seek to revoke or deny the Debtors' discharge

6    as well as other possible sanctions for their intentional violation of the stay or

7    inappropriate post-petition transfers.

8         19.    The rents generated by the Property are neither burdensome or of

9    inconsequential value to the Estate.  There is over $100,000 in funds that can be used to

10   pay creditors of this estate.  The $100,000 would likely lead to payment of priority

11   creditors in full and would provide a distribution to unsecured creditors.

12        20.    I dispute the allegations in the Motion as my actions in this case and fully

13   believes I have administered the case effectively and efficiently.  I am allowed a

14   reasonable time to determine if I can administer an asset and where, as here, there is an

15   offer to purchase the Property or another potential deal that can be reached with a creditor

16   that can otherwise lead to money for creditors, I have a duty to consider and evaluate

17   those options.  It was only on May 16, 2016, that the first lienholder confirmed that it would

18   be proceeding with foreclosure proceedings.

19        I declare under penalty of perjury that the foregoing is true and correct.

20        Executed on this 31st day of May, 2016, at Costa Mesa, California.

21

22                                */s/ Jeffery I. Golden*
                                 Jeffrey I. Golden
23

24

25

26

27

28

1073391.2                          22                          OPPOSITION

# EXHIBIT 2

B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>Central District of California | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Whitman, Matthew Jason** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Whitman, Carla Maria** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**xxx-xx-1019** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-7498** |
| Street Address of Debtor (No. and Street, City, and State):<br>**3419 Via Lido #123**<br>**Newport Beach, CA**<br>ZIP Code **92663** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**3419 Via Lido #123**<br>**Newport Beach, CA**<br>ZIP Code **92663** |
| County of Residence or of the Principal Place of Business:<br>**Orange** | County of Residence or of the Principal Place of Business:<br>**Orange** |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |

Location of Principal Assets of Business Debtor
(if different from street address above):

| Type of Debtor<br>(Form of Organization) (Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ■ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity | Nature of Debts |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | (Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | (Check one box)<br>■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ☐ Debts are primarily business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**      THIS SPACE IS FOR COURT USE ONLY

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors

| ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

EXHIBIT 2 PAGE 23

B1 (Official Form 1)(04/13)    Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Whitman, Matthew Jason**<br>**Whitman, Carla Maria** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X  /s/ Derik N. Lewis** _____ **April 27, 2015** ___<br>Signature of Attorney for Debtor(s)          (Date)<br>**Derik N. Lewis** |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and Exhibit C is attached and made a part of this petition.<br><br>■ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box) |
|---|
| ■  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br><br>☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes) |
|---|
| ☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>_____<br>(Name of landlord that obtained judgment)<br><br><br><br>_____<br>(Address of landlord)<br><br>☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

EXHIBIT 2 PAGE 24

B1 (Official Form 1)(04/13)                                                         **Page 3**

## Voluntary Petition

*(This page must be completed and filed in every case)*

**Name of Debtor(s):**
**Whitman, Matthew Jason**
**Whitman, Carla Maria**

### Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X**   **/s/ Matthew Jason Whitman**
Signature of Debtor   **Matthew Jason Whitman**

**X**   **/s/ Carla Maria Whitman**
Signature of Joint Debtor **Carla Maria Whitman**

Telephone Number (If not represented by attorney)

**April 27, 2015**
Date

### Signature of Attorney*

**X**   **/s/ Derik N. Lewis**
Signature of Attorney for Debtor(s)

**Derik N. Lewis 219981**
Printed Name of Attorney for Debtor(s)

**VERITAS LAW FIRM**
Firm Name

**120 Vantis Drive, Suite 300**
**Aliso Viejo, CA 92656**

Address

**Email: info@veritaslawoffice.com**
**(949) 216-0935  Fax: (949) 296-0935**
Telephone Number

**April 27, 2015**                **219981**
Date
*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

**X** _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

EXHIBIT 2 PAGE 25

# EXHIBIT 3

B6A (Official Form 6A) (12/07)

.

In re    **Matthew Jason Whitman,**                                                        Case No. _____
         **Carla Maria Whitman**
                                                    ,
                          Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Single Family Residence**<br>**Location: 36 East Mahi Pua Place, Lahaina, Hawaii 96761** | **Joint tenant** | **C** | **2,900,000.00** | **3,645,036.80** |
| **Single Family Residence**<br>**Location: 111 Via Lido Soud, Newport Beach CA 92663** | **Joint tenant** | **C** | **4,000,000.00** | **5,452,871.42** |

|  |  |  |
|---|---|---|
| Sub-Total > | **6,900,000.00** | (Total of this page) |
| Total > | **6,900,000.00** |  |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                                        Best Case Bankruptcy

EXHIBIT 3 PAGE 26

# EXHIBIT 4

B6B (Official Form 6B) (12/07)

In re     **Matthew Jason Whitman,**                                          Case No. _____
          **Carla Maria Whitman,**
                                                    ,
                              Debtors

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | **Cash on hand**<br>**Location: 3419 Via Lido #123, Newport Beach CA 92663** | **C** | 6,150.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking Account**<br>**Location: 3419 Via Lido #123, Newport Beach CA 92663** | **C** | 4.00 |
| | | **Savings Account**<br>**Location: 3419 Via Lido #123, Newport Beach CA 92663** | **C** | 6,419.82 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | **Security Deposit**<br>**Location: 3419 Via Lido #123, Newport Beach CA 92663** | **C** | 150.00 |
| | | **Prepaid Rent**<br>**Location: 3419 Via Lido #123, Newport Beach CA 92663** | **C** | 750.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Household Goods and Furnishings**<br>**Location: 3419 Via Lido #123, Newport Beach CA 92663** | **C** | 8,060.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Books**<br>**Location: 3419 Via Lido #123, Newport Beach CA 92663** | **C** | 100.00 |
| 6. Wearing apparel. | | **Clothing**<br>**Location: 3419 Via Lido #123, Newport Beach CA 92663** | **C** | 200.00 |
| 7. Furs and jewelry. | | **Jewelry**<br>**Location: 3419 Via Lido #123, Newport Beach CA 92663** | **C** | 2,025.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | **Bicycles and Sports Equipment**<br>**Location: 3419 Via Lido #123, Newport Beach CA 92663** | **C** | 300.00 |

Sub-Total >          24,158.82
(Total of this page)

__3__   continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

EXHIBIT 4 PAGE 27

B6B (Official Form 6B) (12/07) - Cont.

In re   **Matthew Jason Whitman,**                                    Case No. _____
        **Carla Maria Whitman**
_____,
                                Debtors

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |

Sub-Total >          **0.00**
(Total of this page)

Sheet  __1__  of  __3__  continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

EXHIBIT 4 PAGE 28

B6B (Official Form 6B) (12/07) - Cont.

In re    **Matthew Jason Whitman,**                                Case No. _____
          **Carla Maria Whitman,**
                                                    ,
                              Debtors

## SCHEDULE B - PERSONAL PROPERTY
                         (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2003 Mitsubishi Montero** **Location: 3419 Via Lido #123, Newport Beach CA 92663** | C | 4,875.00 |
| 26. Boats, motors, and accessories. | | **Kayak** **Location: 3419 Via Lido #123, Newport Beach CA 92663** | C | 200.00 |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | **Fax Machine** **Location: 3419 Via Lido #123, Newport Beach CA 92663** | C | 20.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |

Sub-Total >              **5,095.00**
(Total of this page)

Sheet   **2**   of   **3**   continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **Matthew Jason Whitman,**                                 Case No. _____
       **Carla Maria Whitman**

                                       Debtors       ,

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total > | **0.00** |
|---|---|---|
|  | (Total of this page) | |
|  | Total > | **29,253.82** |

Sheet  **3**  of  **3**  continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

EXHIBIT 4 PAGE 30

# EXHIBIT 5

B6C (Official Form 6C) (4/13)

.

In re  **Matthew Jason Whitman,**                                          Case No. _____
       **Carla Maria Whitman,**
                                                            ,
                              Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                          $155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                   *with respect to cases commenced on or after the date of adjustment.)*
☒ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---:|---:|
| **Real Property** | | | |
| **Single Family Residence** Location: 36 East Mahi Pua Place, Lahaina, Hawaii 96761 | C.C.P. § 703.140(b)(5) | 1.00 | 2,900,000.00 |
| **Single Family Residence** Location: 111 Via Lido Soud, Newport Beach CA 92663 | C.C.P. § 703.140(b)(5) | 1.00 | 4,000,000.00 |
| **Cash on Hand** | | | |
| **Cash on hand** Location: 3419 Via Lido #123, Newport Beach CA 92663 | C.C.P. § 703.140(b)(5) | 6,150.00 | 6,150.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Checking Account** Location: 3419 Via Lido #123, Newport Beach CA 92663 | C.C.P. § 703.140(b)(5) | 4.00 | 4.00 |
| **Savings Account** Location: 3419 Via Lido #123, Newport Beach CA 92663 | C.C.P. § 703.140(b)(5) | 6,419.82 | 6,419.82 |
| **Security Deposits with Utilities, Landlords, and Others** | | | |
| **Security Deposit** Location: 3419 Via Lido #123, Newport Beach CA 92663 | C.C.P. § 703.140(b)(5) | 150.00 | 150.00 |
| **Prepaid Rent** Location: 3419 Via Lido #123, Newport Beach CA 92663 | C.C.P. § 703.140(b)(5) | 750.00 | 750.00 |
| **Household Goods and Furnishings** | | | |
| **Household Goods and Furnishings** Location: 3419 Via Lido #123, Newport Beach CA 92663 | C.C.P. § 703.140(b)(3) | 8,060.00 | 8,060.00 |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| **Books** Location: 3419 Via Lido #123, Newport Beach CA 92663 | C.C.P. § 703.140(b)(5) | 100.00 | 100.00 |
| **Wearing Apparel** | | | |
| **Clothing** Location: 3419 Via Lido #123, Newport Beach CA 92663 | C.C.P. § 703.140(b)(3) | 200.00 | 200.00 |
| **Furs and Jewelry** | | | |
| **Jewelry** Location: 3419 Via Lido #123, Newport Beach CA 92663 | C.C.P. § 703.140(b)(4) C.C.P. § 703.140(b)(5) | 1,525.00 500.00 | 2,025.00 |

___1___ continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                          Best Case Bankruptcy

EXHIBIT 5 PAGE 31

B6C (Official Form 6C) (4/13) -- Cont.

In re  **Matthew Jason Whitman,**                                          Case No. _____
       **Carla Maria Whitman**
                                                                    ,
                                    Debtors

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| **Bicycles and Sports Equipment** Location: 3419 Via Lido #123, Newport Beach CA 92663 | C.C.P. § 703.140(b)(5) | 300.00 | 300.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2003 Mitsubishi Montero** Location: 3419 Via Lido #123, Newport Beach CA 92663 | C.C.P. § 703.140(b)(2) | 4,875.00 | 4,875.00 |
| **Boats, Motors and Accessories** | | | |
| **Kayak** Location: 3419 Via Lido #123, Newport Beach CA 92663 | C.C.P. § 703.140(b)(5) | 200.00 | 200.00 |
| **Office Equipment, Furnishings and Supplies** | | | |
| **Fax Machine** Location: 3419 Via Lido #123, Newport Beach CA 92663 | C.C.P. § 703.140(b)(5) | 20.00 | 20.00 |

                                                          Total:        29,255.82        6,929,253.82

Sheet __1__ of __1__ continuation sheets attached to the Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                          Best Case Bankruptcy

EXHIBIT 5 PAGE 32

# EXHIBIT 6

B6G (Official Form 6G) (12/07)

In re  **Matthew Jason Whitman,**                                    Case No. _____
**Carla Maria Whitman**
_____,
                                                    Debtors

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature
of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and
complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts,
state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not
disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code,<br>of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest.<br>State whether lease is for nonresidential real property.<br>State contract number of any government contract. |
|---|---|
| **Kim Yehling**<br>**111 Via Lido Soud**<br>**Newport Beach, CA 92663** | **Residential Lease**<br>**Lessor**<br>**Expires 02/28/2015** |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

EXHIBIT 6 PAGE 33

# EXHIBIT 7

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Matthew Jason Whitman** |
| Debtor 2 (Spouse, if filing) | **Carla Maria Whitman** |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (If known) | |

Check if this is:

☐ An amended filing
☐ A supplement showing post-petition chapter 13 expenses as of the following date:
_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

# Official Form B 6J
## Schedule J: Your Expenses                                                              12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1. **Is this a joint case?**

   ☐ No. Go to line 2.
   ☑ Yes. **Does Debtor 2 live in a separate household?**

       ☑ No
       ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**    ☐ No

   Do not list Debtor 1 and Debtor 2.
   Do not state the dependents' names.

   ☑ Yes. Fill out this information for each dependent..............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Daughter | 9 | ☐ No  ☐ Yes |
| Daughter | 15 | ☐ No  ☐ Yes |
| Daughter | 16 | ☑ No  ☐ Yes |
|  |  | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**    ☑ No  ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 6I.)

|  | **Your expenses** |
|---|---|

4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot.    4. $ _____ 750.00

   If not included in line 4:

   | | | |
   |---|---|---|
   | 4a. | Real estate taxes | 4a. $ _____ 0.00 |
   | 4b. | Property, homeowner's, or renter's insurance | 4b. $ _____ 0.00 |
   | 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ _____ 0.00 |
   | 4d. | Homeowner's association or condominium dues | 4d. $ _____ 0.00 |

5. **Additional mortgage payments for your residence,** such as home equity loans    5. $ _____ 0.00

Debtor 1   **Matthew Jason Whitman**
Debtor 2   **Carla Maria Whitman**

Case number (if known)   _____

| 6. | **Utilities:** | | | |
|---|---|---|---|---|
| | 6a.   Electricity, heat, natural gas | 6a. | $ | 150.00 |
| | 6b.   Water, sewer, garbage collection | 6b. | $ | 15.00 |
| | 6c.   Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | 305.00 |
| | 6d.   Other. Specify: | 6d. | $ | 0.00 |
| 7. | **Food and housekeeping supplies** | 7. | $ | 1,665.00 |
| 8. | **Childcare and children's education costs** | 8. | $ | 242.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ | 250.00 |
| 10. | **Personal care products and services** | 10. | $ | 50.00 |
| 11. | **Medical and dental expenses** | 11. | $ | 200.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ | 750.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ | 100.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $ | 500.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a.   Life insurance | 15a. | $ | 0.00 |
| | 15b.   Health insurance | 15b. | $ | 0.00 |
| | 15c.   Vehicle insurance | 15c. | $ | 105.00 |
| | 15d.   Other insurance. Specify: | 15d. | $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. | $ | 0.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a.   Car payments for Vehicle 1 | 17a. | $ | 0.00 |
| | 17b.   Car payments for Vehicle 2 | 17b. | $ | 0.00 |
| | 17c.   Other. Specify: | 17c. | $ | 0.00 |
| | 17d.   Other. Specify: | 17d. | $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 6I).** | 18. | $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. | | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a.   Mortgages on other property | 20a. | $ | 30,762.00 |
| | 20b.   Real estate taxes | 20b. | $ | 0.00 |
| | 20c.   Property, homeowner's, or renter's insurance | 20c. | $ | 0.00 |
| | 20d.   Maintenance, repair, and upkeep expenses | 20d. | $ | 0.00 |
| | 20e.   Homeowner's association or condominium dues | 20e. | $ | 0.00 |
| 21. | **Other:** Specify: | 21. | +$ | 0.00 |
| 22. | **Your monthly expenses.** Add lines 4 through 21. The result is your monthly expenses. | 22. | $ | 35,844.00 |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a.   Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. | $ | 0.00 |
| | 23b.   Copy your monthly expenses from line 22 above. | 23b. | -$ | 35,844.00 |
| | 23c.   Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. | $ | -35,844.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes.
Explain: _____

# EXHIBIT 8

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Central District of California

In re    **Matthew Jason Whitman**    **Carla Maria Whitman**       Case No. _____

                                        Debtor(s)         Chapter    **7**

# STATEMENT OF FINANCIAL AFFAIRS

      This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

      Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

      *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

      *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
| --- | --- |
| **$10,940.00** | **2014:** |

---

### 2. Income other than from employment or operation of business

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

               AMOUNT                      SOURCE

---

B7 (Official Form 7) (04/13)
2

**3. Payments to creditors**

None
■

*Complete a. or b., as appropriate, and c.*

a.    *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS<br>OF CREDITOR | DATES OF<br>PAYMENTS | AMOUNT PAID | AMOUNT STILL<br>OWING |
|---|---|---|---|

None
■

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF<br>PAYMENTS/<br>TRANSFERS | AMOUNT<br>PAID OR<br>VALUE OF<br>TRANSFERS | AMOUNT STILL<br>OWING |
|---|---|---|---|

None
■

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND<br>RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL<br>OWING |
|---|---|---|---|

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT<br>AND CASE NUMBER | NATURE OF<br>PROCEEDING | COURT OR AGENCY<br>AND LOCATION | STATUS OR<br>DISPOSITION |
|---|---|---|---|
| **Underwriters at Lloyd's, London v. Whitman**<br><br>**Case Number RIC1201342** | **Civil** | **Riverside Superior Court**<br>**Riverside Historic Courthouse**<br>**4050 Main Street**<br>**Riverside, CA 92501** | **Dismissed**<br>**05/11/2012** |
| **Ronald Caswell v Matthew J Whitman et al**<br><br>**Case Number SC109692** | **Othr Breach**<br>**Contr/Warr-not**<br>**Fraud (General**<br>**Jurisdiction)** | **Los Angeles Superior Courty**<br>**Santa Monica Courthouse**<br>**1725 Main Street**<br>**Santa Monica, CA 90401** | **Judgment by**<br>**Court**<br>**02/23/2012** |
| **Ross v. Capital Pacific Holdings**<br><br>**Case Number CIVVS1301324** | **Civil** | **Superior Court of California**<br>**County of San Bernardino**<br>**San Bernardino District – Civil Division**<br>**247 West Third Street**<br>**San Bernardino, CA 92415-0210** | **Active** |
| **Morris v Pulte Home Corporation**<br><br>**Case Number RIC1211981** | **Construction**<br>**Defect - Complex**<br>**Case** | **Riverside Superior Court**<br>**Riverside Historic Courthouse**<br>**4050 Main Street**<br>**Riverside, CA 92501** | **Active** |

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)

3

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Meritage Homes of Ca, Inc**<br><br>**Case Number RIC10017621** | **Construction Defect - Complex Case** | **Riverside Superior Court**<br>**Riverside Historic Courthouse**<br>**4050 Main Street**<br>**Riverside, CA 92501** | **Active** |
| **Humphreys v. Centex Homes**<br><br>**Case Number CIVDS1302259** | **Civil Complex** | **Superior Court of California**<br>**County of San Bernardino**<br>**San Bernardino District – Civil Division**<br>**247 West Third Street**<br>**San Bernardino, CA 92415-0210** | **Active** |
| **Brown v Hesperia Ranch**<br><br>**Case Number CIVVS1004013** | **Civil** | **Superior Court of California**<br>**County of San Bernardino**<br>**San Bernardino District – Civil Division**<br>**247 West Third Street**<br>**San Bernardino, CA 92415-0210** | **Dismissed 04/30/2014** |
| **Robertson's Ready Mix Ltd v. MJW & Associates Inc**<br><br>**Case No. RIC1107492** | **Breach of Contract** | **Riverside Superior Court**<br>**Riverside Historic Courthouse**<br>**4050 Main Street**<br>**Riverside, CA 92501** | **Judgment 07/31/2012** |

None ■    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5.  Repossessions, foreclosures and returns**

None ■    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6.  Assignments and receiverships**

None ■    a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

B7 (Official Form 7) (04/13)
4

### 7. Gifts

None ■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8. Losses

None ■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

### 9. Payments related to debt counseling or bankruptcy

None ■

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 10. Other transfers

None ■

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11. Closed financial accounts

None ■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

B7 (Official Form 7) (04/13)
5

---

#### 12.  Safe deposit boxes

**None**
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

#### 13.  Setoffs

**None**
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

#### 14.  Property held for another person

**None**
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

#### 15.  Prior address of debtor

**None**
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

---

#### 16. Spouses and Former Spouses

**None**
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

#### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

**None**
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

---

B7 (Official Form 7) (04/13)
6

None    b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous
■      Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which
■      the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the
       docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None    a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
☐      ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a
       partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years**
       immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities
       within **six years** immediately preceding the commencement of this case.

       *If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
       ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six
       years** immediately preceding the commencement of this case.

       *If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
       ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six
       years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **MJW & Associates** | **N/A** | **4059 Flat Rock Dr Riverside, CA 92505** | **Construction** | **2002 - 2011** |
| **W Construction, Inc** | **N/A** | | **Construction** | **set up corporation - never operated** |
| **W Design** | **N/A** | **111 Via Lido Soud Newport Beach, CA 92663** | **Design** | **2011 - present** |
| **Beach House Pillows** | **N/A** | **111 Via Lido Soud Newport Beach, CA 92663** | **Pillow Manufacturing** | **09/2011 - 07/2014** |

None    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.
■

| NAME | ADDRESS |
|---|---|

---

       The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has
been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or
owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole
proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

       *(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above,
within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go
directly to the signature page.)*

B7 (Official Form 7) (04/13)
7

---

**19. Books, records and financial statements**

None
■    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                         DATES SERVICES RENDERED

None
■    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                 ADDRESS               DATES SERVICES RENDERED

None
■    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                ADDRESS

None
■    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                        DATE ISSUED

---

**20. Inventories**

None
■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY        INVENTORY SUPERVISOR        DOLLAR AMOUNT OF INVENTORY
                                                             (Specify cost, market or other basis)

None
■    b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

DATE OF INVENTORY                        NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY
                                                   RECORDS

---

**21 . Current Partners, Officers, Directors and Shareholders**

None
■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS             NATURE OF INTEREST             PERCENTAGE OF INTEREST

None
■    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NAME AND ADDRESS                    TITLE                  NATURE AND PERCENTAGE
                                                             OF STOCK OWNERSHIP

---

**22 . Former partners, officers, directors and shareholders**

None
■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME                          ADDRESS                  DATE OF WITHDRAWAL

None
■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS                    TITLE                  DATE OF TERMINATION

---

B7 (Official Form 7) (04/13)
8

**23 . Withdrawals from a partnership or distributions by a corporation**

None ■  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None ■  If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                    TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None ■  If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                    TAXPAYER IDENTIFICATION NUMBER (EIN)

* * * * * *

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  __April 27, 2015_____          Signature    **/s/ Matthew Jason Whitman**_____
                                                          **Matthew Jason Whitman**
                                                          Debtor

Date  __April 27, 2015_____          Signature    **/s/ Carla Maria Whitman**_____
                                                          **Carla Maria Whitman**
                                                          Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# EXHIBIT 9

B6A (Official Form 6A) (12/07)

In re    **Matthew Jason Whitman,**
      **Carla Maria Whitman**

Case No.    **8:15-bk-12147-ES**

Debtors

# SCHEDULE A - REAL PROPERTY - AMENDED

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Single Family Residence**<br>**Location: 36 East Mahi Pua Place, Lahaina, Hawaii 96761** | **Joint tenant** | C | 2,900,000.00 | 5,619,433.83 |
| **Single Family Residence**<br>**Location: 111 Via Lido Soud, Newport Beach CA 92663** | **Joint tenant** | C | 4,000,000.00 | 9,108,498.03 |

|  |  |  |
|---|---|---|
| Sub-Total > | 6,900,000.00 | (Total of this page) |
| Total > | 6,900,000.00 |  |

  **0**   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

EXHIBIT 9 PAGE 44

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Central District of California

| | | | |
|---|---|---|---|
| In re | **Matthew Jason Whitman**<br>**Carla Maria Whitman** | Case No. | **8:15-bk-12147-ES** |
| | Debtor(s) | Chapter | **7** |

## STATEMENT OF FINANCIAL AFFAIRS - AMENDED

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor may also be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$10,940.00** | **2014:** |

---

**2. Income other than from employment or operation of business**

None ■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|

EXHIBIT 9 PAGE 45

B7 (Official Form 7) (04/13)                                                                                              2

---

### 3. Payments to creditors

**None**  *Complete a. or b., as appropriate, and c.*
■

    a.   *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS<br>OF CREDITOR | DATES OF<br>PAYMENTS | AMOUNT PAID | AMOUNT STILL<br>OWING |
|---|---|---|---|

**None**      b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days***
■ immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF<br>PAYMENTS/<br>TRANSFERS | AMOUNT<br>PAID OR<br>VALUE OF<br>TRANSFERS | AMOUNT STILL<br>OWING |
|---|---|---|---|

**None**      c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of
■ creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND<br>RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL<br>OWING |
|---|---|---|---|

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments

**None**      a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of
☐ this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT<br>AND CASE NUMBER | NATURE OF<br>PROCEEDING | COURT OR AGENCY<br>AND LOCATION | STATUS OR<br>DISPOSITION |
|---|---|---|---|
| **Underwriters at Lloyd's, London v. Whitman**<br><br>**Case Number RIC1201342** | **Civil** | **Riverside Superior Court**<br>**Riverside Historic Courthouse**<br>**4050 Main Street**<br>**Riverside, CA 92501** | **Dismissed**<br>**05/11/2012** |
| **Ronald Caswell v Matthew J Whitman et al**<br><br>**Case Number SC109692** | **Othr Breach**<br>**Contr/Warr-not**<br>**Fraud (General**<br>**Jurisdiction)** | **Los Angeles Superior Courty**<br>**Santa Monica Courthouse**<br>**1725 Main Street**<br>**Santa Monica, CA 90401** | **Judgment by**<br>**Court**<br>**02/23/2012** |
| **Ross v. Capital Pacific Holdings**<br><br>**Case Number CIVVS1301324** | **Civil** | **Superior Court of California**<br>**County of San Bernardino**<br>**San Bernardino District – Civil Division**<br>**247 West Third Street**<br>**San Bernardino, CA 92415-0210** | **Active** |
| **Morris v Pulte Home Corporation**<br><br>**Case Number RIC1211981** | **Construction**<br>**Defect - Complex**<br>**Case** | **Riverside Superior Court**<br>**Riverside Historic Courthouse**<br>**4050 Main Street**<br>**Riverside, CA 92501** | **Active** |

---

  * *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

EXHIBIT 9 PAGE 46

B7 (Official Form 7) (04/13)                                                                                  3

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Meritage Homes of Ca, Inc<br><br>Case Number RIC10017621 | Construction Defect - Complex Case | Riverside Superior Court<br>Riverside Historic Courthouse<br>4050 Main Street<br>Riverside, CA 92501 | Active |
| Humphreys v. Centex Homes<br><br>Case Number CIVDS1302259 | Civil Complex | Superior Court of California<br>County of San Bernardino<br>San Bernardino District Civil Division<br>247 West Third Street<br>San Bernardino, CA 92415-0210 | Active |
| Brown v Hesperia Ranch<br><br>Case Number CIVVS1004013 | Civil | Superior Court of California<br>County of San Bernardino<br>San Bernardino District – Civil Division<br>247 West Third Street<br>San Bernardino, CA 92415-0210 | Dismissed 04/30/2014 |
| Robertson's Ready Mix Ltd v. MJW & Associates Inc<br><br>Case Number RIC1107492 | Breach of Contract | Riverside Superior Court<br>Riverside Historic Courthouse<br>4050 Main Street<br>Riverside, CA 92501 | Judgment 07/31/2012 |
| Centex Homes v. St. Paul Travelers<br>Case Number RIC1311881 | Declaratory Relief | Riverside Superior Court<br>Riverside Historic Courthouse<br>4050 Main Street<br>Riverside, CA 92501 | Active |
| Imerti v. Capital Pacific Holdings LLC<br>Case Number RIC1312483 | Construction Defect - Complex Case | Riverside Superior Court<br>Riverside Historic Courthouse<br>4050 Main Street<br>Riverside, CA 92501 | Active |
| Aviles v. Pulte Home Corporation<br>Case Number RIC1204591 | Construction Defect - Complex Case | Riverside Superior Court<br>Riverside Historic Courthouse<br>4050 Main Street<br>Riverside, CA 92501 | Active |
| Bibolet v. Pulte Homes<br>Case Number RIC1118415 | Damages - Complex Case | Riverside Superior Court<br>Riverside Historic Courthouse<br>4050 Main Street<br>Riverside, CA 92501 | Active |
| Knight v. Warmington Homes California<br>Case Number MCC1300439 | Construction Defect - Complex Case | Southwest Justice Center<br>30755-D Auld Road<br>Murrieta, CA 92563 | Active |
| Odette v. Warmington Homes California<br>Case Number RIC1305571 | Damages - Complex Case | Riverside Superior Court<br>Riverside Historic Courthouse<br>4050 Main Street<br>Riverside, CA 92501 | Active |
| Bolands v. The Meeker Companies<br>Case Number MCC1301618 | Complex Case-Construction Defect (Riverside) | Southwest Justice Center<br>30755-D Auld Road<br>Murrieta, CA 92563 | Active |
| Dominguez v. Meeker Companies<br>Case Number MCC1401069 | Complex Case-Construction Defect (Riverside) | Southwest Justice Center<br>30755-D Auld Road<br>Murrieta, CA 92563 | Active |
| Acayan v. Meeker Companies Inc<br>Case Number MCC1401068 | Damages | Southwest Justice Center<br>30755-D Auld Road<br>Murrieta, CA 92563 | Active |

EXHIBIT 9 PAGE 47

B7 (Official Form 7) (04/13)                                                                                          4

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Cooley Construction v. VWild Brook et al Case Number CIVVS703800** | Complaint for Damages | **Superior Court of California County of San Bernardino 14455 Civic Drive Civil Department: Suite 100 Criminal/Traffic Department: Suite 200 Victorville, CA 92392** | **Active** |
| **Castro et al v. Lennar Sales Corp Case Number CIVRS1307578** | **Construction Defect** | **Superior Court of California County of San Bernardino Rancho Cucamonga District 8303 Haven Avenue Rancho Cucamonga, CA 91730** | **Active** |
| **O'Neil v. Centex Case Number CIVDS1109835** | **Construction Defect** | **Superior Court of California County of San Bernardino San Bernardino District Civil Division 247 West Third Street San Bernardino, CA 92415-0210** | **Active** |
| **Brown v. Hesperia Ranch Case Number CIVVS1004013** | **Construction Defect** | **Superior Court of California County of San Bernardino San Bernardino District Civil Division 247 West Third Street San Bernardino, CA 92415-0210** | **Active** |
| **HUB v. MJW Case Number CIVDS1007483** | Contract - (ltd) | **Superior Court of California County of San Bernardino San Bernardino District Civil Division 247 West Third Street San Bernardino, CA 92415-0210** | **Closed** |

None   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately
■      preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning
       property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
       filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or
■      returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12
       or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the
       spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None   a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of
■      this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a
       joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

Case 8:15-bk-12147-ES    Doc 10    Filed 06/10/15    Entered 06/10/15 10:14:55    Desc
Main Document    Page 49 of 54

B7 (Official Form 7) (04/13)                                                                                                          5

**None**
■  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately
preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning
property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

**None**
■  List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary
and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions
aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by
either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

**None**
■  List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or
since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

**None**
■  List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation
concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately
preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**10. Other transfers**

**None**
■  a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor,
transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors
filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

**None**
■  b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled
trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

EXHIBIT 9 PAGE 49

B7 (Official Form 7) (04/13)                                                                                    6

---

### 11. Closed financial accounts

**None**
■
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

---

### 12. Safe deposit boxes

**None**
■
List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

---

### 13. Setoffs

**None**
■
List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

---

### 14. Property held for another person

**None**
■
List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

---

### 15. Prior address of debtor

**None**
■
If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

---

### 16. Spouses and Former Spouses

**None**
■
If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

EXHIBIT 9 PAGE 50

B7 (Official Form 7) (04/13)                                                                                              7

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■  a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■  b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■  c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None ☐  a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six **years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| MJW & Associates | N/A | 4059 Flat Rock Dr Riverside, CA 92505 | Construction | 2002 - 2011 |
| W Construction, Inc | N/A | | Construction | set up corporation - never operated |
| W Design | N/A | 111 Via Lido Soud Newport Beach, CA 92663 | Design | 2011 - present |

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

EXHIBIT 9 PAGE 51

B7 (Official Form 7) (04/13)                                                                                            8

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|
| Beach House Pillows | N/A | 111 Via Lido Soud Newport Beach, CA 92663 | Pillow Manufacturing | 09/2011 - 07/2014 |

None
■    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                        ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
■    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                                     DATES SERVICES RENDERED

None
■    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                          ADDRESS                              DATES SERVICES RENDERED

None
■    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                                     ADDRESS

None
■    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                        DATE ISSUED

**20. Inventories**

None
■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|------|------|------|

None
■    b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|------|------|

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

EXHIBIT 9 PAGE 52

Case 8:15-bk-12147-ES    Doc 10    Filed 06/10/15    Entered 06/10/15 10:14:55    Desc
Main Document      Page 53 of 54

B7 (Official Form 7) (04/13)                                                                                                   9

---

### 21 . Current Partners, Officers, Directors and Shareholders

**None**
■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

**None**
■    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

---

### 22 . Former partners, officers, directors and shareholders

**None**
■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

**None**
■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

---

### 23 . Withdrawals from a partnership or distributions by a corporation

**None**
■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

### 24. Tax Consolidation Group.

**None**
■    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

---

### 25. Pension Funds.

**None**
■    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

* * * * * *

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy

EXHIBIT 9 PAGE 53

B7 (Official Form 7) (04/13)                                                                          10

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto
and that they are true and correct.

Date  **June 10, 2015** _____      Signature    _**/s/ Matthew Jason Whitman**_ _____
                                                           **Matthew Jason Whitman**
                                                           Debtor

Date  **June 10, 2015** _____      Signature    _**/s/ Carla Maria Whitman**_ _____
                                                           **Carla Maria Whitman**
                                                           Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                     Best Case Bankruptcy

EXHIBIT 9 PAGE 54

# EXHIBIT 10

B6C (Official Form 6C) (4/13)

.

In re   **Matthew Jason Whitman,**                                    Case No.   __8:15-bk-12147-ES__
     **Carla Maria Whitman**
                              Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                            $155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                     *with respect to cases commenced on or after the date of adjustment.)*
☒ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **Single Family Residence** Location: 36 East Mahi Pua Place, Lahaina, Hawaii 96761 | C.C.P. § 703.140(b)(5) | 12,329.18 | 2,900,000.00 |
| **Single Family Residence** Location: 111 Via Lido Soud, Newport Beach CA 92663 | C.C.P. § 703.140(b)(5) | 1.00 | 4,000,000.00 |
| **Cash on Hand** | | | |
| **Cash on hand** Location: 3419 Via Lido #123, Newport Beach CA 92663 | C.C.P. § 703.140(b)(5) | 6,150.00 | 6,150.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Checking Account** Location: 3419 Via Lido #123, Newport Beach CA 92663 | C.C.P. § 703.140(b)(5) | 4.00 | 4.00 |
| **Savings Account** Location: 3419 Via Lido #123, Newport Beach CA 92663 | C.C.P. § 703.140(b)(5) | 6,419.82 | 6,419.82 |
| **Security Deposits with Utilities, Landlords, and Others** | | | |
| **Security Deposit** Location: 3419 Via Lido #123, Newport Beach CA 92663 | C.C.P. § 703.140(b)(5) | 150.00 | 150.00 |
| **Prepaid Rent** Location: 3419 Via Lido #123, Newport Beach CA 92663 | C.C.P. § 703.140(b)(5) | 750.00 | 750.00 |
| **Household Goods and Furnishings** | | | |
| **Household Goods and Furnishings** Location: 3419 Via Lido #123, Newport Beach CA 92663 | C.C.P. § 703.140(b)(3) | 8,060.00 | 8,060.00 |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| **Books** Location: 3419 Via Lido #123, Newport Beach CA 92663 | C.C.P. § 703.140(b)(5) | 100.00 | 100.00 |
| **Wearing Apparel** | | | |
| **Clothing** Location: 3419 Via Lido #123, Newport Beach CA 92663 | C.C.P. § 703.140(b)(3) | 200.00 | 200.00 |
| **Furs and Jewelry** | | | |
| **Jewelry** Location: 3419 Via Lido #123, Newport Beach CA 92663 | C.C.P. § 703.140(b)(4) C.C.P. § 703.140(b)(5) | 1,525.00 500.00 | 2,025.00 |

  __1__   continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

EXHIBIT 10 PAGE 55

B6C (Official Form 6C) (4/13) -- Cont.

In re **Matthew Jason Whitman,**                       Case No.  **8:15-bk-12147-ES**
       **Carla Maria Whitman,**

                             Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| **Bicycles and Sports Equipment** | **C.C.P. § 703.140(b)(5)** | **300.00** | **300.00** |
| **Location: 3419 Via Lido #123, Newport Beach CA 92663** | | | |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2003 Mitsubishi Montero** | **C.C.P. § 703.140(b)(2)** | **4,875.00** | **4,875.00** |
| **Location: 3419 Via Lido #123, Newport Beach CA 92663** | | | |
| **Boats, Motors and Accessories** | | | |
| **Kayak** | **C.C.P. § 703.140(b)(5)** | **200.00** | **200.00** |
| **Location: 3419 Via Lido #123, Newport Beach CA 92663** | | | |
| **Office Equipment, Furnishings and Supplies** | | | |
| **Fax Machine** | **C.C.P. § 703.140(b)(5)** | **20.00** | **20.00** |
| **Location: 3419 Via Lido #123, Newport Beach CA 92663** | | | |

Total:    **41,584.00**    **6,929,253.82**

Sheet ___1___ of ___1___ continuation sheets attached to the Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                          Best Case Bankruptcy

EXHIBIT 10 PAGE 56

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

650 Town Center Drive, Suite 950, Costa Mesa, CA 92626

A true and correct copy of the foregoing documents entitled (*specify*): **OPPOSITION AND REQUEST FOR A HEARING ON THE DEBTORS' MOTION TO COMPEL ABANDONMENT OF PROPERTY BY TRUSTEE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF JEFFREY I. GOLDEN AND DANN ROGERS IN SUPPORT** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 31, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Marian Garza    ecfnotices@ascensioncapitalgroup.com
Beth Gaschen    bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com
Jeffrey I Golden (TR)    ljones@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com;lfisk@wgllp.com
Christopher J Green    cgreen@lwgfllp.com, chrisgreen@ucla.edu;kadele@lwgfllp.com;lfisk@lwgfllp.com;christopher-green-2815@ecf.pacerpro.com
Leslie M Klott    bankruptcy@zievelaw.com
Derik N Lewis    dlewis@vantislaw.com, esieg@vantislaw.com
Christina J O    christinao@mclaw.org, erica@mclaw.org
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 31, 2016,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Personal Delivery
The Honorable Erithe Smith, U.S. Bankruptcy Courtroom 5A, 411 W. Fourth Street, Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/31/16 | Lindsay Fisk | /s/ Lindsay Fisk |
|---------|--------------|------------------|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**