**LOBEL WEILAND GOLDEN FRIEDMAN LLP**
Beth E. Gaschen, State Bar No. 245894
bgaschen@lwgfllp.com
Christopher J. Green, State Bar No. 295874
cgreen@lwgfllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Chapter 7 Trustee
Jeffrey I. Golden

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>MATTHEW JASON WHITMAN AND CARLA MARIA WHITMAN,<br><br>Debtor. | Case No. 8:15-bk-12147-ES<br><br>Chapter 7<br><br>**DECLARATION OF DANN ROGERS IN SUPPORT OF TRUSTEE'S OPPOSITION AND REQUEST FOR A HEARING ON THE DEBTORS' MOTION TO COMPEL ABANDONMENT OF PROPERTY BY TRUSTEE**<br><br>**[Opposition Filed Concurrently]** |

## DECLARATION OF DANN ROGERS

I, Dann Rogers, declare as follows:

1. I am currently leasing the house located at 111 Via Lido Soud, Newport Beach, CA 92663 (the "Residence") from Matthew and Carla Whitman (the "Debtors").

2. I signed a six-month lease for the Residence on or about June 1, 2015. The lease was set to convert to a month to month lease on December 8, 2015. When I moved in, I paid the Debtors $46,000 in move-in costs. The $46,000 included my security deposit of $10,000, last month's rent of $12,000, and the first two month's rent of $24,000.

3. I extended the lease on November 6, 2015. I negotiated this with the Mr. Whitman and Carla, the realtor. In total, I have paid the Debtors a total of $107,200 since June 1, 2015. The Debtors owe me the return of my deposit of $10,000.

4. The Debtors did not tell me they had filed for bankruptcy. Sometime around October, 2015, a neighbor told me that the Debtors had filed for bankruptcy. Mr. Whitman appeared in person at the Residence sometime around February, 2016, to discuss his bankruptcy case and the payment of rent. Mr. Whitman repeatedly told me to continue paying him directly during their bankruptcy case.

5. I had a serious medical problem around Christmas 2015 and almost died. During my time in the hospital and subsequent recovery, I relied entirely on one employee to handle my finances. That employee failed in this responsibility, and among other things, failed to pay the rent for the Residence for January, 2016. That employee has since been terminated. While sorting out the payment of rent, sometime around January 22, 2016, I was contacted by Cari Young from the Villa Real Estate company with a Notice to Pay Rent or Quit.

6. After discussing the Debtors' bankruptcy case with friends, I became increasingly convinced that the Debtors should not be receiving rent from me during

their bankruptcy case.  I repeatedly sought confirmation from the Debtors that it was proper to pay rent directly to them during their case.

7. On March 15, 2016, I emailed Mr. Whitman and indicated that "My concern in giving you any more rent money is are you sure you have the right to collect this rent since you are in bankruptcy? I would't want to give any more money and have someone knock on my gate and kick me out while you are holding the last month and my $10,000 security deposit."  A true and correct copy of this email is attached as Exhibit "1."  Mr. Whitman replied that "Of course I have the right to collect rent, work, and have income while in bankruptcy!"  Mr. Whitman's response is included in Exhibit "1."  Since then, I have been informed by the Debtors' real estate agent that the Debtors have taken my $10,000 security deposit.

8. Sometime around this email exchange, I was sued by the Debtors in an unlawful detainer action.  After being sued by the Debtors for the unlawful detainer, I did some research to figure out who I should be paying rent to, and contacted Claudia at Jeffrey Golden's office to seek assistance with the Debtors' demand for payment and pending lawsuit.

9. Since contacting Mr. Golden's office, I have agreed to pay Mr. Golden the rents which is owed.  I understand that this money will be used to pay the Debtors' creditors.

10. I have not seen Mr. Whitman or Ms. Whitman at the Residence since mid-February, 2016.  The Debtors send Dale Skidmore once a week to mow the lawn, blow the leaves, and generally keeps the property tidy.  Dale Skidmore has also replaced one of the multiple dead light fixtures on the dock.  The only maintenance the Debtors have done during my lease of the Residence – after numerous requests and multiple-week delay - is to send a repairman to fix the air conditioner, wine cooler, and outside pump.

11. I have performed all other necessary maintenance on the Residence since I moved in. Other than the above mentioned repair work and basic yard work, the Debtors have not performed any renovations or maintenance on the property.

12. The only utility the Debtors were paying was the water/trash/sewer bill for the first several months. Sometime around March 2016, I received a notice that the water/trash/sewer bill was past due and the water would be cut off if it was not paid. I paid the water/trash/sewer bill and that utility is now in my name.

13. I hired someone to fix the drier and fix the plumbing in the master shower. Other than the above mentioned repair work and yardwork by Dale Skidmore, the Debtors have failed to maintain the property or respond to my numerous requests for maintenance and repair work. The Debtors have never repaired the cracked mirror on the second floor, and paint the flag-pole and the rail on the landing, and this has not been fixed.

14. The Residence was advertised as "fully-furnished," and the Debtors' left some pottery-barn type furniture at the Residence for my use. I estimate the total value of the furniture left by the Debtors to be worth between $5,000 and $10,000.

15. Since I moved in, dozens of debt collectors and process servers have arrived at the Residence to serve Mr. and Ms. Whitman and requested to see my identification to verify that I am not Mr. Whitman. These debt collectors and process servers did not know the Whitmans had filed for bankruptcy.

16. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 30th day of May, 2016 at Newport Beach, California.

_____ 5/30/16
Dann Rogers

# EXHIBIT 1

From: **Matthew Whitman** matthew.whitman@ymail.com
Subject: Re: Purchase contract for 111 Via Lido Soud
Date: March 15, 2016 at 1:20 PM
To: Dann Rogers drogers@fanzr.com



Dann,

You owe 3 months rent, late fee for all 3 months, and attorneys fees, court cost, etc. (Last I knew these fees were approximately $2,000.)

Of course I have the right to collect rent, work, and have an income while in bankruptcy!

Absolutely NOTHING has changed with the home, since the day you moved in! Remember you were concerned and our attorney sent you a letter confirming everything? As he stated then, and any competent attorney can tell you, the VERY MINIMUM that, in a worse case scenario, you would have 90 days at a very minimum.

We are NOT re-negotiating the contract now, at this point, after you are in default.

Matt


On Mar 15, 2016, at 1:44 PM, Dann Rogers <drogers@fanzr.com> wrote:

> Matthew,
> How much money exactly are you asking me to send you? My concern in giving you any more rent money is are you sure you have the right to collect this rent since you are in bankruptcy? I would;t want to give any more money and have someone knock on my gate and kick me out while you are holding the last month and my $10,000 security deposit.
>
> # Dann Rogers
>
> ## Chairman & CEO
> ## FANZR
>
> <FANZRStampLogo75x.png>
>
>> On Mar 15, 2016, at 12:33 PM, Matthew Whitman <matthew.whitman@ymail.com> wrote:
>>
>> Dann,
>>
>> It is on the contract:
>>
>> <image1.PNG>
>>
>> Matt
>>
>>> On Mar 15, 2016, at 1:15 PM, Dann Rogers <drogers@fanzr.com> wrote:

Please give me your bank account number at Chase.

Dann Rogers

Chairman & CEO
FANZR

<FANZRStampLogo75x.png>

On Mar 15, 2016, at 8:43 AM, Matthew Whitman <matthew.whitman@ymail.com> wrote:

Dann,

You can send an offer to us, but without the payments for rent that you are now 3 months behind on, inclusive of the ever increasing legal and eviction fees, etc., to that date, absolutely NOTHING will happen at all. We can look at an offer after either you, your guarantor, or an agent of yours makes payment.

Regards,
Matthew Whitman


On Mar 14, 2016, at 2:32 PM, Dann Rogers <drogers@fanzr.com> wrote:

John,

Thanks for all of your hard work on this house deal. I am keeping Matthew Whitman in the loop on this email so you can send him the purchase contract directly. Please send Matthew an email confirming the buyer. Please keep me in the loop.

His email is matthew.whitman@ymail.com
j
Chairman & CEO
FANZR

<FANZRStampLogo75x.png>

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

650 Town Center Drive, Suite 950, Costa Mesa, CA 92626

A true and correct copy of the foregoing documents entitled (*specify*): **DECLARATION OF DANN ROGERS IN SUPPORT OF TRUSTEE'S OPPOSITION AND REQUEST FOR A HEARING ON THE DEBTORS' MOTION TO COMPEL ABANDONMENT OF PROPERTY BY TRUSTEE** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 31, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Marian Garza    ecfnotices@ascensioncapitalgroup.com
Beth Gaschen    bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com
Jeffrey I Golden (TR)    ljones@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com;lfisk@wgllp.com
Christopher J Green    cgreen@lwgfllp.com, chrisgreen@ucla.edu;kadele@lwgfllp.com;lfisk@lwgfllp.com;christopher-green-2815@ecf.pacerpro.com
Leslie M Klott    bankruptcy@zievelaw.com
Derik N Lewis    dlewis@vantislaw.com, esieg@vantislaw.com
Christina J O    christinao@mclaw.org, erica@mclaw.org
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 31, 2016,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Personal Delivery
The Honorable Erithe Smith, U.S. Bankruptcy Courtroom 5A, 411 W. Fourth Street, Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/31/16 | Lindsay Fisk | */s/ Lindsay Fisk* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**