1  Beth E. Gaschen, State Bar No. 245894
   bgaschen@lwgfllp.com
2  Christopher J. Green, State Bar No. 295874
   cgreen@lwgfllp.com
3  **LOBEL WEILAND GOLDEN FRIEDMAN LLP**
   650 Town Center Drive, Suite 950
4  Costa Mesa, California 92626
   Telephone    714-966-1000
5  Facsimile    714-966-1002

6  Attorneys for Chapter 7 Trustee
   Jeffrey I. Golden

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No. 8:15-bk-12147-ES |
| MATTHEW JASON WHITMAN AND CARLA MARIA WHITMAN, | Chapter 7 |
| Debtors. | **OPPOSITION AND REQUEST FOR A HEARING ON THE DEBTORS' MOTION TO COMPEL CHAPTER 7 TRUSTEE TO PROVIDE EVIDENCE OF SETTLEMENT PROCEEDS BENEFITING UNSECURED CREDITORS OR FOR THE IMMEDIATE ABANDONMENT OF PROPERTY BY TRUSTEE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY I. GOLDEN SUPPORT** |
| | **DATE:** [TBD]<br>**TIME:** [TBD]<br>**PLACE:** Courtroom 5A<br>   411 West Fourth Street<br>   Santa Ana, California 92701 |

1073696.2                                                                    OPPOSITION

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, THE DEBTORS AND THEIR COUNSEL OF RECORD, AND ALL OTHER INTERESTED PARTIES:**

Jeffrey I. Golden, the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Matthew Jason Whitman and Carla Maria Whitman (the "Debtors"), submits this Opposition and Request for a Hearing (the "Opposition") on the Debtors' Motion to Compel Chapter 7 Trustee to Provide Evidence of Settlement Proceeds Benefiting Unsecured Creditors or for the Immediate Abandonment of Property by the Trustee (the "Motion").  In support of the Opposition, the Trustee submits the following memorandum of points and authorities and the declaration of Jeffrey I. Golden (the "Golden Declaration").

## I.    INTRODUCTION

As noted in the Motion, the Debtors previously moved the Court for an order to compel abandonment of the property (the "Real Property") located at 36 East Mahi Pua Place, Lahaina, Hawaii, 96761 (the "Prior Motion") [Docket No. 47], which was opposed by the Trustee, and denied by the Court.  The Court should deny the Motion insofar as the Debtors', once again, failed to carry their burden to demonstrate that the Real Property is either (i) burdensome to the estate; or (ii) of inconsequential value inconsequential benefit to the estate for the same reasons as the prior motion, the sale of the Real Property will generate no less than $70,000, which will be used to pay creditors of the Estate.

## II.    ARGUMENT

### A.    The Real Property has Value to the Estate and will Provide a Meaningful Distribution to the Unsecured Creditors of the Estate

The Trustee is filing a motion seeking an order from this Court authorizing the sale of the Real Property (the "Sale Motion").  The Sale Motion will be set for hearing on July 19, 2016, or July 21, 2016, the next two available self-calendar hearing dates.  As discussed in the Sale Motion, the Real Property is encumbered by multiple liens, which liens far exceed the fair market value of the Real Property.  The Trustee has negotiated

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

an agreement with the holder of the first deed of trust, Ventures Trust 2013-I-H-R by MCM Capital Partners, its Trustee ("MCM") pursuant to which the Trustee will sell the Real Property, subject to overbid, free and clear of liens to MCM for a credit bid in the amount of its secured lien, with a carve-out from the net balance to MCM of $70,000, which will be available to the Estate.  Even if outbid, MCM will still provide the Estate with the $70,000 carve-out.  If the Court does not approve the sale free and clear of liens, then MCM is still willing to credit bid, but it will make good faith attempts to negotiate specific payments to junior creditors as to obtain consent to the sale.  In such a scenario, the carve-out to the Estate will be reduced to $55,000.[1]

Section 554(b) of the Bankruptcy Code provides that "on a request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." *See* 11 U.S.C. § 554(b). "In order to approve a motion to abandon property, the bankruptcy court must find either that (1) the property is burdensome to the estate or (2) of inconsequential value and inconsequential benefit to the estate." *In re Viet Vu*, 245 B.R. 644, 647 (B.A.P. 9th Cir. 2000). "[A]n order compelling abandonment is the exception, not the rule.  Abandonment should only be compelled in order to help the creditors by assuring some benefit in the administration of each asset. . . . Absent an attempt by the trustee to churn property worthless to the estate just to increase fees, abandonment should rarely be ordered." *Id.* (quoting *Morgan v. K.C. Mach. & Tool Co. (In re K.C. Mach. & Tool Co.)*, 816 F.2d 238, 246 (6th Cir. 1987)).

"In keeping with the goal of the bankruptcy reform movement to divorce courts from ministerial duties, a trustee's disposition of estate property is reviewable only for the purpose of determining whether the decision was made in an arbitrary or capricious

---

[1] The Trustee contends that the alternative request in no way suggests a weakness or concern of the strength of his argument to sell the Hawaii Property free and clear of liens, but rather an attempt to conserve judicial resources and not have the initial motion denied requiring a second motion under 11 U.S.C. § 363(b).

manner." *In re Wilson*, 94 B.R. 886, 888 (Bankr. E.D. Va. 1989).  "Accordingly, when called upon to review contested applications for abandonment, a court must focus its examination upon the reasons underlying the trustee's determination and affirm a decision which reflects a business judgment 'made in good faith, upon a reasonable basis and with the scope of his authority under the Code.'"  *Id.* at 888-89 (quoting *In re Curlew Value Assoc.*), 14 B.R. 506, 513-14 (Bankr. D. Utah 1981)); *see also In re Janmar, Inc.*, 4 B.R. 4, 10 (Bankr. N.D. Ga. 1979) (generally unless trustee agrees to abandonment of a particular property of estate, no order of abandonment shall be issued); *see also In re Sullivan & Lodge, Inc.*, 2003 WL 22037724 (N.D. Cal. Aug. 20, 2003).

Here, the Trustee has spent months actively negotiating an agreement with MCM.  The terms of the agreement have changed multiple times over the course of the negotiations and only recently were the final terms resolved.  Once the structure of the final agreement was reached pursuant to which the Trustee will sell the Real Property, subject to overbid, free and clear of liens to MCM for a credit bid in the amount of its secured lien, with a carve-out from the net balance to MCM of $70,000, which will be available to the Estate, the Trustee spent time with MCM preparing the sale motion.

The Debtors have no basis for asserting that no progress has been made over the past months as they are not parties to the negotiations between the Trustee and MCM.  The Debtors are merely upset because they believed that they could file this case, immediately receive all of their assets back as the Trustee would not be able to administer them, and receive a discharge of all of their debt.  This is evidenced by the Debtors' improper actions taken as to the real property located in Newport Beach, California.

The Trustee believes that a sale of the Real Property as is being set forth in the Sale Motion will benefit the Estate as the carve-out being received by the Trustee will provide a distribution to creditors[2], whereas without the sale, the case would be closed as

---

[2] The claims bar date passed on May 16, 2016.  Seventeen claims have been filed.  The total unsecured debt is $186,278.43.  Priority debt totals $11,876.77.  The remainder of the claims are secured by real

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

a no-asset case given the gross dollar amount of the liens in connection with the Real Property as compared to its estimated value. The Trustee believes the sale is the in best interests of the Estate and creditors, is a valid use of his business judgment. The fact that priority unsecured creditors and general unsecured creditors will receive a distribution is a meaningful distribution. Based on the amount of claims, the Trustee believes that priority unsecured creditors can be paid in full and that general unsecured creditors will also receive a distribution of funds. The alternative available to these creditors is to receive nothing from the Trustee and to have their claims discharged through the bankruptcy case while the Debtors, who have stolen over $107,000 of estate funds, have the Real Property abandoned back to them.[3] There is no doubt that if the Real Property is abandoned, the Debtors will immediately try to work out a deal with MCM whereby the Debtors receive a benefit from the bank for a short sale or deed in lieu. Abandonment will not help the creditors in any way.

It would be premature for the Court to decide whether the sale of the Real Property is appropriate as those issues are not before the Court. The Trustee's ability to sell the Real Property, to sell it free and clear of liens, and to obtain the carve-out will be fully briefed and decided in the context of the sale motion, which will be heard by the Court in July, 2016. The Debtors are opposing the sale relief in order to deny their creditors any distribution in favor of themselves. It should be noted that because this is not a surplus estate, the Debtors have no standing to oppose the relief requested in the sale motion and are attempting to circumvent that by arguing it here. *See, e.g.*, *Matter of Fondiller*, 707 F.2d 441 (9th Cir. 1983); *In re Adams*, 424 B.R. 434 (Bankr. N.D.Ill. 2010).

---

property. Now that the claims bar date has passed, the Trustee will evaluate whether any of the claims are objectionable and, as such, the total allowed amount of claims may be less than stated here.

[3] The Debtors are not the typical "honest" debtor and are not entitled to a fresh start. The Trustee is analyzing with his counsel whether it is appropriate to revoke the Debtors' discharge.

Based on the value being received from the sale of the Real Property, which will be no less than $70,000, the Real Property is neither burdensome or of inconsequential value.

### III. CONCLUSION

Based upon the foregoing, the Real Property has value to the Estate and the Trustee requests that the Court deny the Motion.

Dated: June 2, 2016                    Respectfully submitted,

LOBEL WEILAND GOLDEN FRIEDMAN LLP

By:  */s/ Beth E. Gaschen*
    CHRISTOPHER J. GREEN
    BETH E. GASCHEN
    Attorneys for Chapter 7 Trustee
    Jeffrey I. Golden

## **DECLARATION OF JEFFREY I. GOLDEN**

I, Jeffrey I. Golden, declare:

1.    I am a panel trustee, the duly appointed chapter 7 trustee (the "Trustee") for the bankruptcy estate of Matthew Jason Whitman and Carla Maria Whitman (the "Debtors"), and a partner of Lobel Weiland Golden Friedman LLP (the "Firm"). I know each of the following facts to be true of my own personal knowledge or information and belief and, if called as a witness, I could and would competently testify with respect thereto. I am submitting this Declaration in support of the Opposition and Request for a Hearing (the "Opposition") on the Debtors' Motion to Compel Chapter 7 Trustee to Provide Evidence of Settlement Proceeds Benefiting Unsecured Creditors or for the Immediate Abandonment of the Property by the Trustee on the Debtors' Motion to Compel Abandonment of Property by Trustee (the "Motion"). Any terms not specifically defined herein shall have the meaning set forth in the Opposition.

2.    I am filing a motion seeking an order from this Court authorizing the sale of the property (the "Real Property") located at 36 East Mahi Pua Place, Lahaina, Hawaii, 96761.

3.    As is discussed in the Sale Motion, the Real Property is encumbered by multiple liens, which liens far exceed the fair market value of the Real Property. I have negotiated an agreement with the holder of the first deed of trust, Ventures Trust 2013-I-H-R by MCM Capital Partners, its Trustee ("MCM") pursuant to which I will sell the Real Property, subject to overbid, free and clear of liens to MCM for a credit bid in the amount of its secured lien, with a carve-out from the net balance to MCM of $70,000, which will be available to the Estate. Even if outbid, MCM will still provide the Estate with the $70,000 carve-out. If the Court does not approve the sale free and clear of liens, then MCM is still willing to credit bid, but it will make good faith attempts to negotiate specific payments to junior creditors as to obtain consent to the sale. In such a scenario, the carve-out to the Estate will be reduced to $55,000.

4. I along with my counsel have spent months actively negotiating an agreement with MCM. The terms of the agreement have changed multiple times over the course of the negotiations and were only recently finalized. Once the structure of the final agreement was reached, my counsel and I have spent time drafting and preparing the sale motion with MCM's input.

5. I believe that a sale of the Real Property will benefit the Estate as the carve-out being received will provide a distribution to creditors, whereas without the sale, the creditors will receive nothing and their claims may be discharged. I believe the sale is the in best interests of the Estate and creditors, is a valid use of my business judgment.

6. Based upon the amount of claims filed, I believe that priority unsecured claims could be paid in full and that general unsecured creditors will receive some distribution.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 2nd day of June, 2016, at Costa Mesa, California.

*/s/ Jeffrey I. Golden*
Jeffrey I. Golden

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 950, Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION AND REQUEST FOR A HEARING ON THE DEBTORS' MOTION TO COMPEL CHAPTER 7 TRUSTEE TO PROVIDE EVIDENCE OF SETTLEMENT PROCEEDS BENEFITING UNSECURED CREDITORS OR FOR THE IMMEDIATE ABANDONMENT OF PROPERTY BY TRUSTEE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY I. GOLDEN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **June 2, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **June 2, 2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **June 2, 2016**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Erithe Smith, 411 W. 4th Street, 5th Floor, Santa Ana, CA  92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 2, 2016 | Kelly Adele | /s/ *Kelly Adele* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**
0.0

**Electronic Mail Notice List**
Caren J Castle    wdk@wolffirm.com, wdk@wolffirm.com
Marian Garza    ecfnotices@ascensioncapitalgroup.com
Beth Gaschen    bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com
Jeffrey I Golden (TR)    ljones@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com;lfisk@wgllp.com
Christopher J Green    cgreen@lwgfllp.com, chrisgreen@ucla.edu;kadele@lwgfllp.com;lfisk@lwgfllp.com;christopher-green-2815@ecf.pacerpro.com
Leslie M Klott    bankruptcy@zievelaw.com
Derik N Lewis    dlewis@vantislaw.com, esieg@vantislaw.com
Christina J O    christinao@mclaw.org, erica@mclaw.org
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov