Beth E. Gaschen, State Bar No. 245894
bgaschen@lwgfllp.com
Christopher J. Green, State Bar No. 295874
cgreen@lwgfllp.com
**LOBEL WEILAND GOLDEN FRIEDMAN LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Chapter 7 Trustee
Jeffrey I. Golden

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>MATTHEW JASON WHITMAN AND CARLA MARIA WHITMAN,<br><br>          Debtors. | Case No. 8:15-bk-12147-ES<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER:**<br>    **(1) AUTHORIZING THE SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(b) AND (f);**<br>    **(2) APPROVING OVERBID PROCEDURES; AND**<br>    **(3) APPROVING BUYER, SUCCESSFUL BIDDER, AND BACK-UP BIDDER AS GOOD-FAITH PURCHASERS PURSUANT TO 11 U.S.C. § 363(m);**<br>**MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY I. GOLDEN IN SUPPORT**<br><br>**DATE:  July 21, 2016**<br>**TIME:   10:30 a.m.**<br>**PLACE: Courtroom 5A**<br>           **411 West Fourth Street**<br>           **Santa Ana, California 92701** |

*Lobel Weiland Golden Friedman LLP*
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION..................................................................................................1

II.  FACTS AND BACKGROUND ............................................................................2

    A.   General Background .................................................................................2

    B.   The Hawaii Property ................................................................................2

    C.   The Proposed Sale...................................................................................3

    D.   Liens, Claims, and Interests ....................................................................3

III. RESERVATION OF RIGHTS .............................................................................4

IV.  PROPOSED OVERBID PROCEDURE ...............................................................4

V.   MEMORANDUM OF POINTS AND AUTHORITIES ...........................................6

    A.   The Sale and Conveyance of the Hawaii Property is in the Best
        Interest of the Estate and Should be Approved ...........................................6

        1.   The Sale of the Hawaii Property with a Carve-Out is
            Appropriate and should be Authorized and Approved ......................7

    B.   The Sale of the Hawaii Property Should be Approved Free and
        Clear of Any Competing Liens, Claims and Interests .................................10

        1.   The Proposed Sale Free and Clear of Liens Should be
            Authorized Pursuant to 11 U.S.C. § 363(f)(2) ................................11

        2.   Alternatively, the Proposed Sale Free and Clear of
            Liens Should be Authorized Pursuant to 11 U.S.C.
            § 363(f)(5) .....................................................................................12

    C.   Adequate Notice of the Sale is Proposed .................................................15

    D.   The Buyer of the Property Should be Deemed a "Good Faith
        Purchaser" Pursuant to 11 U.S.C. § 363(m)..............................................15

    E.   The Bankruptcy Court Has the Authority to Implement the
        Proposed Overbid Procedures ..................................................................16

VI.  THE WAIVER OF THE STAY IS APPROPRIATE...............................................17

VII. CONCLUSION .................................................................................................17

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Citicorp Homeowners Srvs., Inc. v. Elliot (In re Elliot)*,
    94 B.R. 343 (E.D. Pa. 1988) .................................................................. 11

5

6

*Clear Channel Outdoor Inc., v. Knupfer (In re PW, Inc.)*,
    391 B.R. 25 (B.A.P. 9th Cir. 2008) .......................................... 12, 13, 15

7

*Community Thrift & Loan v. Suchy (In re Suchy)*,
    786 F.2d 900 (9th Cir. 1985) ............................................................... 16

8

9

*Ewell v. Diebert (In re Ewell)*,
    958 F.2d 276 (9th Cir. 1992) ............................................................... 15

10

*FutureSource LLC v. Reuters Ltd.*,
    312 F.3d 281 (7th Cir. 2002), *cert. denied*, 538 U.S. 962 (2003) ......... 11

11

*Hargrave v. Pemberton (In re Tabore, Inc.)*,
    175 B.R. 855 (Bankr. D.N.J. 1994).................................................... 11

12

13

*In re America West Airlines*,
    166 B.R. 908 (Bankr. D. Ariz. 1994) ..................................................... 6

14

*In re Baldwin United Corp.*,
    43 B.R. 888 (Bankr. S.D. Ohio 1984) ................................................... 7

15

16

*In re Crown Corporation*,
    679 F.2d 774 (9th Cir. 1982) ............................................................... 16

17

*In re Hassan Imports Partnership*,
    502 B.R. 851 (C.D. Cal. 2013) ........................................................... 14

18

19

*In re Jolan, Inc.*,
    403 B.R. 866 (W.D. Wash. 2009) ....................................................... 13

20

*In re KVN Corp., Inc.*,
    514 B.R. 1 (B.A.P. 9th Cir. 2014) ................................................. 7, 8, 9

21

22

*In re Lionel Corp.*,
    722 F.2d 1063 (2nd Cir. 1983) ............................................................. 6

23

*In re Onouli-Kona Land Co.*,
    846 F.2d 1170 (9th Cir. 1988) ............................................................ 15

24

25

*In re Walter*,
    83 B.R. 14 (B.A.P. 9th Cir. 1988) ..................................................... 6, 7

26

*In re WPRV-TV*,
    983 F.2d 336 (1st Cir. 1993) ................................................................ 6

27

28

## TABLE OF AUTHORITIES (cont.)

**Page(s)**

*New Haven Radio, Inc. v. Meister (In re Martin-Trigona),*
     760 F.2d 1334 (2nd Cir. 1985) .................................................................. 6

*Stephens Indus., Inc. v. McClung,*
     789 F.2d 386 (6th Cir. 1986) .............................................................. 6, 7

*Veltman v. Whetzal,*
     93 F.3d 517 (8th Cir. 1996) ................................................................. 11

**Statutes**

11 U.S.C. § 105(a) .......................................................................................... 16

11 U.S.C. § 363(b)(1) ..................................................................................... 16

11 U.S.C. § 363(f)(2) ...................................................................................... 11

11 U.S.C. § 363(f)(5) ........................................................................... 12, 14, 15

11 U.S.C. § 363(m) ............................................................................... 15, 16

11 U.S.C. § 363(b) ............................................................... 1, 6, 7, 17, 19

11 U.S.C. § 363(f) ................................................................. 1, 10, 11, 19

Hawaii Revised Statutes § 667-3 ................................................................. 9

**Other Authorities**

3 COLLIER ON BANKRUPTCY ¶ 363.06[3] (Alan N. Resnick & Henry J. Sommer
     eds., 16th ed.) ................................................................................. 11

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE:**

Jeffrey I. Golden, the duly appointed chapter 7 trustee ("Trustee") of the bankruptcy estate (the "Estate") of Matthew Jason Whitman and Carla Maria Whitman, debtors in the above-captioned case (the "Debtors"), files this *Motion for Order: (1) Authorizing the Sale of Real Property Free and Clear of Liens, Claims, and Interests Pursuant to 11 U.S.C. §§ 363(b) and (f); (2) Approving Overbid Procedures; and (3) Approving Buyer, Successful Bidder, and Back-Up Bidder as Good-Faith Purchasers Pursuant to 11 U.S.C. § 363(m)* (the "Motion").  In support of the Motion, the Trustee submits the following memorandum of points and authorities and the Declaration of Jeffrey I. Golden (the "Golden Declaration").

## I.    INTRODUCTION

The Trustee seeks an order from this Court authorizing the sale of the real property located at 36 East Mahi Pua Place, Lahaina, Hawaii 96761 (the "Hawaii Property").  The Hawaii Property is encumbered by multiple liens, which liens far exceed the fair market value of the Hawaii Property.  However, the Trustee has negotiated an agreement with the holder of the first deed of trust, Ventures Trust 2013-I-H-R by MCM Capital Partners, its Trustee ("MCM" or "Buyer"), pursuant to which the Trustee will sell the Hawaii Property, subject to overbid, free and clear of liens to MCM for a credit bid in the amount of $2,900,000, with a carve-out of $70,000, which will be available to the Estate.  If the Court does not approve the sale free and clear of liens as set forth below, then MCM will still be willing to credit bid as set forth hereinabove, but it will make good faith attempts to negotiate specific payments to junior creditors as to obtain consent to the sale, but cannot

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  guarantee a given result or be required to reach a specific resolution.  In such a scenario,

2  the carve-out to the Estate will be reduced to $55,000.[1]

3         As set forth in greater detail below, the Trustee believes that a sale of the Hawaii

4  Property as set forth in the Motion will benefit the Estate as the carve-out being received

5  by the Trustee will provide a distribution to creditors, whereas without the sale, the Hawaii

6  Property would have been abandoned and the case would have, and was, closed as a no-

7  asset case given the gross dollar amount of the liens in connection with the Hawaii

8  Property as compared to its estimated value.  Accordingly, the Trustee believes the sale is

9  in the best interests of the Estate and creditors, is a valid use of his business judgment,

10 and respectfully requests that the Motion be granted.

11

12 **II.**     **FACTS AND BACKGROUND**

13        **A.     General Background**

14        On April 27, 2015 (the "Petition Date"), the Debtors filed a voluntary chapter 7

15 petition.  The Trustee was appointed the chapter 7 trustee shortly thereafter.

16        **B.     The Hawaii Property**

17        The Debtors' Schedule A reflects the Debtors' interest in the Hawaii Property.  The

18 Debtors valued the Hawaii Property at $2,900,000.  The Debtors' Amended Schedule D

19 reflects that the Hawaii Property is secured by a first deed of trust in favor of Ventures

20 Trust 2013-I-H-R by MCM Capital Partners, LLC[2] in the amount of $3,284,616.80.  The

21 Hawaii Property is also encumbered by several other liens.  According to the Debtors'

22 Amended Schedule D, the combined liens total $5,619,433.83, far in excess of the fair

23

24

25

26  [1] The Trustee contends that the alternative request in no way suggests a weakness or concern of the
strength of his argument to sell the Hawaii Property free and clear of liens, but rather an attempt to conserve
27 judicial resources and not have the initial Motion denied requiring a second motion under 11 U.S.C. §
363(b).

28  [2] The Debtor scheduled MCM as BSI Financial Services, which is the loan servicer for MCM.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  market value of the Hawaii Property.  Copies of the Debtors' Amended Schedule A and

2  Schedule D are attached hereto as Exhibit "1."

3  **C.     The Proposed Sale**

4        MCM has offered to purchase the Estate's interest in the Hawaii Property and the

5  Trustee has accepted that offer, subject to overbid and approval of the sale by the

6  Bankruptcy Court.  The salient terms of the sale are as follows:

7        1.     MCM will credit bid $2,900,000 on account of its first deed of trust secured

8  by the Hawaii Property.  In addition, MCM will carve out the amount of $70,000 for the

9  benefit of the Estate (the "Carve-Out").  The combined credit bid and Carve-Out

10 constitutes the purchase price (the "Purchase Price");

11       2.     The sale of the Hawaii Property is "as is, where is," and without warranty of

12 any kind; and

13       3.     The sale is subject to overbid and Bankruptcy Court approval.

14 **D.     Liens, Claims, and Interests**

15       The Trustee seeks to sell the Hawaii Property free and clear of any and all liens,

16 claims, and interests.  According to the preliminary title report prepared by Linear Title &

17 Closing dated as of October 20, 2015 (the "Title Report"), a copy of which is attached as

18 Exhibit "2," the following deeds of trust, notice of pendency of action, and liens are

19 reflected in the title history of the Hawaii Property:

20

| Recording Date | Type of Encumbrance | Holder | Amount |
|---|---|---|---|
| 06/09/06 | Deed of Trust | MCM[3] | $2,400,000.00 |
| 10/10/06 | Deed of Trust | E*Trade Bank, a Corporation[4] | $350,000.00 |
| 03/05/09 | Lien | Kaanapali Golf Estates Community Associations, Inc. | $10,661.84 |
| 01/11/10 | Lien | Skyline Pools of Hawaii, Inc. | $34,300.82 |

26  [3] The deed of trust was originally held by MERS as Nominee for Mortgage Sense, Inc.

27  [4] An assignment of the lien from National City Mortgage, a Division of Nation City Bank to E*Trade
Bank, a Corporation was recorded on November 6, 2007.

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

| Recording Date | Type of Encumbrance | Holder | Amount |
|---|---|---|---|
| 06/15/10 | Lis Pendens | Skyline Pools of Hawaii, Inc.[5] | N/A |
| 07/29/11 | Lien | Kaanapali Golf Estates Community Associations, Inc. | $7,104.00 |
| 09/20/11 | Lien | Director of Finance – County of Maui | $58,244.82 |
| 10/11/11 | Lien | Internal Revenue Service | $777,629.88 |
| 10/30/12 | Lien | Skyline Pools of Hawaii, Inc. | $44,908.73 |
| 03/14/13 | Lis Pendens | Bank of America, N.A.[6] | N/A |
| 10/21/13 | Lien | Ronald S. Caswell dba Caswell & Associates | $298,217.88 |
| 01/06/15 | Lien | Internal Revenue Service | $882,785.07 |

## III.  RESERVATION OF RIGHTS

The Trustee reserves the right to object to all or any portion of each and every claim or encumbrance that has or will be asserted against the Hawaii Property.

## IV.  PROPOSED OVERBID PROCEDURE

The Trustee proposes and requests approval of the following overbid procedures to maximize the value of the Estate's interest in the Hawaii Property:

(a)    Only a qualified bidder ("Qualified Bidder") may bid on the Hawaii Property. The person(s) specifically identified in the Motion as the "Buyer" will be deemed to be a Qualified Bidder. The Trustee will determine whether any other prospective purchaser is a Qualified Bidder. In order to be considered a Qualified Bidder, a prospective purchaser must: (a) deliver to the Trustee, in care of the Trustee's legal counsel at the address set

---

[5] This lis pendens was filed in Case No. 2CC10100156 commenced by Skyline Pools of Hawaii, Inc. ("Skyline") on March 4, 2010. The case concluded by notice of entry of judgment on August 24, 2012, based on a money judgment entered in favor of Skyline on August 20, 2012, and recorded by Skyline on October 30, 2012. As such, the proceeding for which the lis pendens was filed has been fully resolved and resulted in the subsequent judgment recorded against the Hawaii Property. The lis pendens is no longer at issue.

[6] The Trustee believes that the lis pendens was released on April 29, 2015.

forth at the end of this paragraph, by not later than **4:00 p.m. on July 20, 2016** (the "Qualification Deadline")[7]: (1) a non-contingent written offer to purchase the Hawaii Property on an all cash basis (with the bidder's performance subject only to entry of a Bankruptcy Court order approving the sale as a sale free of liens and interests pursuant to 11 U.S.C. § 363(f)) for a purchase price of no less than $3,000,000, with terms no less favorable to the Estate than those set forth in the Motion; (2) evidence satisfactory to the Trustee of the Qualified Bidder's financial ability to close the sale within 15 days following entry of the Bankruptcy Court's order approving the sale; and (3) a cashier's check made payable to Jeffrey I. Golden, Chapter 7 Trustee in an amount equal to three percent (3%) of its initial bid (the "Bidding Deposit").  The Trustee's legal counsel for such purposes is identified as follows:  LOBEL WEILAND GOLDEN FRIEDMAN LLP, Attn: Beth E. Gaschen, Esq., 650 Town Center Drive, Suite 950, Costa Mesa, California 92626.

(b)     An auction sale of the Hawaii Property will be conducted at the hearing on the Motion.  Only Qualified Bidders, including the Buyer specifically identified in the Motion, will be allowed to bid.  Each incremental bid at the auction must be at least $5,000.00 higher than the prior bid.

(c)     Upon the conclusion of the auction, the Trustee will decide which bid is the best bid (the "Successful Bid").  The bidder who made the Successful Bid (the "Successful Bidder") must pay, as the purchase price for the Hawaii Property, the amount of the Successful Bid (receiving credit for its Bidding Deposit), and all closing costs payable by the purchaser, upon the close of the sale.  If the sale of the Hawaii Property to the Successful Bidder fails to occur by reason of any failure of performance, breach or default by the Successful Bidder, then the Successful Bidder's Bidding Deposit will be automatically forfeited to the Trustee as liquidated damages.

---

[7] The Trustee reserves the right to consider, in his discretion, additional qualifying overbids, up until the time of the hearing on the Motion.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 • Fax 714-966-1002

1072412.2

MOTION

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1    (d)    Upon the conclusion of the auction, the Trustee may also decide which bid is

2  the second best bid (the "Back-Up Bid").  If the Successful Bidder fails to close the sale of

3  the Hawaii Property, then the Trustee may sell the Hawaii Property to the Qualified Bidder

4  who submitted the Back-Up Bid (the "Back-Up Bidder") without further court order, in

5  which event the Back-Up Bidder must pay, as the purchase price for the Hawaii Property,

6  the amount of the Back-Up Bid (receiving credit for its Bidding Deposit), and all closing

7  costs payable by the purchaser, upon the close of the sale.  If the sale of the Hawaii

8  Property to the Back-Up Bidder fails to occur as a result of a failure of performance,

9  breach or default by the Back-Up Bidder, then the Back-Up Bidder's Bidding Deposit will

10  be automatically forfeited to the Trustee as liquidated damages.

11    (e)    Upon the conclusion of the auction, any Bidding Deposits, other than the

12  Bidding Deposits submitted by the Successful Bidder and any Back-Up Bidder, will be

13  promptly returned.  The Bidding Deposit submitted by the Back-Up Bidder will be returned

14  promptly following the close of the sale of the Property to the Successful Bidder.

15

16  **V.    MEMORANDUM OF POINTS AND AUTHORITIES**

17    **A.    The Sale and Conveyance of the Hawaii Property is in the Best**

18    **Interest of the Estate and Should be Approved**

19    Pursuant to 11 U.S.C. § 363(b), a trustee may, with court approval, sell property of

20  the estate outside the ordinary course of business.  A proposed sale of estate property will

21  be approved if it is in the best interests of the estate, based on the facts and history of the

22  case.  *See In re America West Airlines*, 166 B.R. 908, 912 (Bankr. D. Ariz. 1994) (citing *In*

23  *re Lionel Corp.*, 722 F.2d 1063, 1071 (2nd Cir. 1983)).  A court has broad discretion to

24  authorize a sale under 11 U.S.C. § 363(b).  *See In re Walter*, 83 B.R. 14, 19 (B.A.P. 9th

25  Cir. 1988); *see also In re WPRV-TV*, 983 F.2d 336, 340 (1st Cir. 1993); *New Haven*

26  *Radio, Inc. v. Meister (In re Martin-Trigona)*, 760 F.2d 1334, 1346 (2nd Cir. 1985); *Lionel*

27  *Corp.*, 722 F.2d at 1069; *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 390-91 (6th Cir.

28  1986).  Generally, courts will find that a proposed sale is in the best interests of the estate

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  where the trustee has a valid "business justification" for the proposed sale.  *See e.g.*,

2  *Stephens Indus., Inc.*, 789 F.2d at 390; *In re Baldwin United Corp.*, 43 B.R. 888, 905

3  (Bankr. S.D. Ohio 1984); *see also In re 240 North Brand Partners, Ltd.*, 200 B.R. 653

4  (B.A.P. 9th Cir. 1996); *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830 (Bankr. C.D. Cal.

5  1991); *In re Ernst Home Center, Inc.*, 209 B.R. 974 (Bankr. W.D. Wash. 1997).  A

6  bankruptcy court's power to authorize a sale under § 363(b) is reviewed for abuse of

7  discretion.  *See Walter*, 83 B.R. at 19.

8        The proposed sale of the Hawaii Property is supported by a valid business

9  justification and is in the best interest of the Estate.  Given the value of the Hawaii

10  Property and the amount of liens against it, the sale of the Hawaii Property to MCM plus

11  the agreed-upon Carve-Out provides the only definitive source of funds available for

12  distribution to creditors.  The Trustee has proposed an overbid procedure in an effort to

13  generate the highest and best value for the Estate.  If there is an overbid, it will yield

14  additional funds for the benefit of the Estate and the Estate will still receive the Carve-Out.

15  The Trustee and MCM have spent months discussing the terms of the proposed sale and

16  the Carve-Out and the final agreement is being proposed in good faith and is an "arms-

17  length" transaction.  Accordingly, the Trustee believes that the proposed sale is fair and

18  reasonable and within the proper exercise of his business judgement.

19        **1.    The Sale of the Hawaii Property with a Carve-Out is Appropriate**

20              **and should be Authorized and Approved**

21        While, "the sale of a fully encumbered asset is generally prohibited," in this case

22  the sale of the Hawaii Property is generating funds for the benefit of unsecured creditors,

23  and it should therefore be authorized and approved.  *See In re KVN Corp., Inc.*, 514 B.R.

24  1, 5 (B.A.P. 9th Cir. 2014).  *KVN* involved a proposed sale of over-encumbered collateral

25  by the estate to the secured creditor in exchange for a percentage of the proceeds from

26  the liquidation of the collateral by the creditor and a carve-out paid to the bankruptcy

27  estate.  The Bankruptcy Court denied the sale motion by referencing prior abuses of

28  agreements of this type as exemplified by a former Chapter 7 trustee in the Northern

District named Charles Duck.  The trustee appealed.  In its review, the opinion cited prior

cases and referenced the Handbook for Chapter 7 Trustees issued by the United States

Department of Justice, for the "proposition that sales of fully encumbered assets are

generally improper."  *KVN*, 514 B.R. at 5-6.

The Bankruptcy Appellate Panel (the "<u>BAP</u>") then stated that despite the general

rule, sales with carve-out agreements are not prohibited.  "A carve-out agreement is

generally understood to be 'an agreement by a party secured by all or some of the assets

of the estate to allow some portion of its lien proceeds to be paid to others, i.e., to carve

out of its lien position.' There is no per se rule that bans this type of contractual

agreement: '[C]reditors are generally free to do whatever they wish with the bankruptcy

dividends they receive, including to share them with other creditors."  *KVN*, 514 B.R. at 6.

The BAP went on to cite the following provision of the DOJ Chapter 7 Trustee Handbook.

> A trustee may sell assets only if the sale will result in a meaningful distribution
> to creditors. In evaluating whether an asset has equity, the trustee must
> determine whether there are valid liens against the asset and whether the
> value of the asset exceeds the liens. The trustee may seek a 'carve-out' from
> a secured creditor and sell the property at issue if the 'carve-out' will result in
> a meaningful distribution to creditors. . . . If the sale will not result in a
> meaningful distribution to creditors, the trustee must abandon the asset.

*KVN*, 514 B.R. at *7*.

The BAP found that sales of fully encumbered assets with a carve-out agreement

create a rebuttable "presumption of impropriety," and

> [t]o rebut the presumption, the case law directs the following inquiry:  Has the
> trustee fulfilled his or her basic duties? Is there a benefit to the estate; i.e.,
> prospects for a meaningful distribution to unsecured creditors? Have the
> terms of the carve-out agreement been fully disclosed to the bankruptcy
> court? If the answer to these questions is in the affirmative, then the
> presumption of impropriety can be overcome.

*KVN*, 514 B.R. at 8.

In the present case, each of the questions are satisfied.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

### a.    There is a Benefit to the Estate from the Carve-Out

The Hawaii Property is a valuable property, but it is over encumbered.  As set forth above, the Debtors scheduled the value of the Hawaii Property at $2.9 million and the combined liens exceed $5.6 million.  MCM obtained relief from the automatic stay and there is a pending judicial foreclosure in Hawaii by MCM, the senior lienholder.  Junior liens are extinguished in a foreclosure by a senior interest under Hawaii law.  Hawaii Revised Statutes § 667-3 provides as follows:

> Proceeds, how applied.  Mortgage and other creditors shall be entitled to payment according to the priority of their liens, and not pro rata; and judgments of foreclosure that are conducted in compliance with this part shall operate to extinguish the liens of subsequent mortgages and liens of the same property, without forcing prior mortgagees or lienors to their right of recovery.  The surplus after payment of the mortgage foreclosed, shall be applied pro tanto to the next junior mortgage or lien, and so on to the payment, wholly or in part, of mortgages and liens junior to the one assessed. [CC 1859, § 1233; RL 1925, § 2889; RL 1935, § 4722; RL 1945, § 12422; RL 1955, § 336-3; HRS § 667-3; am L 1972, c 90, § 9(c); am L 2011, c 48, § 16; am L 2012, c 182, § 12]

In this instance, the senior lien itself was scheduled at $3.8 million.  Without the Carve-Out, the case would have been closed as a no-asset case.  MCM would have foreclosed on the Hawaii Property, which would net absolutely nothing for any junior interest or lienholder and would have completely foreclosed the possibility of any unsecured creditor receiving a distribution.  With the Carve-Out, $70,000 will now be available for Estate administration and distribution to creditors.  With the claims deadline having passed, the Carve-Out is sufficient to pay priority unsecured claims totaling $11,877.77 in full, and to provide a distribution to general unsecured creditors as well.[8] Given the alternative scenario, where MCM forecloses and all other creditors are paid $0, any return to the Estate and creditors will be a meaningful distribution to these creditors.

---

[8] The trustee handbook provides that "[t]he trustee must consider whether sufficient funds will be generated to make a meaningful distribution to unsecured creditors, including unsecured priority creditors, before administering a case as an asset case."  *KVN*, 514 B.R. at 6.  Here, unsecured priority creditors will be paid 100% of their claims.

1072412.2

9

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

### b.    The Trustee has Fulfilled His Basic Duties

The Trustee has fulfilled his basic duties.  He has evaluated the Hawaii Property and has evaluated the liens on the Hawaii Property.  He does not dispute the Debtors' valuation set forth in the schedules and does not believe that any of the liens are in dispute.  He has researched the lis pendens and believes those to have been fully resolved.  After receiving the offer from MCM, the Trustee set a claims bar date and has begun his evaluation of the filed claims.  Even with no objections, the Trustee has determined that priority unsecured creditors will be paid in full from the Carve-Out and there will be funds available for general unsecured creditors.  This determination is a better result for creditors of the Estate than closing the case as a no-asset case where the Hawaii Property would be foreclosed upon and no creditor would receive a distribution based upon its claim against the Debtors.  The Trustee did not enter into the agreement to sale in order to pay his professionals and no others.

### c.    The Carve-Out Has Been Fully Disclosed to Creditors

The Trustee has disclosed all of the terms of the Carve-Out in this Motion.  If the Trustee can successfully sell the Hawaii Property to MCM or to a successful overbidder, the Estate will receive $70,000.  If MCM is required to negotiate with junior lienholders to obtain consent to the sale because it cannot be sold free and clear any other way, the Estate will receive $55,000.  In addition, to fully rebut any presumption of impropriety, the requested overbid procedure will provide an option to any junior creditor to protect its position by overbidding should it believe the initial bidding price is insufficient.

### B.    The Sale of the Hawaii Property Should be Approved Free and Clear of Any Competing Liens, Claims and Interests.

The Trustee seeks authority to sell the Hawaii Property free and clear of all liens and encumbrances pursuant to 11 U.S.C. § 363(f).  Section 363(f) of the Bankruptcy Code describes the circumstances in which a trustee or a debtor may sell property of the estate free and clear of any interest of third parties in such property.  Section 363(f) provides:

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if–

(1)   applicable non-bankruptcy law permits sale of such property free and clear of such interest;

(2)   such entity consents;

(3)   such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4)   such interest is in bona fide dispute; or

(5)   such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).  Because subsections (1) through (5) of Bankruptcy Code § 363(f) are written in the disjunctive, authority to sell free and clear of any and all liens, claims, and interests should be granted if any of the conditions are met with respect to each interest holder.

**1.      The Proposed Sale Free and Clear of Liens Should be Authorized Pursuant to 11 U.S.C. § 363(f)(2)**

Section 363(f)(2) of the Bankruptcy Code provides support for approval of this proposed sale free and clear of liens and interests.  The Trustee contends that if no objection is made by junior lienholders by the time of the hearing on the Motion, that lack of opposition should be deemed consent to the sale of the Hawaii Property and consent to the sale free and clear of that lienholders interest pursuant to 11 U.S.C. § 363(f)(2). "[C]onsent may be express or implied from circumstances surrounding the sale."  3 COLLIER ON BANKRUPTCY ¶ 363.06[3] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). Courts have held that implied consent can be a failure to object.  *See FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281 (7th Cir. 2002), *cert. denied*, 538 U.S. 962 (2003) (failure to object may constitute consent, if there was adequate notice); *Veltman v. Whetzal*, 93 F.3d 517 (8th Cir. 1996) (failure to object to proposed sale, coupled with stipulation on authorizing sale free of interest, constituted consent); *Citicorp Homeowners Srvs., Inc. v.*

*Elliot (In re Elliot)*, 94 B.R. 343 (E.D. Pa. 1988) (implied consent found); *Hargrave v. Pemberton (In re Tabore, Inc.)*, 175 B.R. 855 (Bankr. D.N.J. 1994) (failure to object to notice of sale or attend hearing deemed consent to sale for purposes of section 363).

### 2.    Alternatively, the Proposed Sale Free and Clear of Liens Should be Authorized Pursuant to 11 U.S.C. § 363(f)(5)

The sale of the Hawaii Property free and clear of liens and interests is also appropriate under 11 U.S.C. § 363(f)(5) in that the junior lienholders could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest.  There is support in case law from this Circuit which allows sales under 11 U.S.C. § 363(f)(5) to proceed in situations where, as here, the amount of all liens exceeds the proposed sale price.  The line of recent cases examining this provision begins with *Clear Channel Outdoor Inc., v. Knupfer (In re PW, Inc.)*, 391 B.R. 25 (B.A.P. 9th Cir. 2008).  *Clear Channel* involved similar facts as here, a senior lienholder who sought to purchase the estate's interest in overencumbered real property in exchange for a credit bid and a trustee carve out, free and clear of junior liens.  The BAP held that the sale was not proper under § 363(f)(5), however the reasoning of the decision is what is important, most notably for what was not considered, and not raised.  The focal point was the existence of a "legal or equitable proceeding" in which a junior lienholder would be compelled to accept monetary satisfaction of its lien.[9]  *Id.* at 46.  The parties only argued whether or not the potential of a non-consensual cramdown under 11 U.S.C. § 1129(b) qualified as a "legal or equitable proceeding" whereby the junior lienholders would receive less than the full

---

[9] The BAP in *Clear Channel* parsed § 363(f)(5) to three elements: "(1) a proceeding exists or could be brought, in which (2) the nondebtor could be compelled to accept a money satisfaction of (3) its interest." 391 B.R. at 41.    "[P]aragraph (5) refers to a legal or equitable proceeding in which the nondebtor could be compelled to take *less* than the value of the claim secured by the interest." *Id.* at 42 (emphasis in original).  "Under the view that full payment is not necessary, it is not the amount of the payment that is at issue, but whether a 'mechanism exists to address extinguishing the lien or interest without paying such interest in full.'" *Id.* at 43 (citing *In re Gulf States Steel*, 285 B.R. 497, 508 (Bankr. N.D. Ala. 2002)).  As stated above, there is a legal or equitable proceeding under Hawaii law that could compel junior lienholders to accept money satisfaction of its interest, or if insufficient proceeds, to either accept less than the full value of their interest and to have their lien extinguished.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1072412.2 MOTION

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1    amount of their claims. *Id.* at 46.  The BAP concluded that "Congress did not intend under

2    § 363(f)(5) that nonconsensual confirmation be a type of legal or equitable proceeding to

3    which that paragraph refers." *Id.* at 46.

4         The limitation of the *Clear Channel* holding was illuminated two years later in *In re*

5    *Jolan, Inc.*, 403 B.R. 866 (W.D. Wash. 2009), whereby a Chapter 7 trustee attempted to

6    sell fully encumbered personal property of the estate free and clear of secured interests in

7    such collateral.  The *Jolan* Court thoroughly reviewed *Clear Channel*, noting

8    conspicuously of the decision that "[t]he Panel nowhere addressed non-contractual

9    mechanisms whereby a lienholder might get less than full payment yet lose the lien."

10   *Jolan*, 403 B.R. at 869.[10]  *Jolan* itself offered examples from Washington's version of the

11   Uniform Commercial Code and receiverships where collateral could be liquidated without

12   junior liens being fully satisfied.  Although *Jolan* involved personal property, the Court

13   mentioned "[a]nd were the trustee proposing to sell real property, judicial and nonjudicial

14   foreclosures in Washington operate to clear junior lienholders' interests, and their liens

15   attach to proceeds in excess of the costs of sale and the obligation or judgment

16   foreclosed." *Id.* at 870.  Though technically dicta, the Court was emphasizing that a real

17   property situation would be a much more clear-cut example than the personal property at

18   issue there. Ultimately, the Court concluded that "[b]ecause there are in Washington legal

19   and equitable proceedings by which lienholders may be compelled to accept money

20   satisfactions, § 363(f)(5) here permits a sale free and clear of liens, with the liens

21   attaching to the proceeds, notwithstanding that those proceeds may be insufficient to pay

22   all liens."  *Jolan*, 403 B.R. at 870.

23        Although not a Ninth Circuit case, in *In re Boston Generating LLC*, 440 B.R. 302

24   (S.D.N.Y. 2010), the Southern District of New York examined *Clear Channel* and *Jolan* as

25

26        [10] The *Jolan* court went on to state, "[t]he careful reader will have noted that, after pointing out that
     appellees had not shown the existence of a qualifying proceeding, the Panel did not continue with the
27   familiar appellate rubric 'nor have we found any such authority.'  Rather, it exercised its prerogative to limit
     its ruling to the arguments presented by the parties, as might be expected when it was not evident that they
28   had argued anything but § 1129 to the bankruptcy court. . . ."  403 B.R. at 869.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  part of a thorough review of a § 363(f) sale in a Chapter 11 case where the debtor-in-

2  possession sought a sale of substantially all estate assets outside the normal course prior

3  to confirmation of a plan.  The proposed $1.1 billion sale of assets did not provide for

4  payment in full of junior secured lenders.  *Boston Generating* found that the provision of

5  New York law that provided that junior lienholders under real property or collateral

6  foreclosures are entitled only to surplus funds remaining after satisfaction of a senior lien,

7  was sufficient to satisfy § 363(f)(5), citing *Jolan* approvingly.  *Boston Generating*, 440 B.R.

8  at 333.

9        The District Court for the Central District of California, also examined § 363(f)(5) in

10  an appeal from the Bankruptcy Court's order approving a sale by a Chapter 7 trustee that

11  was free and clear of junior interests in the case of *In re Hassan Imports Partnership*, 502

12  B.R. 851 (C.D. Cal. 2013) [Bankruptcy Case No. 2:11-bk-42068-ER].  Judge Robles

13  approved the sale by the trustee that was free and clear of a junior interest in the form of a

14  recorded operating covenant to which the City of Covina (Redevelopment Agency) was a

15  party.  Part of the basis for that order was the finding that foreclosures can constitute

16  "legal or equitable" proceedings under § 363(f)(5).  In its review, the District Court looked

17  at *Jolan* and *Boston Generating*, and applied the reasoning of those cases to the facts of

18  *Hassan.*  Per the District Court, "*Jolan* and *Boston Generating* thus both turn on the fact

19  that junior lienholders can be compelled to receive an entitlement to the proceeds of a

20  foreclosure sale in exchange for their junior liens."  *Hassan* at 862.  The entitlement to a

21  share of surplus proceeds, if any, is the analytical concept that the District Court used to

22  ultimately reverse the order in *Hassan* as the City lien was a covenant not a monetary lien

23  and the covenant could not have been satisfied by acceptance of money.  The use of

24  compelled acceptance of funds as the determining factor for the approval of the sale

25  would support the transaction proposed by the Trustee for the Hawaii Property in the

26  instant case.

27        The above series of cases and the reasoning employed in each provides this Court

28  with statutory authority to allow the Trustee's sale of the Hawaii Property free and clear of

1  the existing junior liens.  Here, the Trustee is not precluding the junior lienholders from

2  receiving a money judgment.  If the Hawaii Property is sold subject to overbid, the junior

3  lienholders will be provided such funds and the liens would attach to the sale proceeds in

4  the same priority, validity and extent.  In addition, there is a possibility that the junior

5  lienholders, if appropriate, could have an unsecured claim against the Estate and share in

6  any distribution from the Carve-Out and any additional funds that the Estate may obtain.[11]

7  Consequently, the Trustee believes it appropriate for the Hawaii Property to be sold free

8  and clear of the junior lienholders' interests pursuant to 11 U.S.C. § 363(f)(5).

9  **C.     Adequate Notice of the Sale is Proposed**

10       The Trustee proposes to provide notice of the sale to be posted by the Clerk's

11  Office and to serve notice of the sale on the Office of the United States Trustee, all

12  creditors, and all other parties receiving ECF and special notice in this case.  Further, the

13  proposed sale is subject to overbid, and the ability of other potentially interested parties to

14  provide competing offers for the Hawaii Property ensures that the proposed sale does not

15  result in a lucrative "windfall" to MCM at the expense of creditors of the Estate.  *See In re*

16  *Onouli-Kona Land Co.*, 846 F.2d 1170 (9th Cir. 1988).

17  **D.     The Buyer of the Property Should be Deemed a "Good Faith**

18       **Purchaser" Pursuant to 11 U.S.C. § 363(m)**

19       Section 363(m) of the Bankruptcy Code provides:

20
21       The reversal or modification on appeal of an authorization under subsection
         (b) or (c) of this section of a sale or lease of property does not affect the validity
22       of a sale or lease under such authorization to an entity that purchased or
         leases such property in good faith, whether or not such entity knew of the
23       pendency of the appeal, unless such authorization and such sale or lease
         were stayed pending appeal.

24  11 U.S.C. § 363(m).

25

26

27

28  [11] The Carve-Out is a separate obligation of MCM to pay to the Estate apart from its credit bid and is not
     proceeds of the sale upon which any lien would attach.  *See Clear Channel*, 391 B.R. at 47.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    A good faith buyer "is one who buys 'in good faith' and 'for value.'"  *Ewell v. Diebert*

2   *(In re Ewell)*, 958 F.2d 276, 281 (9th Cir. 1992) (citing *In re Abbotts Dairies of*

3   *Pennsylvania, Inc.*, 788 F.2d 143, 147 (3d Cir. 1986)).  "[L]ack of good faith is [typically]

4   shown by 'fraud, collusion between the purchaser and other bidders or the trustee, or an

5   attempt to take grossly unfair advantage of other bidders.'"  *Id.* (quoting *Community Thrift*

6   *& Loan v. Suchy (In re Suchy)*, 786 F.2d 900, 902 (9th Cir. 1985)).  In the instant case, the

7   Buyer is buying in good faith and is credit bidding the market value for the Hawaii

8   Property.  The anticipated sale of the Hawaii Property has been negotiated with the Buyer

9   in "arms-length" discussions.  Moreover, the sale will be conducted in a commercially

10  reasonable manner following appropriate notice.  Based on such facts and circumstances,

11  the Trustee believes that this Court can properly determine each of the Buyer, the

12  Successful Bidder, and the Back-Up Bidder as "good faith purchaser" pursuant to

13  11 U.S.C. § 363(m).

14     **E.**     **The Bankruptcy Court Has the Authority to Implement the Proposed**

15             **Overbid Procedures**

16     Implementation of the bidding procedures is an action outside the ordinary course

17  of business.  Section 363(b)(1) of the Bankruptcy Code provides that a trustee "after

18  notice and hearing, may use, sell or lease, other than in the ordinary course of business,

19  property of the estate."  Furthermore, under 11 U.S.C. § 105(a), "[t]he court may issue any

20  order, process, or judgment that is necessary or appropriate to carry out the provisions of

21  this title."  Thus, pursuant to §§ 363(b)(1) and 105(a), this Court may authorize the

22  implementation of overbidding procedures.

23     The bankruptcy court may issues orders determining the terms and conditions for

24  overbids with respect to a sale of estate assets, including specifying the minimum

25  consideration required for an overbid, the particular contractual terms required to be

26  offered by overbidders, and requiring and setting the amount of potential overbidder's

27  deposits.  *In re Crown Corporation*, 679 F.2d 774 (9th Cir. 1982).  The overbid procedures

28  proposed in this Motion will ensure that the sale of the Property will generate the greatest

1  possible value to the Estate.  They also place appropriate checks upon overbidders to

2  ensure that only Qualified Bids are considered.

3

4  **VI.**   **THE WAIVER OF THE STAY IS APPROPRIATE**

5        Under Federal Rule of Bankruptcy Procedure ("FRBP") 6004(h), an order

6  authorizing the sale of property is stayed for 14 days after the entry of the order, unless

7  the court orders otherwise.  Fed. R. Bankr. P. 6004(h).  The Advisory Committee Note

8  states that the court may, in its discretion, order that the stay is inapplicable so that the

9  sale or assumption may take place immediately upon entry of the order.  Fed. R. Bankr. P.

10  6004(g) Advisory Committee's Note.  Here, the waiver of the stay imposed by FRBP

11  6004(h) is appropriate.  The Court's order granting this Motion must become a final order

12  before the proposed sale can close.  Accordingly, Trustee requests that the Court waive

13  the stay imposed by FRBP 6004(h).

14

15  **VII.**   **CONCLUSION**

16        The Trustee respectfully requests that this Court grant the Motion as follows:

17        1.   The Trustee is authorized to sell the Hawaii Property to the Buyer, the

18  Successful Bidder, or the Back-Up Bidder, as is, where is, without representations or

19  warranties, free and clear of any claims, liens or interests pursuant to 11 U.S.C. § 363(b)

20  and (f);

21        2.   Approving the terms of the Carve-Out;

22        3.   Determining the Buyer, the Successful Bidder, and the Back-Up Bidder are

23  "good faith purchasers" pursuant to 11 U.S.C. § 363(m);

24        4.   Approving the overbid procedures outlined in the Motion;

25        5.   Waiving the stay imposed by FRBP 6004(h);

26        6.   Waiving any requirements for lodging periods of the order approving this

27  Motion imposed by Local Bankruptcy Rule 9021-1 and any other applicable bankruptcy

28  rules;

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1    7.    Authorizing the Trustee to take any and all necessary or reasonable actions

2    to consummate the sale of the Hawaii Property; and

3    8.    For such other and further relief as the Court may deem just and proper.

4

5    Dated:  June 30, 2016                    LOBEL WEILAND GOLDEN FRIEDMAN LLP

6

7                                            By:    */s/ Beth E. Gaschen*
                                                    BETH E. GASCHEN
8                                                   Attorneys for Jeffrey I. Golden,
                                                    Chapter 7 Trustee
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1072412.2                                   18                                   MOTION

# DECLARATION OF JEFFREY I. GOLDEN

I, Jeffrey I. Golden, declare as follows:

1.      I am the duly appointed chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Matthew J. Whitman and Carla M. Whitman (the "Debtors").  I know each of the following facts to be true of my own personal knowledge, except as stated otherwise, and, if called as a witness, I could and would competently testify with respect thereto.  I make this declaration in support of my *Motion for Order: (1) Authorizing Sale of Real Property Free and Clear of Liens, Claims, and Interests Pursuant to 11 U.S.C. § 363(b) and (f); (2) Approving Overbid Procedures; and (3) Approving Buyer, Successful Bidder, and Back-Up Bidder as Good-Faith Purchasers Pursuant to 11 U.S.C. § 363(m)* (the "Motion").  All terms not specifically defined herein shall have the meanings set forth in the Motion.

2.      According to the Bankruptcy Court's docket, on April 27, 2015, the Debtors filed a voluntary chapter 7 petition.  I was appointed the chapter 7 trustee shortly thereafter.

3.      True and correct copies of the Debtors' Amended Schedule A and Schedule D are attached hereto as Exhibit "1."

4.      MCM has offered to purchase the Estate's interest in the Hawaii Property and I have accepted that offer, subject to approval of the sale by the Bankruptcy Court. The salient terms of the sale are as follows:

    i.      MCM will credit bid $2,900,000 on account of its first deed of trust secured by the Hawaii Property.  In addition, MCM will carve out the amount of $70,000 for the benefit of the Estate;

    ii.     The sale of the Hawaii Property is "as is, where is," and without warranty of any kind;

    iii.    The sale is subject to Bankruptcy Court approval.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1       5.    A true and correct copy of the preliminary title report prepared by Linear Title

2   & Closing dated as of October 20, 2015 is attached hereto as Exhibit "2."

3       6.    I am informed and believe that the lis pendens recorded by Skyline Pools of

4   Hawaii, Inc. ("Skyline") was based upon Case No. 2CC10100156 commenced by Skyline

5   on March 4, 2010.  I am further informed and believe that the case concluded by notice of

6   entry of judgment on August 24, 2012, based upon a money judgment entered in favor of

7   Skyline on August 20, 2012, and recorded by Skyline on October 30, 2012.  I believe the

8   proceeding for which the lis pendens was filed has been fully resolved and the lis pendens

9   is no longer at issue.

10      7.    I am informed and believe that the lis pendens recorded by Bank of America,

11  N.A. was released on or about April 29, 2015.

12      8.    I believe that the proposed sale is fair and reasonable and within the proper

13  exercise of my business judgment.  Given the value of the Hawaii Property and the

14  amount of liens against it, the sale of the Hawaii Property to MCM plus the Carve-Out

15  provides the only definite source of funds available for distribution to creditors.

16      9.    I have proposed an overbid procedure in an effort to generate the highest

17  and best value for the Estate.  If there is an overbid, it will generate additional funds for

18  creditors and I will still receive the Carve-Out to the benefit of the Estate.

19      10.    The terms of the proposed sale of the Hawaii Property were negotiated with

20  the Buyer in good faith "arm's-length" discussions over the course of many, many months.

21  I do not know the Buyer and have no relationship to the Buyer.

22      11.    I believe the sale of the Hawaii Property with the Carve-Out will provide a

23  benefit to the Estate.  Without the Carve-Out, the case would have been, and was, closed

24  as a no-asset case, the Hawaii Property would have been foreclosed on, and no junior

25  lienholder or unsecured creditor would have received any distribution.  In considering the

26  Carve-Out, I evaluated the value of the Hawaii Property and the amount of liens against it

27  and the alternatives to selling the property.  I believed that selling the Hawaii Property and

28  receiving the Carve-Out would provide a meaningful recovery to unsecured creditors.

1  Now that the bar date has passed, it is clear that the Carve-Out is sufficient to pay priority

2  general unsecured creditors in full and provide a distribution to general unsecured

3  creditors.  Given the alternative scenario where creditors are paid nothing, I believe that

4  any return is a meaning distribution to these creditors.  I did not enter into this agreement

5  to solely benefit myself or my professionals.

6          12.      I have fully disclosed the terms of the Carve-Out in the Motion.

7          13.      I have employed an accountant to evaluate the tax consequences, if any, of

8  the proposed sale of the Hawaii Property.  To the extent there is any tax liability to the

9  Estate from the sale, I am authorized to pay such taxes from the proceeds of the sale.

10         I declare under penalty of perjury that the foregoing is true and correct.

11         Executed on this 30th day of June, 2016, at Costa Mesa, California.

12

13                                                          */s/ Jeffrey I. Golden*
                                                            Jeffrey I. Golden
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1072412.2                                  21                                  MOTION

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

B6A (Official Form 6A) (12/07)

In re    **Matthew Jason Whitman,**
       **Carla Maria Whitman**

Case No.  **8:15-bk-12147-ES**

Debtors,

# SCHEDULE A - REAL PROPERTY - AMENDED

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Single Family Residence**<br>**Location: 36 East Mahi Pua Place, Lahaina, Hawaii 96761** | **Joint tenant** | **C** | **2,900,000.00** | **5,619,433.83** |
| **Single Family Residence**<br>**Location: 111 Via Lido Soud, Newport Beach CA 92663** | **Joint tenant** | **C** | **4,000,000.00** | **9,108,498.03** |

| | | |
|---|---|---|
| Sub-Total > | **6,900,000.00** | (Total of this page) |
| Total > | **6,900,000.00** | |

  **0**   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                         Best Case Bankruptcy

EXHIBIT 1  PAGE  22

B6D (Official Form 6D) (12/07)

In re  **Matthew Jason Whitman,**                                                        Case No.  **8:15-bk-12147-ES**
       **Carla Maria Whitman**
_____,
Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS - AMENDED

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxxxx5559** | | | 07/05/2011 | | | | | |
| **American Centurion Bank c/o Zwicker & Associates 199 S Los Robles Avenue, Ste 410 Pasadena, CA 91101** | | H | Judgment Lien <br><br> Single Family Residence Location: 111 Via Lido Soud, Newport Beach CA 92663 | | | | | |
| | | | Value $         4,000,000.00 | | | | 42,394.98 | 42,394.98 |
| Account No. **xx-xx5891** | | | 05/20/2014 | | | | | |
| **American Contractors Indemnity Co c/o LANAK & HANNA, P.C. 625 The City Drive South, Suite 190 Orange, CA 92868** | | C | Judgment Lien <br><br> Single Family Residence Location: 111 Via Lido Soud, Newport Beach CA 92663 | | | | | |
| | | | Value $         4,000,000.00 | | | | 10,972.78 | 10,972.78 |
| Account No. **xxxxxxxxx6650** | | | 12/12/2011 | | | | | |
| **American Express Bank, FSB c/o Zwicker & Associates 199 S Los Robles Avenue, Ste 410 Pasadena, CA 91101** | | W | Judgment Lien <br><br> Single Family Residence Location: 111 Via Lido Soud, Newport Beach CA 92663 | | | | | |
| | | | Value $         4,000,000.00 | | | | 66,536.28 | 66,536.28 |
| Account No. **xxxxxxxxx2195** | | | 09/08/2010 | | | | | |
| **Bridle Creek Homeowners Association c/o Paul M Vargas Fiore, Racobs & Powers, APLC 6820 Indiana Avenue, Ste 140 Riverside, CA 92506** | | H | Judgment Lien <br><br> Single Family Residence Location: 111 Via Lido Soud, Newport Beach CA 92663 | | | | | |
| | | | Value $         4,000,000.00 | | | | 6,116.88 | 6,116.88 |
| ___**4**___ continuation sheets attached | | | Subtotal <br> (Total of this page) | | | | 126,020.92 | 126,020.92 |

B6D (Official Form 6D) (12/07) - Cont.

In re  **Matthew Jason Whitman,**                                      Case No.  **8:15-bk-12147-ES**
       **Carla Maria Whitman,**

_____
                              Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS - AMENDED
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxxxx7968** <br><br> **BSI Financial Services** <br> **7500 Old Georgetown Road** <br> **Suite 1350** <br> **Bethesda, MD 20814** | | H | Opened  6/01/06  Last Active  9/26/11 <br><br> **Single Family Residence** <br> **Location: 36 East Mahi Pua Place,** <br> **Lahaina, Hawaii 96761** <br><br> Value $              **2,900,000.00** | | | | 3,284,616.80 | 384,616.80 |
| Account No. **xxxxxxxxx5441** <br><br> **California Bank & Trust** <br> **c/o BUCHALTER NEMER PC** <br> **1000 Wilshire Blvd, Suite 1500** <br> **Los Angeles, CA 90017-2457** | | C | 06/07/2012 <br><br> **Judgment Lien** <br><br> **Single Family Residence** <br> **Location: 111 Via Lido Soud, Newport** <br> **Beach CA 92663** <br><br> Value $              **4,000,000.00** | | | | 1,612,350.67 | 1,612,350.67 |
| Account No. **xxxxxx3811** <br><br> **City Ntl Bk/Ocwen Loan Service** <br> **Attn: Bankruptcy** <br> **P.O. Box 24738** <br> **West Palm Beach, FL 33416** | | H | Opened  8/01/06 <br><br> **Deed of Trust** <br><br> **Single Family Residence** <br> **Location: 111 Via Lido Soud, Newport** <br> **Beach CA 92663** <br><br> Value $              **4,000,000.00** | | | | 4,056,821.26 | 56,821.26 |
| Account No. **xxxx-xx2204** <br><br> **Department of Finance** <br> **County of Maui** <br> **Real Property Tax Division** <br> **70 East Kaahumanu Ave A16** <br> **Kahului, HI 96732** | | C | 09/20/2011 <br><br> **Tax Lien** <br><br> **Single Family Residence** <br> **Location: 36 East Mahi Pua Place,** <br> **Lahaina, Hawaii 96761** <br><br> Value $              **2,900,000.00** | | | | 58,244.82 | 58,244.82 |
| Account No. **xxxxxxxxxxxx6700** <br><br> **E*trade** <br> **6750 Miller Rd.** <br> **Brecksville, OH 44141** | | H | Opened 10/01/06  Last Active  3/31/10 <br><br> **Single Family Residence** <br> **Location: 36 East Mahi Pua Place,** <br> **Lahaina, Hawaii 96761** <br><br> Value $              **2,900,000.00** | | | | 360,420.00 | 360,420.00 |

Sheet __1__ of __4__ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | |
|---|---|
| Subtotal <br> (Total of this page) | 9,372,453.55      2,472,453.55 |

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy

EXHIBIT 1  PAGE  24

B6D (Official Form 6D) (12/07) - Cont.

In re   **Matthew Jason Whitman,**                                  Case No.   **8:15-bk-12147-ES**
              **Carla Maria Whitman,**

Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS - AMENDED
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community H / W / J / C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxxx0819**<br><br>**Flagstar Bank**<br>**Attn: Bankruptcy Dept**<br>**5151 Corporate Dr**<br>**Troy, MI 48098** | | H | Opened  8/01/06  Last Active  2/21/10<br><br>**Deed of Trust**<br><br>**Single Family Residence**<br>**Location: 111 Via Lido Soud, Newport Beach CA 92663** | | | | | |
| | | | Value $            **4,000,000.00** | | | | **461,387.00** | **461,387.00** |
| Account No. **xxxxxxxxx6196**<br><br>**Franchise Tax Board**<br>**Special Procedures Section**<br>**P.O. Box 2952**<br>**Sacramento, CA 95812-2952** | | C | 04/16/2013<br><br>**State Tax Lien**<br><br>**Single Family Residence**<br>**Location: 111 Via Lido Soud, Newport Beach CA 92663** | | | | | |
| | | | Value $            **4,000,000.00** | | | | **695,696.74** | **695,696.74** |
| Account No. **xxxx-xx6185**<br><br>**Internal Revenue Service**<br>**P.O. Box 145595**<br>**Cincinnati, OH 45250-9734** | | H | 10/11/2011<br><br>**Federal Tax Lien**<br><br>**Single Family Residence**<br>**Location: 36 East Mahi Pua Place, Lahaina, Hawaii 96761** | | | | | |
| | | | Value $            **2,900,000.00** | | | | **777,629.88** | **777,629.88** |
| Account No. **xxxx-xx6186**<br><br>**Internal Revenue Service**<br>**P.O. Box 145595**<br>**Cincinnati, OH 45250-9734** | | W | 10/11/2011<br><br>**Federal Tax Lien**<br><br>**Single Family Residence**<br>**Location: 36 East Mahi Pua Place, Lahaina, Hawaii 96761** | | | | | |
| | | | Value $            **2,900,000.00** | | | | **777,629.88** | **777,629.88** |
| Account No. **xxxxxxxx1101**<br><br>**Internal Revenue Service**<br>**P.O. Box 145585, Stop 8420G**<br>**Cincinnati, OH 45250-5585** | | H | 06/08/2011<br><br>**Federal Tax Lien**<br><br>**Single Family Residence**<br>**Location: 111 Via Lido Soud, Newport Beach CA 92663** | | | | | |
| | | | Value $            **4,000,000.00** | | | | **777,617.88** | **777,617.88** |

Sheet  **2**  of  **4**  continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal        **3,489,961.38**     **3,489,961.38**

(Total of this page)

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

EXHIBIT 1  PAGE  25

B6D (Official Form 6D) (12/07) - Cont.

In re **Matthew Jason Whitman,**                                Case No.   **8:15-bk-12147-ES**
        **Carla Maria Whitman,**

                                              Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS - AMENDED
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxxx5652** | | | 09/24/2010 | | | | | |
| **Lido Isle Community Association c/o Diversified Real Property Mgmt and Business Services, Inc** 180 E Main Street #101 Tustin, CA 92780 | C | | HOA Lien  Single Family Residence Location: 111 Via Lido Soud, Newport Beach CA 92663 | | | | | |
| | | | Value $          4,000,000.00 | | | | 1,947.28 | 1,947.28 |
| Account No. **xxxxxxxx0410** | | | 11/21/2013 | | | | | |
| **Robertson's Ready Mix** c/o Law Off of Mervyn Y Encarnacion 200 S Main St, Suite 200 Corona, CA 92882 | C | | Judgment Lien  Single Family Residence Location: 111 Via Lido Soud, Newport Beach CA 92663 | | | | | |
| | | | Value $          4,000,000.00 | | | | 94,617.35 | 94,617.35 |
| Account No. **x-xxxx0779** | | | 10/21/2013 | | | | | |
| **Ronald S Caswell c/o Kyle P Kelley 433 N Camden Drive, Suite 965 Beverly Hills, CA 90210** | C | | Judgment Lien  Single Family Residence Location: 36 East Mahi Pua Place, Lahaina, Hawaii 96761 | | | | | |
| | | | Value $          2,900,000.00 | | | | 298,217.88 | 298,217.88 |
| Account No. **xxxxxxxx5209** | | | 04/16/2012 | | | | | |
| **Ronald S Caswell c/o Kyle P Kelley 433 N Camden Drive, Suite 965 Beverly Hills, CA 90210** | C | | Judgment Lien  Single Family Residence Location: 111 Via Lido Soud, Newport Beach CA 92663 | | | | | |
| | | | Value $          4,000,000.00 | | | | 298,217.88 | 298,217.88 |
| Account No. **x-xxxx1010** | | | 10/30/2012 | | | | | |
| **Skyline Pools  of Hawaii Inc.** c/o MATTHEW V. PIETSCH One Main Plaza 2200 Main Street, Suite 515 Wailuku, HI 96793 | C | | Judgment Lien  Single Family Residence Location: 36 East Mahi Pua Place, Lahaina, Hawaii 96761 | | | | | |
| | | | Value $          2,900,000.00 | | | | 44,908.73 | 44,908.73 |

Sheet  **3**  of  **4**  continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal             737,909.12      737,909.12
(Total of this page)

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                          Best Case Bankruptcy

EXHIBIT 1  PAGE  26

B6D (Official Form 6D) (12/07) - Cont.

In re  **Matthew Jason Whitman,**                                      Case No.   **8:15-bk-12147-ES**
       **Carla Maria Whitman,**
_____,
                                        Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS - AMENDED
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | | |
| Account No. **xxxxxxxx4494** | | | | | 10/22/2013 | | | | | |
| **Skyline Pools of Hawaii Inc.**☐☐ **Mezzeti Financial Services, Inc.** P.O. Box 59595 San Jose, CA 95159 | C | | | | Judgment Lien<br><br>Single Family Residence Location: 111 Via Lido Soud, Newport Beach CA 92663 | | | | | |
| | | | | | Value $         4,000,000.00 | | | | 49,157.89 | 49,157.89 |
| Account No. **xxxx-xx3470** | | | | | 03/05/2009 | | | | | |
| **The Pinnacle at Kaanapali Subd aka The Views at Kaanapali** 36 East Mahi Pua Place Lahaina, HI 96761 | C | | | | HOA Lien<br><br>Single Family Residence Location: 36 East Mahi Pua Place, Lahaina, Hawaii 96761 | | | | | |
| | | | | | Value $         2,900,000.00 | | | | 10,661.84 | 10,661.84 |
| Account No. **xxxx-xx9432** | | | | | 07/29/2011 | | | | | |
| **The Pinnacle at Kaanapali Subd aka The Views at Kaanapali** 36 East Mahi Pua Place Lahaina, HI 96761 | C | | | | HOA Lien<br><br>Single Family Residence Location: 36 East Mahi Pua Place, Lahaina, Hawaii 96761 | | | | | |
| | | | | | Value $         2,900,000.00 | | | | 7,104.00 | 7,104.00 |
| Account No. **xxxxxxxx0416** | | | | | 05/04/2010 | | | | | |
| **United States Treasury** Attention: Appeals Office Mail Stop 8900 24000 Avila Road, Suite 4400 Laguna Niguel, CA 92677 | C | | | | Deed of Trust<br><br>Single Family Residence Location: 111 Via Lido Soud, Newport Beach CA 92663 | | | | | |
| | | | | | Value $         4,000,000.00 | | | | 778,885.88 | 778,885.88 |
| Account No. **xxxxxxxx8847** | | | | | 11/09/2011 | | | | | |
| **United States Treasury** Attention: Appeals Office Mail Stop 8900 24000 Avila Road, Suite 4400 Laguna Niguel, CA 92677 | C | | | | Deed of Trust<br><br>Single Family Residence Location: 111 Via Lido Soud, Newport Beach CA 92663 | | | | | |
| | | | | | Value $         4,000,000.00 | | | | 155,777.28 | 155,777.28 |

Sheet  **4**  of  **4**  continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | 1,001,586.89 | 1,001,586.89 |
| Total (Report on Summary of Schedules) | 14,727,931.86 | 7,827,931.86 |

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

EXHIBIT 1  PAGE  27

# Property Report Number:
# MCM-480001-PR

Client File Number:

Address Reference:
**36 East Mahipua Place Lahaina, HI 96761**

# SCHEDULE A

File No.: **MCM-480001-PR**
Loan No:
Effective date: **October 20, 2015**

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

# VESTING

MATTHEW J. WHITMAN, HUSBAND OF CARLA M. WHITMAN AND CARLA M. WHITMAN, WIFE OF MATTHEW J. WHITMAN, AS JOINT TENANTS THE SURVIVOR OF THEM

# CHAIN OF TITLE

Grantees: MATTHEW J. WHITMAN, HUSBAND OF CARLA M. WHITMAN AND CARLA M. WHITMAN, WIFE OF MATTHEW J. WHITMAN, AS JOINT TENANTS THE SURVIVOR OF THEM
Grantors: CARLA WHITMAN, MARRIED
Dated: June 13, 2006
Recorded Date: June 23, 2006
Consideration: $1.00
Instrument No.: 2006-115476

Grantees: CARLA WHITMAN, MARRIED, AS TENANT IN SEVERALTY
Grantors: LARRY DEAN LARGE
Dated: February 28, 2003
Recorded Date: January 21, 2005
Consideration: $10.00
Instrument No.: 2005-012822

Grantees: LARRY DEAN LARGE, AS TENANT IN SEVERALTY
Grantors: KM LAND INVESTORS, LLC, A WASHINGTON LIMITED LIABILITY
COMPANY
Dated: November 28, 2001
Recorded Date: December 4, 2001
Consideration: $0.00
Instrument No.: 2001-189314

# CURRENT MORTGAGES

1. A mortgage, deed of trust or other lien instrument from MATTHEW J. WHITMAN AND
CARLA M. WHITMAN, HUSBAND AND WIFE AS JOINT TENANTS (borrower) dated June
9, 2006 and filed on June 26, 2006 in (book) 2006-117025 (instrument) 2006-117025, of the
official property records of Maui County, Hawaii in the amount of $2,400,000.00 and in favor of
MERS AS NOMINEE FOR MORTGAGE SENSE, INC. (lender).

2. The Policy to be issued will contain an ALTA 5 endorsement or state specific equivalent
endorsement providing affirmative coverage for Planned Unit Development Endorsement.

3. A mortgage, deed of trust or other lien instrument from MATTHEW J WHITMAN AND
CARLA M WHITMAN, HUSBAND AND WIFE AS JOINT TENANTS (borrower) dated
October 10, 2006 and filed on October 20, 2006 in (instrument) 2006-191687, of the official
property records of Maui County, Hawaii in the amount of $350,000.00 and in favor of
NATIONAL CITY MORTGAGE A DIVISION OF NATION CITY BANK (lender).

**************************************************************************
An assignment of lien from NATIONAL CITY MORTGAGE A DIVISION OF NATION CITY
BANK to E*TRADE BANK, A CORPORATION  in (instrument) 2007-195042, of the official
property records of Maui County, Hawaii dated OCTOBER 2, 2007 AND RECORD
NOVEMBER 6, 2007.

4. A Lis Pendens or other notice filed by BANK OF AMERICA, N.A. dated February 14, 2013
and filed on March 14, 2013 in (book) A-48210889 (instrument) A-48210889, of the official
property records of Maui County, Hawaii affecting the real property.

5. A Lis Pendens or other notice filed by SKYLINE POOLS OF HAWAII, INC. dated June 10,
2010 and filed on June 15, 2010 in (book) 2010-082530 (instrument) 2010-082530, of the
official property records of Maui County, Hawaii affecting the real property.

6. A lien filed by KAANAPALI GOLF ESTATES COMMUNITY ASSOCIATION, INC., AN INCORPORATED ASSOCIATION dated March 2, 2009 and filed on March 5, 2009 in (book) 2009-033470 (instrument) 2009-033470, of the official property records of Maui County, Hawaii against MATTHEW J. WHITMAN AND CARLA M. WHITMAN, HUSBAND AND WIFE in the amount of $10,661.84 and in favor of KAANAPALI GOLF ESTATES COMMUNITY ASSOCIATION, INC., AN INCORPORATED ASSOCIATION.

7. A lien filed by SKYLINE POOLS OF HAWAII, INC. dated December 24, 2009 and filed on January 11, 2010 in (book) 2010-003796 (instrument) 2010-003796, of the official property records of Maui County, Hawaii against MATTHEW J. WHITMAN AND CARLA WHITMAN, HUSBAND AND WIFE in the amount of $34,300.82 and in favor of SKYLINE POOLS OF HAWAII, INC..

8. A lien filed by KAANAPALI GOLF ESTATES COMMUNITY ASSOCIATION, INC., AN INCORPORATED ASSOCIATION dated July 26, 2011 and filed on July 29, 2011 in (book) 2011-119432 (instrument) 2011-119432, of the official property records of Maui County, Hawaii against MATTHEW J. WHITMAN AND CARLA M. WHITMAN, HUSBAND AND WIFE in the amount of $7,104.00 and in favor of KAANAPALI GOLF ESTATES COMMUNITY ASSOCIATION, INC., AN INCORPORATED ASSOCIATION.

9. A lien filed by DIRECTOR OF FINANCE - COUNTY OF MAUI dated September 9, 2011 and filed on September 20, 2011 in (book) 2011-152204 (instrument) 2011-152204, of the official property records of Maui County, Hawaii against MATTHEW J. WHITMAN AND CARLA M. WHITMAN in the amount of $58,244.82 and in favor of DIRECTOR OF FINANCE - COUNTY OF MAUI.

10. A lien filed by DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE dated September 26, 2011 and filed on October 11, 2011 in (book) 2011-166186 (instrument) 2011-166186, of the official property records of Maui County, Hawaii against CARLA M. WHITMAN in the amount of $777,629.88 and in favor of DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE.

11. A lien filed by SKYLINE POOLS OF HAWAII, INC. dated August 15, 2012 and filed on October 30, 2012 in (book) A-46861010 (instrument) A-46861010, of the official property records of Maui County, Hawaii against MATTHEW J. WHITMAN AND CARLA WHITMAN, ET AL in the amount of $44,908.73 and in favor of SKYLINE POOLS OF HAWAII, INC..

12. A lien filed by RONALD S. CASWELL, AN INDIVIDUAL DOING BUSINESS AS CASWELL & ASSOCIATES, A SOLE PROPRIETORSHIP dated August 20, 2013 and filed on October 21, 2013 in (book) A-50420779 (instrument) A-50420779, of the official property records of Maui County, Hawaii against MATTHEW J. WHITMAN, AN INDIVIDUAL; AND CARLA WHITMAN, ET AL in the amount of $298,217.88 and in favor of RONALD S. CASWELL, AN INDIVIDUAL DOING BUSINESS AS CASWELL & ASSOCIATES, A SOLE PROPRIETORSHIP.

13. A lien filed by DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE dated December 23, 2014 and filed on January 6, 2015 in (book) A-54840399 (instrument) A-54840399, of the official property records of Maui County, Hawaii against CARLA M. WHITMAN in the amount of $882,785.07 and in favor of DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE.

14. SUBJECT TO AGREEMENT OF SALE, BETWEEN LARRY DEAN LARGE(holder) and CARLA WHITMAN, A MARRIED WOMAN (against), DATED MARCH 12, 2003 RECORDED MARCH 18, 2003, AS INSTRUMENT NO. 2003-050041, IN MAUI COUNTY, HAWAII.

# EASEMENTS AND RESTRICTIONS

1. SUBJECT TO GRANT OF ROADWAY EASEMENT, DATED OCTOBER 01, 1992 RECORDED OCTOBER 16, 1992, AS INSTRUMENT NO. 92-167814, IN MAUI COUNTY, HUWAII.

2. SUBJECT TO FIRST AMENDMENT TO GRANT OF ROADWAY EASEMENT, DATED NOVEMBER 14, 1997 RECORDED NOVEMBER 18, 1997, AS INSTRUMENT NO. 97-160175, IN MAUI COUNTY, HAWAII.

3. SUBJECT TO SECOND AMENDMENT TO GRANT OF ROADWAY EASEMENT, DATED OCTOBER 29, 1999 RECORDED NOVEMBER 04, 1999, AS INSTRUMENT NO. 99-176812, IN MAUI COUNTY, HAWAII.

4. SUBJECT TO UNILATERAL AGREEMENT AND DECLARATION FOR CONDITIONAL ZONING, DATED APRIL 21, 1998 RECORDED MAY 21, 1998, AS INSTRUMENT NO. 98-072941, IN MAUI COUNTY, HAWAII.

5. SUBJECT TO GRANT OF EASEMENT, DATED OCTOBER 29, 1999 RECORDED NOVEMBER 04, 1999, AS INSTRUMENT NO. 99-176811, IN MAUI COUNTY, HAWAII.

6. SUBJECT TO AGREEMENT FOR IMPLEMENTING UNILATERAL AGREEMENT CONDITIONS, DATED NOVEMBER 03, 1999 RECORDED NOVEMBER 18, 1999, AS INSTRUMENT NO. 99-184229, IN MAUI COUNTY, HAWAII.

7. SUBJECT TO UNILATERAL AGREEMENT AND DECLARATION FOR CONDITIONAL ZONING, DATED APRIL 21, 1998 RECORDED MAY 21, 1998, AS INSTRUMENT NO. 98-072941, IN MAUI COUNTY, HAWAII.

8. SUBJECT TO AMENDMENT TO CERTIFICATE, DATED APRIL 14, 1999 RECORDED APRIL 16, 1999, AS INSTRUMENT NO. 99-059149, IN MAUI COUNTY, HAWAII.

9. SUBJECT TO AMENDED AND RESTATED DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS, DATED JUNE 18, 1992 RECORDED JUNE 18, 1992, AS INSTRUMENT NO. 92-097283, IN MAUI COUNTY, HAWAII.

10. SUBJECT TO SECOND AMENDMENT OF AMENDED AND RESTATED DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS, DATED JANUARY 22, 2013 RECORDED JANUARY 22, 2013, AS INSTRUMENT NO. A-47700685, IN MAUI COUNTY, HAWAII.

11. SUBJECT TO GRANT OF EASEMENT, DATED SEPTEMBER 14, 2001 RECORDED SEPTEMBER 24, 2001, AS INSTRUMENT NO. 2001-149857, IN MAUI COUNTY, HAWAII.

Linear Title & Closing
127 John Clarke Road
Middletown, RI  02842

EXHIBIT 2  PAGE  32

12. SUBJECT TO DECLARATION OF COVENANTS, CONDITIONS AND
RESTRICTIONS, DATED OCTOBER 31, 2001 RECORDED NOVEMBER 06, 2001, AS
INSTRUMENT NO. 2001-174502, IN MAUI COUNTY, HAWAII.

13. SUBJECT TO FIRST AMENDMENT OF DECLARATION OF COVENANTS,
CONDITIONS AND RESTRICTION, DATED NOVEMBER 19, 2001 RECORDED
NOVEMBER 21, 2001, AS INSTRUMENT NO. 2001-183096, IN MAUI COUNTY, HAWAII.

14. THE TERMS AND PROVISIONS, INCLUDING THE FAILURE TO COMPLY WITH
ANY COVENANTS, CONDITIONS, RESTRICTIONS, RESERVATIONS OR
OBLIGATIONS OF THAT CERTAIN AGREEMENT DATED AUGUST 8, 1978, MADE BY
AND BETWEEN COUNTY OF MAUI, DEPARTMENT OF WATER SUPPLY AND
AMFAC, INC., A HAWAII CORPORATION, RECORDED IN THE BUREAU OF
CONVEYANCES OF THE STATE OF HAWAII IN BOOK 13487 PAGE 93, TO WHICH
REFERENCE IS HEREBY MADE.

15. THE TERMS AND PROVISIONS, INCLUDING THE FAILURE TO COMPLY WITH
ANY COVENANTS, CONDITIONS, RESTRICTIONS, RESERVATIONS OR
OBLIGATIONS OF THAT CERTAIN SUBDIVISION AGREEMENT DATED JANUARY 28,
1985, MADE BY AND BETWEEN AMFAC PROPERTY INVESTMENT CORP., A HAWAII
CORPORATION, AND PIONEER MILL COMPANY, LIMITED, A HAWAII
CORPORATION, AND THE COUNTY OF MAUI, RECORDED IN THE BUREAU OF
CONVEYANCES OF THE STATE OF HAWAII IN BOOK 19324 PAGE 67, TO WHICH
REFERENCE IS HEREBY MADE.

16. THE TERMS AND PROVISIONS, INCLUDING THE FAILURE TO COMPLY WITH
ANY COVENANTS, CONDITIONS, RESTRICTIONS, RESERVATIONS OR
OBLIGATIONS OF THAT CERTAIN AGREEMENT DATED JANUARY 16, 1991, MADE
BY AND BETWEEN DEPARTMENT OF PUBLIC WORKS OF THE COUNTY OF MAUI
AND AMFAC PROPERTY INVESTMENT CORP., A HAWAII CORPORATION, FILED IN
THE OFFICE OF THE ASSISTANT REGISTRAR OF THE LAND COURT OF RECORDED
IN THE BUREAU OF CONVEYANCES OF THE STATE OF HAWAII AS DOCUMENT NO.
91- 009144, TO WHICH REFERENCE IS HEREBY MADE.

17. THE TERMS AND PROVISIONS, INCLUDING THE FAILURE TO COMPLY WITH
ANY COVENANTS, CONDITIONS, RESTRICTIONS, RESERVATIONS OR
OBLIGATIONS OF THAT CERTAIN CERTIFICATE DATED MAY 9, 1991, RECORDED
IN THE BUREAU OF CONVEYANCES OF THE STATE OF HAWAII AS DOCUMENT NO.
91-060134, AS AMENDED, TO WHICH REFERENCE IS HEREBY MADE.

18. COVENANTS, CONDITIONS, RESTRICTIONS, RESERVATIONS, AGREEMENTS,
OBLIGATIONS, AND OTHER PROVISIONS AS CONTAINED IN THE AMENDED AND
RESTATED DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR
KAANAPALI GOLF ESTATES DATED JUNE 18, 1992, RECORDED AS DOCUMENT NO.
92-097283, AS AMENDED.

Linear Title & Closing
127 John Clarke Road
Middletown, RI  02842

EXHIBIT 2  PAGE  33

19. THE TERMS AND PROVISIONS, INCLUDING THE FAILURE TO COMPLY WITH ANY COVENANTS, CONDITIONS, RESTRICTIONS, RESERVATIONS OR OBLIGATIONS OF THAT CERTAIN UNILATERAL AGREEMENT AND DECLARATION FOR CONDITIONAL ZONING DATED APRIL 21, 1998, MADE BY AND BETWEEN AMFAC PROPERTY INVESTMENT CORP., A HAWAII CORPORATION AND PIONEER MILL COMPANY, LIMITED, A HAWAII CORPORATION "DECLARANT" AND COUNTY OF MAUI "COUNCIL", RECORDED IN THE BUREAU OF CONVEYANCES OF THE STATE OF HAWAII AS DOCUMENT NO. 98-072941, TO WHICH REFERENCE IS HEREBY MADE.

20. THE TERMS AND PROVISIONS, INCLUDING THE FAILURE TO COMPLY WITH ANY COVENANTS, CONDITIONS, RESTRICTIONS, RESERVATIONS OR OBLIGATIONS OF THAT CERTAIN AGREEMENT FOR IMPLEMENTING UNILATERAL AGREEMENT CONDITIONS DATED NOVEMBER 3, 1999, MADE BY AND BETWEEN AMFAC PROPERTY INVESTMENT CORP., A HAWAII CORPORATION AND PIONEER MILL COMPANY, LIMITED, A HAWAII CORPORATION AND THE COUNTY OF MAUI, RECORDED IN THE BUREAU OF CONVEYANCES OF THE STATE OF HAWAII AS DOCUMENT NO. 99-184229, TO WHICH REFERENCE IS HEREBY MADE.

21. COVENANTS, CONDITIONS, RESTRICTIONS, RESERVATIONS, AGREEMENTS, OBLIGATIONS AND OTHER PROVISIONS AS CONTAINED IN LIMITED WARRANTY DEED AND RESERVATION OF RIGHTS AND EASEMENTS DATED JULY 31, 2000, RECORDED AS DOCUMENT NO. 2000-105484, AS AMENDED, TO WHICH REFERENCE IS HEREBY MADE, BUT DELETING ANY COVENANT, CONDITION OR RESTRICTION INDICATING A PREFERENCE, LIMITATION OR DISCRIMINATION BASED ON RACE, COLOR, RELIGION, SEX, HANDICAP, FAMILIAL STATUS, OR NATIONAL ORIGIN TO THE EXTENT SUCH COVENANTS, CONDITIONS OR RESTRICTIONS VIELATE 42 USC 3604(C).

22. COVENANTS, CONDITIONS, RESTRICTIONS, RESERVATIONS, AGREEMENTS, OBLIGATIONS AND OTHER PROVISIONS AS CONTAINED IN DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR THE PINNACLE AT ICAANAPAL1 DATED OCTOBER 31, 2001, RECORDED AS DOCUMENT NO. 2001-174502, AS AMENDED, TO WHICH REFERENCE IS HEREBY MADE, BUT DELETING ANY COVENANT, CONDITION OR RESTRICTION INDICATING A PREFERENCE, LIMITATION OR DISCRIMINATION BASED ON RACE, COLOR, RELIGION, SEX, HANDICAP, FAMILIAL STATUS, OR NATIONAL ORIGIN TO THE EXTENT SUCH COVENANTS, CONDITIONS OR RESTRICTIONS VIOLATE 42 USC 3604(C).

23. EASEMENT L-3, FOR LANDSCAPE PURPOSES, AS SHOWN ON SUBDIVISION MAP PREPARED BY ERIK S. KANESHIRO, LICENSED PROFESSIONAL LAND SURVEYOR, WITH AUSTIN, TSUTSUMI & ASSOCIATES, INC., DATED AUGUST I, 2000, REVISED JUNE 18, 2001 AND JULY 24, 2001, AS SET FORTH IN DEED DATED FEBRUARY 28, 2003, RECORDED AS DOCUMENT NO. 2005-0012822.

Linear Title & Closing
127 John Clarke Road
Middletown, RI  02842

EXHIBIT 2  PAGE  34

24. RESTRICTION OF VEHICLE ACCESS RIGHTS ALONG ROADWAY LOT 34, AS
SHOWN ON SUBDIVISION MAP PREPARED BY ERIK S. KANESHIRO, LICENSED
PROFESSIONAL LAND SURVEYOR, WITH AUSTIN, TSUTSUMI & ASSOCIATES, INC.,
DATED AUGUST 1, 2000, REVISED JUNE 18, 2001 AND JULY 24, 2001, AS SET FORTH
IN DEED DATED FEBRUARY 28, 2003, RECORDED AS DOCUMENT NO. 2005-0012822.

25. COVENANTS, CONDITIONS, RESTRICTIONS, RESERVATIONS, AGREEMENTS,
OBLIGATIONS AND OTHER, PROVISIONS AS CONTAINED IN WARRANTY DEED
WITH RESERVATONS AND COVENANTS DATED NOVEMBER 28, 2001, RECORDED
AS DOCUMENT NO. 2001-189314, TO WHICH REFERENCE IS HEREBY MADE, BUT
DELETING ANY COVENANT, CONDITION OR RESTRICTION INDICATING A
PREFERENCE, LIMITATION OR DISCRIMINATION BASED ON RACE, COLOR,
RELIGION, SEX, HANDICAP, FAMILIAL STATUS, OR NATIONAL ORIGIN TO THE
EXTENT SUCH COVENANTS, CONDITIONS OR RESTRICTIONS VIOLATE 42 USC
3604(C).

## LEGAL DESCRIPTION

## EXHIBIT "A"

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF MAUI, CITY OF LAHAINA, STATE OF HAWAII, AND IS DESCRIBED AS FOLLOW:

ALL OF THAT CERTAIN PARCEL OF LAND (BEING PORTION(S) OF THE LAND(S) DESCRIBED IN AND COVERED BY ROYAL PATENT GRANT 2567, LAND COMMISSION AWARD 7715, APANA 3 PART 1 TO LOTA KAMEHAMEHA, SITUATE, LYING AND BEING AT HANAKAOO, DISTRICT OF LAHAINA, ISLAND AND COUNTY OF MAUI, STATE OF HAWAII, BEING LOT 11 OF THE "THE PINNACLE AT KAANAPALI SUBDIVISION", SAME BEING A PORTION OF LOT 10-M-1 OF THE ROYAL KAANAPALI GOLD COURSE SUBDIVISION, AND CONTAINING AN AREA OF 132.911 ACRES, MORE OR LESS, BEING MORE PARTICULARLY DESCRIBED PER SURVEY OF ERIK S. KANESHIRO, LICENSED PROFESSIONAL LAND SURVEYOR WITH AUSTIN, TSUTSUMI & ASSOCIATES, INC., DATED OCTOBER 15, 2001, TO-WIT:

BEGINNING AT THE NORTHWEST CORNER OF THIS PARCEL OF LAND, BEING ALSO THE SOUTHWEST CORNER OF LOT 12 OF THE VIEWS AT KAANAPALI SUBDIVISION ALONG THE EAST SIDE OF ROADWAY LOT 34 (KUALAPA LOOP), THE COORDINATES OF SAID POINT OF BEGINNING REFERRED TO GOVERNMENT SURVEY TRIANGULATION STATION "MANINI", BEING 2,471.35 FEET SOUTH AND 11,377.42 FEET WEST AND RUNNING BY AZIMUTHS MEASURED CLOCKWISE FROM TRUE SOUTH:

1. 282° 16' 141.07 FEET ALONG LOT 12 OF THE VIEWS AT KAANAPALI SUBDIVISION, BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA;

2. 12° 16' 85.31 FEET ALONG THE WEST SIDE OF ROADWAY LOT 35 (EAST MAHI PUA PLACE) OF THE VIEWS AT KAANAPALI SUBDIVISION, BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA;

THENCE ALONG SAME, ON A CURVE TO THE LEFT WITH A RADIUS OF 822.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

3. 10° 08' 15" 61.08 FEET;

4. 98° 00' 30" 150.61 FEET ALONG LOT 10 OF THE VIEWS AT KAANAPALI SUBDIVISION, BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA;

5. 193° 27' 73.89 FEET ALONG THE EAST SIDE OF ROADWAY LOT 34 (KUALAPA LOOP) OF THE VIEWS AT KAANAPALI SUBDIVISION, BEING ALSO ALONG THE

Linear Title & Closing
127 John Clarke Road
Middletown, RI  02842

EXHIBIT 2  PAGE  36

REMAINDER OF R.P. 2567, LC. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA;

THENCE ALONG SAME, ON A CURVE TO THE RIGHT WITH A RADIUS OF 978.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

6. 195° 54' 22" 83.82 FEET TO THE POINT OF BEGINNING AND CONTAINING AN AREA OF 22,177 SQUARE FEET, MORE OR LESS.

ALSO TOGETHER WITH A NONEXCLUSIVE EASEMENT FOR PEDESTRIAN AND VEHICULAR PASSAGE OVER AND ACROSS THE FOLLOWING PARCELS OF LAND, BEING MORE PARTICULARLY DESCRIBED PER SURVEY OF ERIK S. KANESHIRO, LICENSED PROFESSIONAL LAND SURVEYOR WITH AUSTIN, TSUTSUMI & ASSOCIATES, INC., DATED OCTOBER 8, 2001 AND OCTOBER 15, 2001, TO-WIT ;

ROADWAY LOT 34 (KUALAPA LOOP) THE PINNACLE AT KAANAPALI SUBDIVISION

ALL OF THAT CERTAIN PARCEL OF LAND BEING A PORTION OR LOT 10-M-1 OF THE ROYAL KAANAPALI GOLF COURSE SUBDIVISION, BEING ALSO A PORTION OF ROYAL PATENT 2567, LAND COMMISSION AWARD 7715, APANA 3 PART 1 TO LOTA KAMEHAMEHA.

SITUATED AT HANAKAOO, LAHAINA, MAUI, HAWAII.

BEGINNING AT THE NORTHEAST CORNER OF THIS PARCEL OF LAND, BEING ALSO THE SOUTHWEST CORNER OF LOT 10-F-1 OF THE ROYAL KAANAPALI GOLF COURSE SUBDIVISION, THE COORDINATES OF SAID POINT OF BEGINNING REFERRED TO GOVERNMENT SURVEY TRIANGULATION STATION "MANINI", BEING 2,033.80 FEET SOUTH AND 11,203.03 FEET WEST AND RUNNING BY AZIMUTHS MEASURED CLOCKWISE FROM TRUE SOUTH:

1. 21° 58' 409.53 FEET ALONG LOTS 1, 35, AND 12 OF THE PINNACLE AT KAANAPALI SUBDIVISION, BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA;

THENCE ALONG LOTS 12 AND 11 OF THE PINNACLE AT KAANAPALI SUBDIVISION, BEING ALSO ALONG THE REMAINDER OF RP. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA ON A CURVE TO THE LEFT WITH A RADIUS OF 978.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

2. 17° 42' 30" 145.24 FEET;

3. 13° 27' 492.12 FEET ALONG LOTS 11, 10, AND 9 OF THE PINNACLE AT KAANAPALI SUBDIVISION, BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA;

4. 67° 21' 74.26 FEET ALONG LOTS 10-M-4 OF THE ROYAL KAANAPALI GOLF

Linear Title & Closing
127 John Clarke Road
Middletown, RI  02842

EXHIBIT 2  PAGE  37

COURSE SUBDIVISION, BEING ALSO ALONG THE REMAINDER OF R.P. 2567,L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA;

5. 193° 27' 535.87 FEET ALONG LOTS 20, 18, AND 17 OF THE PINNACLE AT KAANAPALI SUBDIVISION, BEING ALSO ALONG THE REMAINDER OF R. P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA;

THENCE ALONG LOTS 17 AND 13 OF THE PINNACLE AT KAANAPALI SUBDIVISION, BEING ALSO ALONG THE REMAINDER OF R.P. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA, ON A CURVE TO THE RIGHT WITH A RADIUS OF 1038.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

6. 197° 42' 30" 154.15 FEET;

7. 201° 58' 402.84 FEET ALONG LOTS 13, 36, AND 33 OF THE PINNACLE AT KAANAPALI SUBDIVISION AND LOT 10-M-2 OF THE ROYAL KAANAPALI GOLF COURSE SUBDIVISION, BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA;

8. 285° 36' 60.37 FEET ALONG LOT 36 OF THE KE ALII SUBDIVISION IIA TO THE POINT OF BEGINNING AND CONTAINING AN AREA OF 64,202 SQUARE FEET OR 1.474 ACRES, MORE OR LESS.

ROADWAY LOT 35 (EAST MAHI PUA PLACE) THE PINNACLE AT KAANAPALI SUBDIVISION

ALL OF THAT CERTAIN PARCEL OF LAND BEING A PORTION OF LOT 10-M-1 OF THE ROYAL KAANAPALI GOLF COURSE SUBDIVISION, BEING ALSO A PORTION OF ROYAL PATENT 2567, LAND COMMISSION AWARD 7715, APANA 3 PART 1 TO LOTA KAMEHAMEHA. SITUATED AT HANAKAOO, LAHAINA, MAUI, HAWAII.

BEGINNING AT THE NORTHWEST CORNER OF THIS PARCEL OF LAND, BEING ALSO THE SOUTHWESTERLY CORNER OF LOT 1 OF THE PINNACLE AT KAANAPALI SUBDIVISION ALONG THE EAST SIDE OF ROADWAY LOT 34 (KUALAPA LOOP), THE COORDINATES OF SAID POINT OF BEGINNING REFERRED TO GOVERNMENT SURVEY TRIANGULATION STATION "MANINI", BEING 2,193.88 FEET SOUTH AND 11,267.60 FEET WEST AND RUNNING BY AZIMUTHS MEASURED CLOCKWISE FROM TRUE SOUTH:

1. 333° 57' 14" 59.82 FEET ALONG LOT 1 OF THE PINNACLE AT KAANAPALI SUBDIVISION, BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA;

2. 291° 58' 00" 45.07 FEET ALONG SAME;

THENCE ALONG SAME ON A CURVE TO THE LEFT WITH A RADIUS OF 30.00 FEET,

Linear Title & Closing
127 John Clarke Road
Middletown, RI  02842

EXHIBIT 2  PAGE  38

THE CHORD AZIMUTH AND DISTANCE BEING:

3. 280° 24' 34" 12.02 FEET;

THENCE ALONG LOTS 1, 2, AND 3 OF THE PINNACLE AT KAANAPALI
SUBDIVISION, BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715,
AP. 3 PART 1 TO LOTA KAMEHAMEHA, ON A CURVE TO THE RIGHT WITH A
RADIUS OF 50.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

4. 340° 23' 50" 94.86 FEET;

THENCE ALONG LOT 3 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING
ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTS
KAMEHAMEHA, ON A CURVE TO THE LEFT WITH A RADIUS OF 30.00 FEET, THE
CHORD AZIMUTH AND DISTANCE BEING:

5. 32° 06' 16" 20.36 FEET;

6. 12° 16' 00" 225.92 FEET ALONG LOTS 3 AND 4 OF THE PINNACLE AT KAANAPALI
SUBDIVISION BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715,
AP. 3 PART 1 TO LOTA KAMEHAMEHA;

THENCE ALONG LOTS 5 AND 6 OF THE PINNACLE AT KAANAPALI SUBDIVISION
BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO
LOTA KAMEHAMEHA, ON A CURVE TO THE LEFT WITH A RADIUS OF 778.00 FEET,
THE CHORD AZIMUTH AND DISTANCE BEING:

7. 8° 18' 35" 107.38 FEET;

THENCE ALONG LOT 6 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING
ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOLA
KAMEHAMEHA, ON A CURVE TO THE LEFT WITH A RADIUS OF 20.00 FEET, THE
CHORD AZIMUTH AND DISTANCE BEING:

8. 336° 45' 09" 18.53 FEET;

THENCE ALONG LOT 6 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING
ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA
KAMEHAMEHA, ON A CURVE TO THE RIGHT WITH A RADIUS OF 50.00 FEET, THE
CHORD AZIMUTH AND DISTANCE BEING:

9. 344° 39' 04" 58.07 FEET;

THENCE ALONG LOT 7 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING
ALSO ALONG THE REMAINDER OF R.P. 2567, LC. AW. 7715, AP. 3 PART 1 TO LOTA
KAMEHAMEHA, ON A CURVE TO THE RIGHT WITH A RADIUS OF 50.00 FEET, THE

Linear Title & Closing
127 John Clarke Road
Middletown, RI  02842

EXHIBIT 2  PAGE  39

CHORD AZIMUTH AND DISTANCE BEING:

10. 57° 36' 30" 60.82 FEET;

THENCE ALONG LOT 8 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA, ON A CURVE TO THE RIGHT WITH A RADIUS OF 50.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

11. 122° 45' 42" 44.48 FEET;

THENCE ALONG LOT 9 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOLA KAMEHAMEHA, ON A CURVE TO THE RIGHT WITH A RADIUS OF 50.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

12. 162° 43' 42" 21.26 FEET;

THENCE ALONG LOT 10 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING ALSO ALONG THE REMAINDER OF R.P. 2567, LC. AW. 7715, AP. 3 PART ITO LOTA KAMEHAMEHA, ON A CURVE TO THE RIGHT WITH A RADIUS OF 50.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

13. 205° 10' 50" 50.27 FEET;

THENCE ALONG SAME, ON A CURVE TO THE LEFT WITH A RADIUS OF 20.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

14. 209° 45' 09" 17.29 FEET;

THENCE ALONG LOTS 10 AND 11 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO IOTA KAMEHAMEHA, ON A CURVE TO THE RIGHT WITH A RADIUS OF 822.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

15. 188° 12' 19" 116.44 FEET;

16. 192° 16' 00" 195.29 FEET ALONG LOTS 11 AND 12 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW.7715, AP.3 PART 1 TO LOTS KAMEHAMEHA;

THENCE ALONG LOT 12 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA, ON A CURVE TO THE LEFT WITH A RADIUS OF 70.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

Linear Title & Closing
127 John Clarke Road
Middletown, RI  02842

EXHIBIT 2  PAGE  40

17. 152° 07' 00" 90.27 FEET;

18. 111° 58' 00" 2.96 FEET ALONG LOT 12 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA;

19. 74° 26' 00" 63.67 FEET ALONG SAME;

20. 201° 58' 00" 146.81 FEET ALONG THE EAST SIDE OF ROADWAY LOT 34 (KUALAPA LOOP) OF THE PINNACLE AT KAANAPALI SUBDIVISION, BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA, TO THE POINT OF BEGINNING AND CONTAINING AN AREA OF 38,268 SQUARE FEET, MORE OR LESS.

ROADWAY LOT 36 (WEST MAHI PUA PLACE) THE PINNACLE AT KAANAPALI SUBDIVISION

ALL OF THAT CERTAIN PARCEL OF LAND BEING A PORTION OF LOT 10-M-1 OF THE ROYAL KAANAPALI GOLF COURSE SUBDIVISION, BEING ALSO A PORTION OF ROYAL PATENT 2567, LAND COMMISSION AWARD 7715, APANA. 3 PART 1 TO LOTA KAMEHAMEHA. SITUATED AT HANAKAOO LAHAINA, MAUI, HAWAII.

BEGINNING AT THE NORTHEAST CORNER OF THIS PARCEL OF LAND, BEING ALSO THE SOUTHEASTERLY CORNER OF LOT 33 OF THE VIEWS AT KAANAPALI SUBDIVISION ALONG THE WEST SIDE OF ROADWAY LOT 34 (KUALAPA LOOP), THE COORDINATES OF SAID POINT OF BEGINNING REFERRED TO GOVERNMENT SURVEY TRIANGULATION STATION "MANINI", BEING 2,171.20 FEET SOUTH AND 11,323.14 FEET WEST AND RUNNING BY AZIMUTHS MEASURED CLOCKWISE FROM TRUE SOUTH:

1. 21° 58' 00" 148.58 FEET ALONG THE WEST SIDE OF ROADWAY LOT 34 (KUALAPA LOOP) OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA;

2. 154° 55' 17" 59.22 FEET ALONG LOT 13 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA;

THENCE ALONG SAME ON A CURVE TO THE RIGHT WITH A RADIUS OF 70.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

3. 123° 44' 32" 22.53 FEET;

THENCE ALONG SAME, ON A CURVE TO THE LEFT WITH A RADIUS OF 80.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

4. 117° 24' 39" 43.01 FEET;

THENCE ALONG LOTS 13, 14 AND 15 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA, ON A CURVE TO THE LEFT WITH A RADIUS OF 208.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

5. 50° 54' 33" 322.88 FEET;

6. 360° 00' 00" 196.65 FEET ALONG LOTS 15, 16 AND 37 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTS KAMEHAMEHA;

THENCE ALONG LOTS 37 AND 19 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA, ON A CURVE TO THE KIT WITH A RADIUS OF 478.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

7. 353° 29' 40" 108.31 FEET;

THENCE ALONG LOT 19 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA, ON A CURVE TO THE LEFT WITH A RADIUS OF 20.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

8. 318° 42' 35" 18.95 FEET;

THENCE ALONG SAME, ON A CURVE TO THE RIGHT WITH A RADIUS OF 50.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

9. 332° 50' 36" 67.45 FEET;
THENCE ALONG LOT 20 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA, ON A CURVE TO THE RIGHT WITH A RADIUS OF 50.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

10. 36° 18' 05" 35.91 FEET;

THENCE ALONG LOT 38 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA, ON A CURVE TO THE RIGHT WITH A RADIUS OF 50.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

11. 71° 14' 00" 24.00 FEET;

THENCE ALONG LOT 23 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING

ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA, ON A CURVE TO THE RIGHT WITH A RADIUS OF 50.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

12. 122° 56' 36" 61.32 FEET;

THENCE ALONG LOT 24 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA, ON A CURVE TO THE RIGHT WITH A RADIUS OF 50.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

13. 188° 39' 40" 46.78 FEET;

THENCE ALONG SAME OF THE PINNACLE AT 1CAANAPALI SUBDIVISION BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA, ON A CURVE TO THE LEFT WITH A RADIUS OF 20.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

14. 191° 30' 05" 16.94 FEET;

THENCE ALONG LOTS 24 AND 25 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING ALSO ALONG THE REMAINDER OF LP. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA, ON A CURVE TO THE RIGHT WITH A RADIUS OF 522.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

15. 173° 13' 24" 123.19 FEET;

16. 180° 00' 00" 196.65 FEET ALONG LOTS 25, 26 AND 27 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING ALSO ALONG THE REMAINDER OF RT. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTS KAMEHAMEHA;

THENCE ALONG LOTS 27 AND 28 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING ALSO ALONG THE REMAINDER OF RT. 2567, L.C. AW. 771$, AP. 3 PART 1 TO LOTA KAMEHAMEHA, ON A CURVE TO THE RIGHT WITH A RADIUS OF 252.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

17. 189° 03' 18" 79.32 FEET;

THENCE ALONG LOT 28 OF THE PINNACLE AT 1CAANAPALI SUBDIVISION BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA 1CAMEHAMEHA, ON A CURVE TO THE LEFT WITH A RADIUS OF 50.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

18. 172° 25' 15" 43.35 FEET;
THENCE ALONG LOTS 29,30 AND 31 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715,

Linear Title & Closing
127 John Clarke Road
Middletown, RI  02842

EXHIBIT 2  PAGE  43

AP. 3 PART 1 TO LOTA KAMEHAMEHA, ON A CURVE TO THE RIGHT WITH A RADIUS OF 50.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

19. 216° 10' 17" 93.63 FEET

THENCE ALONG LOT 31 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA, ON A CURVE TO THE LEFT WITH A RADIUS OF 50.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

20. 259° 55' 19" 4335 FEET;

THENCE ALONG LOTS 31, 32 AND 33 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA, ON A CURVE TO THE RIGHT WITH A RADIUS OF 252.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

21. 260° 26' 09" 222.54 FEET;

THENCE ALONG LOT 33 OF THE PINNACLE AT KAANAPALI SUBDIVISION BEING ALSO ALONG THE REMAINDER OF R.P. 2567, L.C. AW. 7715, AP. 3 PART 1 TO LOTA KAMEHAMEHA, ON A CURVE TO THE LEFT WITH A RADIUS OF 80.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

22. 277° 05' 09" 26.55 FEET;

THENCE ALONG SAME, ON A CURVE TO THE TIGHT WITH A RADIUS OF 70.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

23. 278° 31' 24" 26.69 FEET;

24. 249° 00' 43" 59.22 FEET ALONG SAME TO THE POINT OF BEGINNING AND CONTAINING AN AREA OF 52,689 SQUARE FEET, MORE OR LESS.

ALSO, TOGETHER WITH AN EASEMENT FOR INGRESS AND EGRESS OVER AND ACROSS THE FOLLOWING PARCELS OF LAND, BEING MORE PARTICULARLY DESCRIBED BELOW, AS GRANTED BY GRANT OF ROADWAY EASEMENT DATED OCTOBER 1, 1992, RECORDED AS DOCUMENT NO. 92-167814, AMENDED BY INSTRUMENTS DATED 1997 (ACKNOWLEDGED AUGUST 12, 1997), RECORDED AS DOCUMENT NO. 97-160175, AND DATED OCTOBER 29, 1999, RECORDED AS DOCUMENT NO. 99-176812; AND SUBJECT TO THE TERMS AND PROVISIONS, INCLUDING THE FAILURE TO COMPLY WITH ANY COVENANTS, CONDITIONS AND RESERVATIONS, CONTAINED THEREIN.

LOT 10-E-2 ROYAL KAANAPALI GOLF COURSE SUBDIVISION

Linear Title & Closing
127 John Clarke Road
Middletown, RI  02842

EXHIBIT 2  PAGE  44

BEGINNING AT THE NORTHEAST CORNER OF THIS PARCEL OF LAND, AND ON THE SOUTH SIDE OF LOT B-3 OF THE OHBAYAHSI HAWAII CORPORATION SUBDIVISION, THE COORDINATES OF SAID POINT OF BEGINNING REFERRED TO GOVERNMENT SURVEY TRIANGULATION STATION "MANINI" BEING 665.21 FEET SOUTH AND 11,648.56 FEET WEST, AND RUNNING BY TRUE AZIMUTHS MEASURED CLOCKWISE FROM TRUE SOUTH:

1. 15° 20' 00" 352.27 FEET ALONG LOT 10-E-5 OF THE ROYAL KAANAPALI GOLF COURSE SUBDIVISION;

2. THENCE ALONG SAME, ON A CURVE TO THE LEFT WITH A RADIUS OF 30.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

331° 56' 50" 41.21 FEET;

3. THENCE ALONG THE NORTH SIDE OF LOT 10-E-3 (KUALAPA LOOP) OF THE ROYAL KAANAPALI GOLF SUBDIVISION, ON A CURVE TO THE LEFT WITH A RADIUS OF 1,000.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

105° 20' 00" 112.61 FEET;

4. THENCE ALONG LOT 10-E-1 OF THE ROYAL KAANAPALI GOLF SUBDIVISION, ON A CURVE TO THE LEFT WITH A RADIUS OF 30.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

238° 43' 10" 41.21 FEET;

5. 195° 20' 00" 363.00 FEET ALONG LOT 10-E-1 OF THE ROYAL KAANAPALI GOLF COURSE SUBDIVISION;

6. 296° 11' 00" 57.02 FEET ACROSS PUU ANOANO STREET TO THE POINT OF BEGINNING AND CONTAINING AN AREA OF 0.504 ACRES.

LOT 10-E-3 ROYAL KAANAPALI GOLF COURSE SUBDIVISION

BEGINNING AT THE NORTHEAST CORNER OF THIS PARCEL OF LAND, AND ON THE SOUTHEAST CORNER OF LOT 10-E-2 OF THE ROYAL KAANAPALI GOLF COURSE SUBDIVISION, THE COORDINATES OF SAID POINT OF BEGINNING REFERRED TO GOVERNMENT SURVEY TRIANGULATION STATION "MANINI" BEING 1,041.31 FEET SOUTH AND 11,722.33 FEET WEST, AND RUNNING BY TRUE AZIMUTHS MEASURED CLOCKWISE FROM TRUE SOUTH:

1. 18° 33' 40" 60.00 FEET ALONG LOT 10-E-5 OF THE ROYAL KAANAPALI GOLF COURSE SUBDIVISION

2. THENCE ALONG SAME, ON A CURVE TO THE LEFT WITH A RADIUS OF 940.00

FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

87° 14' 38" 683.44 FEET;

3. 155° 55' 36" 60.00 FEET ALONG LOT 10-E-5 OF THE ROYAL KAANAPALI GOLF COURSE SUBDIVISION;

4. THENCE ALONG THE SOUTH SIDE OF LOT 10-E-4 OF THE ROYAL KAANAPALI GOLF COURSE SUBDIVISION, ON A CARVE TO THE RIGHT WITH A RADIUS OF 1,000.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

249° 05' 56" 110.67 FEET;

5. THENCE ALONG THE SOUTH SIDE OF LOT 10-B-1 OF THE ROYAL KAANAPALI GOLF COURSE SUBDIVISION, ON A CURVE TO THE RIGHT WITH A RADIUS OF 1,000.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

259° 21' 53" 246.98 FEET;

6. THENCE ALONG THE SOUTH SIDE OF LOT 10-E-1 OF THE ROYAL KAANAPALI GOLF COURSE SUBDIVISION, ON A CURVE TO THE RIGHT WITH A RADIUS OF 1,000.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

274° 16' 55" 272.25 FEET;

7. THENCE ALONG THE SOUTH SIDE OF LOT 10-E-2 OF THE ROYAL KAANAPALI GOLF COURSE SUBDIVISION, ON A CURVE TO THE RIGHT WITH A RADIUS OF 1,000.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

285° 20' 00" 112.61 FEET TO THE POINT OF BEGINNING AND CONTAINING AN AREA OF 0.994 ACRE, MORE OR LESS.

ALSO TOGETHER WITH A NON-EXCLUSIVE CASEMENT FOR ROADWAY PURPOSES OVER AND ACROSS LOT 10-E-5-C OF THE "ROYAL KAANAPALI GOLF COURSE SUBDIVISION", SAME BEING A PORTION OF LOTS 10-F AND 10-E-5 OF THE "ROYAL KAANAPALI GOLF COURSE SUBDIVISION", AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHEAST CORNER OF THIS PARCEL OF LAND, ON THE PRESENT EAST SIDE OF PUU ANOANO STREET, THE COORDINATES OF SAID POINT OF BEGINNING REFERRED TO GOVERNMENT SURVEY TRIANGULATION STATION "MANINI" BEING 682.57 FEET SOUTH AND 11,607.69 FEET WEST, AND RUNNING BY AZIMUTHS MEASURED CLOCKWISE FROM TRUE SOUTH:

1. 15° 20' 00.0" 349.75 FEET ALONG THE REMAINDER OF L.C. AW. 7715, AP. 3, PART 1 TO LOTA KAMEHAMEHA, ALONG LOT 10-F-1 OF THE ROYAL KAANAPALI GOLF

Linear Title & Closing
127 John Clarke Road
Middletown, RI  02842

EXHIBIT 2  PAGE  46

COURSE SUBDIVISION;

THENCE ALONG SAME, ON A CURVE TO THE LEFT WITH A RADIUS OF 30.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

2. 333° '10' 29.3" 40.27 FEET;

THENCE ALONG THE REMAINDER OF L.C. AW. 7715, AP. 3, PART 1 TO LOTA KAMEHAMEHA, ALONG LOT 10-F-2 OF THE ROYAL KAANAPALI GOLF COURSE SUBDIVISION, ON A CURVE TO THE LEFT WITH A RADIUS OF 1,000 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

3. 109° 47' 19.3" 42.85 FEET;

THENCE ALONG THE REMAINDER OF L.C. AW. 7715, AP. 3, PART 1 TO LOTA KAMEHAMEHA, ALONG THE PRESENT EAST SIDE OF PUU ANOANO STREET, LOT 10-E-2 OF THE ROYAL KAANAPALI GOLF COURSE SUBDIVISION, ON A CURVE TO THE TIGHT WITH A RADIUS OF 30.00 FEET, THE CHORD AZIMUTH AND DISTANCE BEING:

4. 151° 56' 50.0" 41.21 FEET;

5. 195° 20' 00.0" 352.27 FEET ALONG THE REMAINDER OF L.C. AW. 7715, AP. 3, PART ITO LOTA KAMEHAMEHA, ALONG THE PRESENT EAST SIDE OF PUU ANOANO STREET, LOT 10-E-2 OF THE ROYAL KAANAPALI GOLF COURSE SUBDIVISION;

6. 296° 11' 00.0" 37.18 FEET ALONG LOT A OF THE OBAYASHI HAWAII CORPORATION SUBDIVISION;

7. 277° 20' 00.0" 7.56 FEET ALONG THE SAME TO THE POINT OF BEGINNING AND CONTAINING AN AREA OF 0.382 ACRE, MORE OR LESS.

PARCEL ID #440180110000

THIS BEING THE SAME PROPERTY CONVEYED TO MATTHEW J. WHITMAN, HUSBAND OF CARLA M. WHITMAN AND CARLA M. WHITMAN, WIFE OF MATTHEW J. WHITMAN, AS JOINT TENANTS THE SURVIVOR OF THEM FROM CARLA WHITMAN, MARRIED IN A DEED DATED JUNE 13, 2006 AND RECORDED JUNE 23, 2006 AS INSTRUMENT NO. 2006-115476.

Property Commonly Known As: **36 East Mahipua Place Lahaina, HI 96761**

Linear Title & Closing
127 John Clarke Road
Middletown, RI  02842

EXHIBIT 2  PAGE  47

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 950, Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*):  **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) AUTHORIZING THE SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(B) AND (F); (2) APPROVING OVERBID PROCEDURES; AND (3) APPROVING BUYER, SUCCESSFUL BIDDER, AND BACK-UP BIDDER AS GOOD-FAITH PURCHASERS PURSUANT TO 11 U.S.C. § 363(M);MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY I. GOLDEN IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **June 30, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL**:
On (*date*) **June 30, 2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **June 30, 2016**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Erithe Smith, 411 W. 4th Street, 5th Floor, Santa Ana, CA  92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 30, 2016 | Kelly Adele | /s/ Kelly Adele |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
0.0

**F 9013-3.1.PROOF.SERVICE**

**VIA U.S. MAIL**

Matthew Jason Whitman and
Carla Maria Whitman
3419 Via Lido #123
Newport Beach, CA 92663
**Debtors**

Ventures Trust 2013-I-H-R
by MCM Capital Partners, its Trustee
Attn:  Officer, Director or Manager
7500 Old Georgetown Rd.
Bethesda, MD 20814

E*Trade
Attn:  Officer, Director or Manager
6750 Miller Rd.
Brecksville, OH 44141

E*Trade Bank
Attn:  Officer, Director or Manager
671 North Glebe Road, 16th Floor
Arlington, VA 22203

Kaanapali Golf Estates Community
Association, Inc.
Attn:  Officer, Director or Manager
c/o Destination Maui Inc., Agent
220 Imi Kala St Ste 104
Wailuku, HI 96793

Kaanapali Golf Estates
Attn:  Officer, Director or Manager
PO Box 60578
Phoenix, AZ 85082-0578

Skyline Pools of Hawaii, Inc.
c/o Matthew V. Pietsch
One Main Plaza
2200 Main Street, Suite 515
Wailuku, HI 96793

Skyline Pools of Hawaii, Inc.
Mezzeti Financial Services, Inc.
Attn:  Officer, Director or Manager
PO Box 59595
San Jose, CA 95159

Director of Finance
County of Maui
Real Property Tax Division
70 East Kaahumanu Ave A16
Kahului, HI 96732

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346
Pursuant to Filed Proof of Claim

Internal Revenue Service
Attn:  T. Smith, Bankruptcy Specialist
Insolvency Group 7 M/S 2277
333 W. Broadway
San Diego, CA 92101-3805
Pursuant to Filed Proof of Claim

Internal Revenue Service
PO Box 145595
Cincinnati, OH 45250-9734

Internal Revenue Service
PO Box 145595, Stop 8420G
Cincinnati, OH 45250-5585

United States Attorney's Office
Federal Building, Room 7516
300 North Los Angeles Street
Los Angeles, CA 90012

United States Department of Justice
Ben Franklin Station
P. O. Box 683
Washington, DC 20044

Bank of America
Attn:  Officer, Director or Manager
450 American Street
Simi Valley, CA 93065

Bank of America
Attn:  Corr Unit/CA6-919-02-41
PO Box 5170
Simi Valley, CA 93062

Bank of America, National Association
c/o C T Corporation System
Agent for Service of Process
818 West Seventh St., Ste. 930
Los Angeles, CA 90017

Bank of America, National Association
Attn:  Officer, Director or Manager
150 N. College St.; NC1-028-17-06
Charlotte, NC 28255

Bank of America, National Association
Attn:  Officer, Director or Manager
100 North Tryon St.
Charlotte, NC 28202

Ronald S. Caswell,
dba Caswell & Associates
c/o Kyle P. Kelley, Esq.
51 Rainey Street, Suite 801
Austin, TX 78701
Pursuant to Filed Proof of Claim

Ronald S. Caswell
c/o Kyle P. Kelley
433 N. Camden Drive, Suite 965
Beverly Hills, CA 90210

The Pinnacle at Kaanapali Subd
aka The Views at Kaanapali
Attn:  Officer, Director or Manager
36 East Mahi Pau Place
Lahaina, HI 96761

**Electronic Mail Notice List**

Caren J Castle      wdk@wolffirm.com, wdk@wolffirm.com
Marian Garza      ecfnotices@ascensioncapitalgroup.com
Beth Gaschen      bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com
Jeffrey I Golden (TR)      ljones@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com;lfisk@wgllp.com
Christopher J Green      cgreen@lwgfllp.com, chrisgreen@ucla.edu;kadele@lwgfllp.com;lfisk@lwgfllp.com;christopher-green-2815@ecf.pacerpro.com
Leslie M Klott      bankruptcy@zievelaw.com
Derik N Lewis      dlewis@vantislaw.com, esieg@vantislaw.com
Christina J O      christinao@mclaw.org, erica@mclaw.org
United States Trustee (SA)      ustpregion16.sa.ecf@usdoj.gov

6/30/2016

**BankFind Search Results**
## Data as of 6/23/2016

| Search Within | |
|---|---|

☐ Active Only

### Search using Name "e*trade"

Showing 1 to 3 of 3 entries

| Bank Name | FDIC # | FDIC Status | Headquarters | Locations |
|---|---|---|---|---|
| E*TRADE Bank | 30746 | Active | Arlington, VA | Specific Locations |
| E*TRADE Savings Bank | 58119 | Active | Arlington, VA | Specific Locations |
| E*TRADE United Bank | 32477 | | Arlington, VA | |

Showing 1 to 3 of 3 entries

ank Information

*E*TRADE Bank* - *Active* (FDIC # 30746)  Insured Since  June 23, 1955

## Data as of: June 22, 2016

### E*TRADE Bank is an active bank

| | |
|---|---|
| **FDIC Certificate#:** | *30746* |
| **Headquarters:** | *671 North Glebe Road, 16th Floor* |
| | *Arlington, VA 22203* |
| | *Arlington County* |
| **Locations:** | **2** *domestic in* **1** *states,* |
| | **0** *in territories, and* **0** *in foreign locations* |
| **Established:** | *January 1, 1933* |
| **Insured:** | *June 23, 1955* |
| **Bank Charter Class:** | *Savings Association* |
| **Regulated By:** | *Office of the Comptroller of the Currency* |

**Corporate Website:**
http://www.etrade.com

**Consumer Assistance:**
http://www.helpwithmybank.gov

**Contact the FDIC about:**
*E*TRADE Bank*

| Locations | History | Identifications | Financials |

**Showing 1 to 2 of 2 entries**

| UNINUM | Number | Name | Address | County | City | State | Zip | Service Type | Established Date | Acquired Date |
|---|---|---|---|---|---|---|---|---|---|---|
| 43580 | | *E*trade Bank* | *671 North Glebe Road, 16th Floor* | *Arlington* | *Arlington* | *VA* | *22203* | *Full Service Brick and Mortar Office* | *01/01/1933* | |
| 363578 | 5 | *North Glebe Road Teller Station Branch* | *671 North Glebe Road* | *Arlington* | *Arlington* | *VA* | *22203* | *Limited Service Facility Office* | *06/12/2001* | |

BREG Online Services - Business Registered Entities Info

*You are here: BREG Online Services*

| Begins with ▼ | | Search | 🛒 **Cart** |

---

*Home - BREG*

*BREG Online Services*

  *Annual Business Filing*

  *Search for a Business Entity*

  *Purchase Documents Online*

  *Purchase Certificate of Good Standing*

  *Authenticate a Certificate of Good Standing*

  *Register a Business*

  *MyBusiness Alerts NEW*

  *Entity List Builder*

*Contact BREG*

*Technical Support*

*Feedback*

*Create an Account*

# KAANAPALI GOLF ESTATES COMMUNITY ASSOCIATION, INC.

DOMESTIC NONPROFIT CORPORATION

GENERAL INFO    **ANNUAL FILINGS**    **OFFICERS**    **OTHER FILINGS**    **BUY AVAILABLE DOCS**

## General Info

⚲ VIEW AND PRINT COMPANY INFO

**Purchase a Certificate of Good Standing for this business:**

☐ 📄 ELECTRONIC . . . . . . . **$7.50**

☐ 📄 PRINTED . . . . . . . **$7.50**

Add to Cart

| | |
|---|---|
| **MASTER NAME** | KAANAPALI GOLF ESTATES COMMUNITY ASSOCIATION, INC. |
| **BUSINESS TYPE** | Domestic Nonprofit Corporation |
| **FILE NUMBER** | 82288 D2 |
| **STATUS** | Active |
| **PURPOSE** | COMMUNITY ASSOCIATION |
| **PLACE INCORPORATED** | Hawaii UNITED STATES |
| **REGISTRATION DATE** | Dec 19, 1990 |
| **MAILING ADDRESS** | C/O DESTINATION MAUI INC 220 IMI KALA ST STE 104 WAILUKU, Hawaii 96793 UNITED STATES |
| **CONSENT NAME** | AMFAC PROPERTY INVESTMENT CORP. |
| **SIMILAR NAME** | KAANAPALI GOLF ESTATES |
| **TERM** | PER |
| **AGENT NAME** | DESTINATION MAUI, INC. |
| **AGENT ADDRESS** | 220 IMI KALA ST STE 104 WAILUKU, Hawaii 96793 UNITED STATES |

---

Copyright © 2016 Hawaii Information Consortium, LLC. All rights reserved.

View in: Mobile | **Classic**

# Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings.
Results reflect work processed through Tuesday, June 28, 2016. Please refer to
Processing Times for the received dates of filings currently being processed. The data
provided is not a complete or certified record of an entity.

| | |
|---|---|
| Entity Name: | BANK OF AMERICA, NATIONAL ASSOCIATION |
| Entity Number: | C2551762 |
| Date Filed: | 04/14/2003 |
| Status: | ACTIVE |
| Jurisdiction: | UNITED STATES |
| Entity Address: | 150 N COLLEGE ST; NC1-028-17-06 |
| Entity City, State, Zip: | CHARLOTTE NC 28255 |
| Agent for Service of Process: | C T CORPORATION SYSTEM |
| Agent Address: | 818 WEST SEVENTH ST STE 930 |
| Agent City, State, Zip: | LOS ANGELES CA 90017 |

* Indicates the information is not contained in the California Secretary of State's
database.

- If the status of the corporation is "Surrender," the agent for service of process is
  automatically revoked. Please refer to California Corporations Code section 2114 for
  information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports
  or to request a more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions
  and Status Definitions.

Privacy Statement | Free Document Readers

Copyright © 2016   California Secretary of State

**BankFind Search Results**
**Data as of 6/23/2016**

| Search Within | |
|---|---|

| ☐ Active Only | |
|---|---|

**Search using Name "BANK OF AMERICA, NATIONAL ASSOCIATION"**

Showing 1 to 5 of 5 entries

| Bank Name | FDIC # | FDIC Status | Headquarters | Locations |
|---|---|---|---|---|
| Bank of America, National Association | 3510 | Active | Charlotte, NC | Specific Locations |
| Bank of America, National Association | 15802 | | Charlotte, NC | |
| Bank of America, National Association | 17300 | | Las Vegas, NV | |
| Bank of America, National Association (USA) | 27595 | | Phoenix, AZ | |
| Bank of America, Rhode Island, National Association | 58032 | | Providence, RI | |

Showing 1 to 5 of 5 entries

ank Information

*Bank of America, National Association - Active (FDIC # 3510)  Insured Since  January 1, 1934*

**Data as of: June 22, 2016**

**Bank of America, National Association is an active bank**

| | |
|---|---|
| **FDIC Certificate#:** | 3510 |
| **Headquarters:** | *100 North Tryon St* |
| | *Charlotte, NC 28202* |
| | *Mecklenburg County* |
| **Locations:** | **4793** *domestic in* **35** *states,* |
| | **0** *in territories, and* **229** *in foreign locations* |
| **Established:** | *October 17, 1904* |
| **Insured:** | *January 1, 1934* |
| **Bank Charter Class:** | *National Bank* |
| **Regulated By:** | *Office of the Comptroller of the Currency* |
| **Corporate Website:** | |
| *http://www.bankofamerica.com* | |
| **Consumer Assistance:** | |
| *http://www.helpwithmybank.gov* | |
| **Contact the FDIC about:** | |
| *Bank of America, National Association* | |

| Locations | | History | Identifications | Financials |
|---|---|---|---|---|

**Showing 1 to 25 of 5,022 entries**

| UNINUM | Number | Name | Address | County | City | State | Zip | Service Type | Established Date | Acquired Date |
|---|---|---|---|---|---|---|---|---|---|---|
| 198799 | 1361 | Alexandria Branch (Frgn) | 10 Rue Patrice Lumumba | | Alexandria | | | Full Service Brick and Mortar Office | 10/01/1979 | |
| 198671 | 1231 | Amsterdam Branch (Frgn) | 1000 Bp Amsterdam | | Amsterdam | | | Full Service Brick and Mortar Office | 11/19/1962 | |
| 198711 | 1272 | Anguilla Branch (Frgn) | The Valley | | Anguilla | | | Full Service Brick and Mortar Office | 07/25/1968 | |
| 198681 | 1241 | Antwerp Branch (Frgn) | 34 Van Eycklei | | Antwerp | | | Full Service Brick and Mortar Office | 07/01/1965 | |
| 193239 | 7184 | Sacramento Urban Branch (Frgn) | Avda Espanola Y Sacramento | | Ascuncion | | | Full Service Brick and Mortar Office | 11/23/1983 | 06/13/2005 |
| 193226 | 7171 | Arroclub Branch (Frgn) | Avenida Eusebio Ayala Y De La Victori | | Asuncion | | | Full Service Brick and Mortar Office | 03/12/1981 | 06/13/2005 |
| 193189 | 7124 | Banco De Boston Branch (Frgn) | Pte. Franco 706 Y O'leary, Casilla D | | Asuncion | | | Full Service Brick and Mortar Office | 11/12/1979 | 06/13/2005 |
| 198703 | 1263 | Asuncion Branch (Frgn) | Chile And Oliva Streets | | Asuncion | | | Full Service Brick and Mortar Office | 01/12/1968 | |
| 198708 | 1269 | Athens Branch (Frgn) | Panepistimiou Street | | Athens | | | Full Service Brick and Mortar Office | 06/20/1968 | |
| 201627 | 3238 | Athens Branch (Frgn) | Stadiou 24 | | Athens | | | Full Service Brick and Mortar Office | 12/31/1971 | 07/01/1997 |
| 193153 | 7091 | Avellaneda Branch (Frgn) | Avenida General Mitre 570 | | Avellaneda | | | Full Service Brick and Mortar Office | 07/14/1926 | 06/13/2005 |
| 198661 | 1220 | Bangkok Branch (Frgn) | 2/2 Wireless Road | | Bangkok | | | Full Service Brick and Mortar Office | 12/01/1949 | |
| 201637 | 3248 | Barcelona Branch (Frgn) | Entenza 332-334 | | Barcelona | | | Full Service Brick and Mortar Office | 02/10/1981 | 07/01/1997 |
| 193162 | 7099 | Belgravia (London) Branch (Frgn) | 31 Lowndes Street | | Belgravia | | | Full Service Brick and Mortar Office | 06/01/1966 | 06/13/2005 |
| 198694 | 1254 | Birmingham Branch (Frgn) | 118-120 Colmore Row | | Birmingham | | | Full Service Brick and Mortar Office | 06/15/1967 | |
| 198676 | 1236 | Bombay Branch (Frgn) | Nariman Point, Express Towers | | Bombay | | | Full Service Brick and Mortar Office | 05/20/1964 | |
| 193182 | 7117 | Brasilia Branch (Frgn) | Edeficio Federacao Do Comercio Quadra 6 Loja | | Brasilia | | | Full Service Brick and | 09/14/1977 | 06/13/2005 |