EILEEN M. DECKER
United States Attorney
ROBERT F. CONTE
Assistant United States Attorney
Acting Chief, Tax Division
NAJAH J. SHARIFF (Cal. Bar No. 201216)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2534
    Facsimile: (213) 894-0115
    E-mail: najah.shariff@usdoj.gov

Attorneys for the United States of America

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br><br>MATTHEW JASON WHITMAN<br>CARLA MARIA WHITMAN,<br><br><br><br>        Debtors. | Case No.  8:15-bk-12147-ES<br><br>Chapter 7<br><br>RESPONSE OF THE UNITED STATES OF AMERICA, ON BEHALF OF ITS AGENCY, THE INTERNAL REVENUE SERVICE, TO THE DEBTOR'S MOTION TO COMPEL ABANDONMENT OF PROPERTY BY TRUSTEE [DOCKET NO. 70] AND TRUSTEE'S OPPOSITION TO DEBTOR'S  MOTION TO COMPEL [DOCKET NO. 72]; DECLARATION OF TIMOTHY C. SCHAKOW IN SUPPORT THEREOF<br><br>Hearing Date:  07/19/2016<br>Hearing Time:  10:30 a.m.<br>Location:      Courtroom 5A<br>             411 West Fourth Street<br>             Santa Ana, CA 92701-4593 |

The UNITED STATES OF AMERICA (hereinafter "United States"), on behalf of its Agency, the Internal Revenue Service (hereinafter "IRS"), hereby files this Response to the Debtor Matthew Jason Whitman and Carla Maria Whitman's (hereinafter "debtors") Motion to Compel Abandonment of Property by Trustee (Docket No. 70) (hereinafter "Motion") and the Trustee's Opposition to said Motion (Docket No. 72).

**Real Property located at 111 Via Lido Soud, Newport Beach, California 92663**

In the Motion, the debtors are seeking this Court's assistance to compel the Trustee to abandon the real property located at 111 Via Lido Soud, in Newport Beach, California 92663 (hereinafter "Property") on the grounds that the Property is of inconsequential value to the estate. The Chapter 7 Trustee does not have any objections to the abandonment of subject Property. See Document No. 72.  By this Response, the United States does not have any objections or opposition to the abandonment of said Property.

In said Motion, the debtors are also claiming that the Property is no longer property of the Bankruptcy Estate based upon the debtors' claimed exemption and Trustee's failure to object thereto. If this Court determines that the debtors' are entitled to exemption, then the United States asserts that the exempt Property remains subject to the lien of the IRS pursuant to section 522(c)(2)(B) of the Bankruptcy Code; and,  consequently, the IRS is permitted to enforce its claim against otherwise exempt property of the debtors.

Pursuant to 11 U.S.C. § 541(a), all of the debtors' interests in property, including whatever interests the debtor may ultimately keep as exempt, become property of the estate upon the commencement of the debtor's case.  See 11 U.S.C. § 541(a); see also, Liberty State Bank and Trust v. Grosslight (In re Grosslight), 757 F.2d 773, 775 (6th Cir.1985).   Section 522(b)(1) of the Bankruptcy Code then empowers the debtors to set aside certain property from the property of the estate as exempt from the claims of creditors.  See 11 U.S.C. § 522(b).  Under the Bankruptcy Code, the debtors may choose between the exemptions provided by federal law and those provided by state law.  See 11 U.S.C. § 522(b).  Relying on state law, the debtors in this case are claiming that they are entitled to an exemption pursuant to California Code of Civil Procedure § 704.703.140 (b)(5).

If the exemption claimed is unchallenged, or if whatever objection made is overruled, the property selected as exempt ceases to be part of property of the estate by operation of section 522(l). See 11 U.S.C. § 522(l).  Furthermore, property for which a debtor claims an exemption is removed from the estate. 11 U.S.C. § 522(b); see also In re Fishman, 241 B.R. 568, 574 (Bankr.N.D.Ill.1999). Such property is further protected by section 522(c) of the Bankruptcy Code, which states in relevant part that "property exempted under this section is not liable during or after the case for any of the

2

debt of the debtor that arose . . . before the commencement of the case[.]"  11 U.S.C. § 522(c).

Consequently, the exempt property is separate and apart from the Bankruptcy Estate.

The Bankruptcy Code provides various exceptions under section 522(c) to the exemption. Among them, under 11 U.S.C. § 522(c)(2)(B), a debtor cannot exempt property from a tax lien, "notice of which is properly filed".  See 11 U.S.C. § 522(c)(2)(B); see also In re Doviak, 161 B.R. 379, 381-2 (E.D. Texas 1993) (finding that liens are not subject to 11 U.S.C. § 522(f), and are allowed to remain against exempt property under 11 U.S.C. § 522(c)(2)(B)); and In re Kapp, 285 B.R. 176, 182 (M.D.N.C. 2002)("Because § 522 and state exemptions are inapplicable to tax liens and tax liens are not judicial liens, 11 U.S.C. § 522(f)(1)(a) cannot be used to avoid a tax lien."); see United States. v. Estes, 450 F.2d 62, 65 (5th Cir.1971) ("...'[n]o provision of a state law may exempt property or rights to property from levy for the collection of' federal taxes owed."); In re Bolden, 327 B.R. 657, 663 (Bankr.C.D.Cal.2005) (quoting United States v. Rodgers, 461 U.S. 677, 701, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983)(Indeed, the Supremacy Clause permits the federal government to effectively " 'sweep aside state-created exemptions.' ")).

In this case, the IRS properly filed the Notice of Federal Tax Lien on June 8, 2011 with the Orange County Recorder's Office in the amount of $777,617.88 for Trust Fund Recovery Penalties under Internal Revenue Code § 6672 due by the debtors for three quarters in 2007 and two quarters in 2008.  See Declaration of Timothy Schakow (hereinafter "Schakow Decl."), ¶ 3 and **Exhibit A**. Accordingly, section 522(c)(2)(B) of the Bankruptcy Code is applicable and all claimed exempt property is removed from the estate but remains subject to the lien of the IRS.  Consequently, the IRS is permitted to enforce its claim against otherwise exempt property of the debtors.   To the extent this Court is inclined to allow the debtors their claimed exemption, the IRS should receive any monies related to the claimed exemption under section 522(c)(2)(B) of the Bankruptcy Code.

**Rents generated from the Property**

In the Motion, the debtors also claim that the rents generated from the Property revert to the debtors upon abandonment of the Property.  Alternatively, the debtors assert that the rents generated from the Property be abandoned by the Trustee because of inconsequential value.  If this Court determines that the rental proceeds should be abandoned by the Trustee and/or that the rental

1   proceeds reverts to the debtors upon abandonment of the Property, the United States asserts that

2   said rental proceeds are subject to the liens of the IRS pursuant to 26 U.S.C. §§ 6321 and 6322, and

3   that the IRS can immediately pursue administrative collection action to secure these rental proceeds.

4        A federal tax lien attaches to "all property and rights to property, whether real or personal,

5   belonging" to the taxpayer.   26 U.S.C. § 6321.   The federal tax lien imposed by §6321 arises when an

6   assessment is made and continues until either the taxpayer's liability is satisfied or the statute of

7   limitations on collection expires. 26 U.S.C. § 6322.   A federal tax lien is thus a statutory lien. See 11

8   U.S.C. § 101(53)(defining a statutory lien as a "lien arising solely by force of a statute on specified

9   circumstances or conditions…").   Because the federal tax lien of the IRS is a statutory lien and not a

10   judicial lien, and because it is not a security interest as defined in 11 U.S.C. § 101(50) and (51), the

11   debtors cannot rely on 11 U.S.C. § 522(f)(1) to avoid any tax lien of the IRS.

12        In this case, the IRS assessed these Trust Fund Recovery Penalties under Internal Revenue Code

13   § 6672 on November 15, 2010. See Schakow Decl., ¶ 4 and **Exhibit A**.   The statute of limitation for

14   collection expires on December 15, 2020. See Schakow Decl., ¶ 5 and **Exhibit A**.   The IRS properly filed

15   the Notice of Federal Tax Lien on June 8, 2011 with the Orange County Recorder's Office in the

16   amount of $777,617.88. See Schakow Decl., ¶ 3 and **Exhibit A**.   Consequently, the IRS liens attaches to

17   the rental proceeds under sections 6321 and 6322 of the Internal Revenue Code.   Furthermore, the

18   IRS will be entitled to pursue administrative collection actions, including but not limited to the

19   issuance of levies against the debtors to seize the rental proceeds.

20        In the Motion, the debtors also appear to be claiming that the rental property is no longer

21   property of the estate based upon the debtors' claimed exemption and Trustee's failure to object

22   thereto.   If the Court determines that the debtors' are entitled to exemption with respect to the

23   rental proceeds, then the United States asserts that the exempt rental proceeds remain subject to the

24   lien of the IRS pursuant to section 522(c)(2)(B) of the Bankruptcy Code, for the same reasons as set

25   forth above regarding the Property; and,  consequently, the IRS is permitted to enforce its claim

26

27

28

against otherwise exempt property of the debtors which are no longer part of the Bankruptcy Estate.

Dated: June 30, 2016                           Respectfully submitted,

                                               EILEEN M. DECKER
                                               United States Attorney
                                               ROBERT CONTE
                                               Assistant United States Attorney
                                               Acting Chief, Tax Division


                                                    /s/ Najah J. Shariff
                                               _____
                                               NAJAH J. SHARIFF
                                               Assistant United States Attorney
                                               Attorneys for Plaintiff
                                               UNITED STATES OF AMERICA

1

## DECLARATION OF TIMOTHY C. SCHAKOW

2      I, TIMOTHY SCHAKOW, declare and state as follows:

3      1.      I am employed as a Supervisory Revenue Officer for the Internal Revenue Service
4  (hereinafter "IRS").

5      2.      In my capacity as a Supervisory Revenue Officer, I am familiar with the bankruptcy case
6  of Matthew Jason Whitman and Carla Maria Whitman, (hereinafter the "debtors"), case no. 8:15-BK-
7  12147-ES.

8      3.      The IRS properly filed the Notice of Federal Tax Lien on June 8, 2011 with the Orange
9  County Recorder's Office in the amount of $777,617.88 for Trust Fund Recovery Penalties under
10 Internal Revenue Code § 6672 due by the debtors for three quarters in 2007 and two quarters in 2008.
11 Attached hereto as **Exhibit A** is a true and correct copy of the Facsimile Federal Tax Lien Document
12 that was recorded on June 8, 2011.

13      4.      In this case, the IRS assessed these Trust Fund Recovery Penalties under Internal
14 Revenue Code § 6672 on or about November 15, 2010. See **Exhibit A**.

15      5.      The statute of limitation for collection expires on December 15, 2020.  See **Exhibit A**.

16      Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and
17 correct.

18   Date:  7 / 2016

19                                   Timothy C. Schakow
20                                   Supervisory Revenue Officer
                                     Internal Revenue Service
21                                   San Jose, California

22

23

24

25

26

27

28

# EXHIBIT A

```
9673                                              COURT RECORDING DATA
```

| INTERNAL REVENUE SERVICE<br>FACSIMILE FEDERAL TAX LIEN DOCUMENT | Lien Recorded    : 06/08/2011 - 08:23AM<br>Recording Number: 2011000281101<br>UCC Number    :<br>Liber    :<br>Page    : |
|---|---|

| Area: SMALL BUSINESS/SELF EMPLOYED #7<br>Lien Unit Phone: (800) 829-3903 | IRS Serial Number: 788495611 |
|---|---|

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer :
  MATTHEW J WHITMAN


ALS Entity Type: Individual

Residence :
  111 VIA LIDO SOUD
  NEWPORT BEACH, CA 92663-4654

With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form<br>(a) | Period<br>(b) | ID Number<br>(c) | Assessed<br>(d) | Refile Deadline<br>(e) | Unpaid Balance<br>(f) |
|---|---|---|---|---|---|
| CIVP | 06/30/2007 | XXX-XX-1019 | 11/15/2010 | 12/15/2020 | 46489.58 |
| CIVP | 09/30/2007 | XXX-XX-1019 | 11/15/2010 | 12/15/2020 | 287774.10 |
| CIVP | 12/31/2007 | XXX-XX-1019 | 11/15/2010 | 12/15/2020 | 233897.53 |
| CIVP | 03/31/2008 | XXX-XX-1019 | 11/15/2010 | 12/15/2020 | 126548.77 |
| CIVP | 06/30/2008 | XXX-XX-1019 | 11/15/2010 | 12/15/2020 | 82907.90 |

| Filed at:    COUNTY RECORDER<br>ORANGE COUNTY<br>SANTA ANA, CA 92702 | Total | $ | 777617.88 |
|---|---|---|---|

This notice was prepared and executed at OAKLAND, CA
on this, the 24th day of May, 2011.

| Authorizing Official:<br>  MICHAEL W. COX<br>  (800) 829-3903 | Title:<br>ACS SBSE    27-00-0008 |
|---|---|



EXHIBIT A

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

300 N. Los Angeles Street, Room 7211, Los Angeles, CA 90012

A true and correct copy of the foregoing document RESPONSE OF THE UNITED STATES OF AMERICA, ON BEHALF OF ITS AGENCY, THE INTERNAL REVENUE SERVICE, TO THE DEBTOR'S MOTION TO COMPEL ABANDONMENT OF PROPERTY BY TRUSTEE [DOCKET NO. 70] AND TRUSTEE'S OPPOSITION TO DEBTOR'S MOTION TO COMPEL [DOCKET NO. 72]; DECLARATION OF TIMOTHY C. SCHAKOW IN SUPPORT THEREOF

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 1, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On **July 1, 2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 1, 2016,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 1, 2016 | Maria Luisa Q. Parcon | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

IN RE MATTHEW JASON WHITMAN AND CARLA MARIA WHITMAN
8:15-BK-12147 ES

ELECTRONIC SERVICE

- Caren J Castle    wdk@wolffirm.com, wdk@wolffirm.com
- Marian Garza    ecfnotices@ascensioncapitalgroup.com
- Beth Gaschen    bgaschen@wgllp.com,
  kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com
- Jeffrey I Golden (TR)    ljones@wgllp.com,
  jig@trustesolutions.net;kadele@wgllp.com;lfisk@wgllp.com
- Christopher J Green    cgreen@lwgfllp.com,
  chrisgreen@ucla.edu;kadele@lwgfllp.com;lfisk@lwgfllp.com;christopher-green-
  2815@ecf.pacerpro.com
- Leslie M Klott    bankruptcy@zievelaw.com
- Derik N Lewis    dlewis@vantislaw.com, esieg@vantislaw.com
- Christina J O    christinao@mclaw.org, erica@mclaw.org
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

IN RE MATTHEW JASON WHITMAN AND CARLA MARIA WHITMAN
8:15-BK-12147 ES

FIRST CLASS MAIL SERVICE


Carla Maria Whitman
3419 Via Lido #123
Newport Beach, CA 92663

Matthew Jason Whitman
3419 Via Lido #123
Newport Beach, CA 92663

The Honorable Erithe A. Smith
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 W. 4th Street, Suite 5040/Courtroom 5A
Santa Ana, CA 92701-4593