EILEEN M. DECKER
United States Attorney
ROBERT F. CONTE
Assistant United States Attorney
Acting Chief, Tax Division
NAJAH J. SHARIFF (Cal. Bar No. 201216)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2534
    Facsimile: (213) 894-0115
    E-mail: najah.shariff@usdoj.gov

Attorneys for the United States of America

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>MATTHEW JASON WHITMAN<br>CARLA MARIA WHITMAN,<br><br>            Debtors. | Case No. 8:15-bk-12147-ES<br><br>Chapter 7<br><br>RESPONSE OF THE UNITED STATES OF AMERICA, ON BEHALF OF ITS AGENCY, THE INTERNAL REVENUE SERVICE, TO THE DEBTOR'S MOTION TO COMPEL CHAPTER 7 TRUSTEE TO PROVIDE EVIDENCE OF SETTLEMENT PROCEEDS BENEFITING UNSECURED CREDITORS OR FOR THE IMMEDIATE ABANDONMENT OF PROPERTY BY TRUSTEE [DOCKET NO. 71] AND TRUSTEE'S OPPOSITION TO DEBTOR'S MOTION TO COMPEL [DOCKET NO. 75]; DECLARATION OF TIMOTHY C. SCHAKOW IN SUPPORT THEREOF<br><br>Hearing Date:  07/19/2016<br>Hearing Time:  10:30 a.m.<br>Location:       Courtroom 5A<br>                  411 West Fourth Street<br>                  Santa Ana, CA 92701-4593 |

       The UNITED STATES OF AMERICA (hereinafter "United States"), on behalf of its Agency, the Internal Revenue Service (hereinafter "IRS"), hereby files this Response to the Debtor Matthew Jason Whitman and Carla Maria Whitman's (hereinafter "debtors") Motion to Compel Chapter 7 Trustee to Provide Evidence of Settlement Proceeds Benefiting Unsecured Creditors or for the Immediate

Abandonment of Property by Trustee (Docket No. 71) (hereinafter "Motion") and the Trustee's Opposition to said Motion (Docket No. 75).

**Real Property located at 36 East Mahi Pua Place, Lahaina, Hawaii 96761**

In the Motion, the debtors are seeking this Court's assistance to compel the Trustee to provide evidence of settlement proceeds benefiting unsecured creditors or for the immediate abandonment of the real property located at 36 East Mahi Pua Place, Lahaina, Hawaii 96761 (hereinafter "Property") on the grounds that the Property is of inconsequential value to the estate. The Chapter 7 Trustee objects to the abandonment of subject Property. See Document No. 75. The Chapter 7 Trustee opposes the Motion on the grounds that that debtors failed to meet their burden to demonstrate that the Property is either (a) burdensome to the estate; or (ii) of inconsequential value inconsequential benefit to the estate because the sale by the Trustee of the Property will generate no less than $70,000 to be used to pay creditors of the Estate.

By this Response, the United States joins in the Trustee's opposition to the debtors' Motion because a sale by the Trustee will generate $70,000 to be used to pay the creditors of the Bankruptcy Estate, including the IRS. The United States asserts that the abandonment of the Property will result in no gain to the IRS because the Property is over-secured.

In said Motion, the debtors are also claiming an exemption ($12,329.18) with respect to the Property. If this Court determines that the debtors' are entitled to exemption, then the United States asserts that any exempt portion of the Property remain subject to the lien of the IRS pursuant to section 522(c)(2)(B) of the Bankruptcy Code; and, consequently, the IRS is permitted to enforce its claim against otherwise exempt property of the debtors.

Pursuant to 11 U.S.C. § 541(a), all of the debtors' interests in property, including whatever interests the debtor may ultimately keep as exempt, become property of the estate upon the commencement of the debtor's case. See 11 U.S.C. § 541(a); see also, Liberty State Bank and Trust v. Grosslight (In re Grosslight), 757 F.2d 773, 775 (6th Cir.1985). Section 522(b)(1) of the Bankruptcy Code then empowers the debtors to set aside certain property from the property of the estate as exempt from the claims of creditors. See 11 U.S.C. § 522(b). Under the Bankruptcy Code, the debtors may choose between the exemptions provided by federal law and those provided by state law. See 11

2

U.S.C. § 522(b). Relying on state law, the debtors in this case are claiming that they are entitled to an exemption pursuant to California Code of Civil Procedure § 704.703.140 (b)(5).

If the exemption claimed is unchallenged, or if whatever objection made is overruled, the property selected as exempt ceases to be part of property of the estate by operation of section 522(l). See 11 U.S.C. § 522(l). Furthermore, property for which a debtor claims an exemption is removed from the estate. 11 U.S.C. § 522(b); see also In re Fishman, 241 B.R. 568, 574 (Bankr.N.D.Ill.1999). Such property is further protected by section 522(c) of the Bankruptcy Code, which states in relevant part that "property exempted under this section is not liable during or after the case for any of the debt of the debtor that arose . . . before the commencement of the case[.]" 11 U.S.C. § 522(c). Consequently, the exempt property is separate and apart from the Bankruptcy Estate.

The Bankruptcy Code provides various exceptions under section 522(c) to the exemption. Among them, under 11 U.S.C. § 522(c)(2)(B), a debtor cannot exempt property from a tax lien, "notice of which is properly filed". See 11 U.S.C. § 522(c)(2)(B); see also In re Doviak, 161 B.R. 379, 381-2 (E.D. Texas 1993) (finding that liens are not subject to 11 U.S.C. § 522(f), and are allowed to remain against exempt property under 11 U.S.C. § 522(c)(2)(B)); and In re Kapp, 285 B.R. 176, 182 (M.D.N.C. 2002)("Because § 522 and state exemptions are inapplicable to tax liens and tax liens are not judicial liens, 11 U.S.C. § 522(f)(1)(a) cannot be used to avoid a tax lien."); see United States. v. Estes, 450 F.2d 62, 65 (5th Cir.1971) ("...'[n]o provision of a state law may exempt property or rights to property from levy for the collection of' federal taxes owed."); In re Bolden, 327 B.R. 657, 663 (Bankr.C.D.Cal.2005) (quoting United States v. Rodgers, 461 U.S. 677, 701, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983)(Indeed, the Supremacy Clause permits the federal government to effectively " 'sweep aside state-created exemptions.' ")).

In this case, the IRS properly filed the Notice of Federal Tax Lien on January 6, 2015 with the Bureau of Conveyances Registrar in Honolulu, Hawaii, in the amount of $882,785.07 for Trust Fund Recovery Penalties under Internal Revenue Code § 6672 due by the debtors for various tax periods. See Declaration of Timothy Schakow (hereinafter "Schakow Decl."), ¶ 3 and **Exhibit A**. Accordingly, section 522(c)(2)(B) of the Bankruptcy Code is applicable and all claimed exempt property is removed from the estate but remains subject to the lien of the IRS. Consequently, the IRS is permitted to

enforce its claim against otherwise exempt property of the debtors.  To the extent this Court is inclined to allow the debtors their claimed exemption, the IRS should receive any monies related to the claimed exemption under section 522(c)(2)(B) of the Bankruptcy Code.

Dated: June 30, 2016        Respectfully submitted,

EILEEN M. DECKER
United States Attorney
ROBERT CONTE
Assistant United States Attorney
Acting Chief, Tax Division


   /s/ Najah J. Shariff
NAJAH J. SHARIFF
Assistant United States Attorney
Attorneys for Plaintiff
UNITED STATES OF AMERICA

### DECLARATION OF TIMOTHY C. SCHAKOW

I, TIMOTHY SCHAKOW, declare and state as follows:

1. I am employed as a Supervisory Revenue Officer for the Internal Revenue Service (hereinafter "IRS").

2. In my capacity as a Supervisory Revenue Officer, I am familiar with the bankruptcy case of Matthew Jason Whitman and Carla Maria Whitman, (hereinafter the "debtors"), case no. 8:15-BK-12147-ES.

3. The IRS properly filed the Notice of Federal Tax Lien on January 6, 2015 with the Bureau of Conveyances Registrar in Honolulu, Hawaii, in the amount of $882,785.07 for Trust Fund Recovery Penalties under Internal Revenue Code § 6672 due by the debtors for various tax periods. Attached hereto as **Exhibit A** is a true and correct copy of the Facsimile Federal Tax Lien Document that was recorded on January 6, 2015.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: 7-1-2016

Timothy C. Schakow
Supervisory Revenue Officer
Internal Revenue Service
San Jose, California

5

TOTAL P.003

# EXHIBIT A

Case 8:15-bk-12147-ES    Doc 117    Filed 07/01/16    Entered 07/01/16 13:50:32    Desc
Main Document    Page 6 of 10

```
9673                                                    COURT RECORDING DATA
---------------------------------------------+-----------------------------------------
      INTERNAL REVENUE SERVICE               | Lien Recorded  : 01/06/2015 - 00:00AM
   FACSIMILE FEDERAL TAX LIEN DOCUMENT       | Recording Number: 54840399
                                             | UCC Number     :
                                             | Liber          :
                                             | Page           :
---------------------------------------------+-----------------------------------------
 Area: SMALL BUSINESS/SELF EMPLOYED #6       | IRS Serial Number: 136392714
 Lien Unit Phone: (800) 913-6050             |
---------------------------------------------+-----------------------------------------
              This Lien Has Been Filed in Accordance with
              Internal Revenue Regulation 301.6323(f)-1.
-----------------------------------------------------------------------------------------
Name of Taxpayer :
   CARLA M WHITMAN


ALS Entity Type: Individual
-----------------------------------------------------------------------------------------
Residence :
   36 E MAHI PUA PL
   LAHAINA, HI 96761-2912
-----------------------------------------------------------------------------------------
   With respect to each assessment below, unless notice of lien
   is refiled by the date in column(e), this notice shall constitute
   the certificate of release of lien as defined in IRC 6325(a).
```

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|---|---|---|---|---|---|
| 6672 | 06/30/2007 | XXX-XX-7498 | 11/15/2010 | 12/15/2020 | 40545.55 |
| 6672 | 09/30/2007 | XXX-XX-7498 | 11/15/2010 | 12/15/2020 | 287774.10 |
| 6672 | 12/31/2007 | XXX-XX-7498 | 11/15/2010 | 12/15/2020 | 233897.53 |
| 6672 | 03/31/2008 | XXX-XX-7498 | 11/15/2010 | 12/15/2020 | 126548.77 |
| 6672 | 06/30/2008 | XXX-XX-7498 | 11/15/2010 | 12/15/2020 | 82907.90 |
| 6672 | 12/31/2008 | XXX-XX-7498 | 03/05/2012 | 04/04/2022 | 23798.79 |
| 6672 | 06/30/2009 | XXX-XX-7498 | 03/05/2012 | 04/04/2022 | 1700.25 |
| 6672 | 09/30/2009 | XXX-XX-7498 | 03/05/2012 | 04/04/2022 | 8413.75 |
| 6672 | 12/31/2009 | XXX-XX-7498 | 03/05/2012 | 04/04/2022 | 44677.22 |
| 6672 | 03/31/2010 | XXX-XX-7498 | 03/05/2012 | 04/04/2022 | 1490.66 |
| 6672 | 06/30/2010 | XXX-XX-7498 | 03/05/2012 | 04/04/2022 | 10763.24 |
| 6672 | 09/30/2010 | XXX-XX-7498 | 03/05/2012 | 04/04/2022 | 10873.80 |
| 6672 | 12/31/2010 | XXX-XX-7498 | 03/05/2012 | 04/04/2022 | 9393.51 |

```
Filed at:   BUREAU OF CONVEYANCES
            REGISTRAR
            HONOLULU, HI 96803                          Total | $    882785.07
-----------------------------------------------------------------------------------------
This notice was prepared and executed at SEATTLE, WA
on this, the 23rd day of December, 2014.
-----------------------------------------------------------------------------------------
Authorizing Official:                       | Title:
   MARTIN L HUMPERT                         |   REVENUE OFFICER           26-04-3663
-----------------------------------------------------------------------------------------
```


EXHIBIT A

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

300 N. Los Angeles Street, Room 7211, Los Angeles, CA 90012

A true and correct copy of the foregoing document RESPONSE OF THE UNITED STATES OF AMERICA, ON BEHALF OF ITS AGENCY, THE INTERNAL REVENUE SERVICE, TO THE DEBTOR'S MOTION TO COMPEL CHAPTER 7 TRUSTEE TO PROVIDE EVIDENCE OF SETTLEMENT PROCEEDS BENEFITING UNSECURED CREDITORS OR FOR THE IMMEDIATE ABANDONMENT OF PROPERTY BY TRUSTEE [DOCKET NO. 71] AND TRUSTEE'S OPPOSITION TO DEBTOR'S MOTION TO COMPEL [DOCKET NO. 75]; DECLARATION OF TIMOTHY C. SCHAKOW IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 1, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **July 1, 2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 1, 2016**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 1, 2016 | Maria Luisa Q. Parcon | |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          **F 9013-3.1.PROOF.SERVICE**

IN RE MATTHEW JASON WHITMAN AND CARLA MARIA WHITMAN
8:15-BK-12147 ES

ELECTRONIC SERVICE

- Caren J Castle    wdk@wolffirm.com, wdk@wolffirm.com
- Marian Garza    ecfnotices@ascensioncapitalgroup.com
- Beth Gaschen    bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com
- Jeffrey I Golden (TR)    ljones@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com;lfisk@wgllp.com
- Christopher J Green    cgreen@lwgfllp.com, chrisgreen@ucla.edu;kadele@lwgfllp.com;lfisk@lwgfllp.com;christopher-green-2815@ecf.pacerpro.com
- Leslie M Klott    bankruptcy@zievelaw.com
- Derik N Lewis    dlewis@vantislaw.com, esieg@vantislaw.com
- Christina J O    christinao@mclaw.org, erica@mclaw.org
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

IN RE MATTHEW JASON WHITMAN AND CARLA MARIA WHITMAN
8:15-BK-12147 ES

FIRST CLASS MAIL SERVICE

Carla Maria Whitman
3419 Via Lido #123
Newport Beach, CA 92663

Matthew Jason Whitman
3419 Via Lido #123
Newport Beach, CA 92663

The Honorable Erithe A. Smith
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 W. 4th Street, Suite 5040/Courtroom 5A
Santa Ana, CA 92701-4593