1  Beth E. Gaschen, State Bar No. 245894
   bgaschen@lwgfllp.com
2  **LOBEL WEILAND GOLDEN FRIEDMAN LLP**
   650 Town Center Drive, Suite 950
3  Costa Mesa, California 92626
   Telephone   714-966-1000
4  Facsimile   714-966-1002

5  Attorneys for Chapter 7 Trustee
   Jeffrey I. Golden

6

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                        **SANTA ANA DIVISION**

11  In re                              Case No. 8:15-bk-12147-ES

12  MATTHEW JASON WHITMAN AND          Chapter 7
    CARLA MARIA WHITMAN,
13                                     **CHAPTER 7 TRUSTEE'S MOTION FOR**
            Debtors.                   **ORDER APPROVING COMPROMISE OF**
14                                     **CONTROVERSY PURSUANT TO**
                                       **FEDERAL RULE OF BANKRUPTCY**
15                                     **PROCEDURE 9019; MEMORANDUM OF**
                                       **POINTS AND AUTHORITIES;**
16                                     **DECLARATION OF JEFFREY I. GOLDEN**
                                       **IN SUPPORT THEREOF**
17
                                       **DATE:   August 18, 2016**
18                                     **TIME:   10:30 a.m.**
                                       **PLACE: Courtroom 5A**
19                                             **411 West Fourth Street**
                                               **Santa Ana, California 92701**
20

21

22

23

24

25

26

27

28

1080814.1                                                    MOTION

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION................................................................................................1

II.  FACTS AND BACKGROUND .........................................................................2

    A.    General Background ...............................................................................2

    B.    The Hawaii Property ..............................................................................2

    C.    The California Property...........................................................................2

    D.    The Debtors' Motions to Compel ...........................................................3

    E.    The IRS's Asserted Security Interest.....................................................4

    F.    The Trustee's Proposed Sale of the Hawaii Property .............................4

    G.    The Trustee's Discovery Requests.........................................................4

III.  SUMMARY OF TERMS OF THE COMPROMISE ...........................................5

IV.  THE AGREEMENT IS FAIR AND REASONABLE, IN THE BEST INTEREST OF THE ESTATE AND CREDITORS, AND SHOULD BE APPROVED AND ENFORCED........................................................................6

    A.    The Matters are Complex and Highly Contested.......................................7

    B.    There is no Guarantee the Trustee would be Successful on the Merits and the Structure of the Agreement Provides a Benefit to Creditors and the Estate.........................................................................8

    C.    The Settlement Agreement Avoids the Expense, Inconvenience, and Delay Associated with Litigation ................................10

    D.    The Settlement Agreement is the Product of Active Negotiations ............................................................................................10

V.  CONCLUSION .................................................................................................11

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1

## **TABLE OF AUTHORITIES**

2
**Page(s)**

3
## **Cases**

4
*In re A&C Properties,*
      784 F.2d 1377 (9th Cir. 1986) ................................................................6
5

*In re A&C Properties,* 784 F.2d 1377, 1380-81 (9th Cir. 1986) ........................................6
6

*In re Bell & Beckwith,*
7
      87 B.R. 472 (N.D. Ohio 1987) ................................................................7

8
*In re Blair,*
      538 F.2d 849 (9th Cir. 1976) ................................................................6
9

*In re Calra Leather, Inc.,*
10
      44 B.R. 457 (Bankr. S.D.N.Y. 1984)................................................................6

11
*In re Hermitage Inn, Inc.,*
      66 B.R. 71 (Bankr. D. Colo. 1986) ................................................................6
12

*In re Hermitage Inn, Inc.,* 66 B.R. 71, 72 (Bankr. D. Colo. 1986) ........................................6
13

*In re W.T. Grant,*
14
      699 F.2d 599 (2d Cir. 1982) ................................................................7

15
*In re Walsh Const., Inc.,*
      669 F.2d 1325 (9th Cir. 1982) ................................................................7
16

*Martin v. Robinson,*
17
      479 U.S. 854, 107 S.Ct. 189 (1989) ........................................................6

18
### **Statutes**

19
11 U.S.C. § 363(b) ................................................................1

20
11 U.S.C. § 363(f) ................................................................1

21
### **Rules**

22
Federal Rule of Bankruptcy Procedure ("FRBP") 9019(a) ................................................................6

23

24

25

26

27

28

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE:**

Jeffrey I. Golden, the duly appointed chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Matthew Jason Whitman and Carla Maria Whitman, debtors in the above-captioned case (the "Debtors"), files this *Motion for Order Approving Compromise of Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "Motion").  In support of the Motion, the Trustee submits the following memorandum of points and authorities and the Declaration of Jeffrey I. Golden (the "Golden Declaration").

## I.    INTRODUCTION

By this Motion, the Trustee seeks the Court's approval of a settlement agreement (the "Agreement") that resolves disputes between the Trustee and the Debtors concerning the Debtors' residences in California and Hawaii, rents generated by real property post-petition, and personal property located in one of the residences.  The proposed settlement provides for (i) the Debtors' release of interests and waiver of exemption in the Hawaii Property (defined below), (ii) the Debtors' withdrawal of their objection to the Trustee's proposed sale of the Hawaii Property, (iii) the Trustee's abandonment of the California Property (defined below) and related rents (subject to existing liens, claims and interests by third parties), (iv) the Debtors' payment of $2,500 to the Estate to cover administrative costs associated with the abandonment, and (v) the Trustee's waiver of all claims to the Debtors' personal property based upon clarifications and representations made by the Debtors regarding the personal property.  Thus, the Agreement resolves all of the afore-mentioned issues and eliminates the need to continue expending scarce Estate resources in pursuing relatively small assets.

The Agreement is fair and reasonable and is a valid exercise of the Trustee's business judgment.  The Agreement was also entered into in good faith and was negotiated at arm's length.  The Trustee requests that the Court enter an order pursuant to Bankruptcy Rule 9019 authorizing the Trustee to enter into the Agreement and approving the terms of the compromise as agreed upon by the parties.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## II.    FACTS AND BACKGROUND

### A.    General Background

On April 27, 2015 (the "Petition Date"), the Debtors filed a voluntary chapter 7 petition.  The Trustee was appointed the chapter 7 trustee shortly thereafter.

### B.    The Hawaii Property

The Debtors' Amended Schedule A reflects the Debtors' interest in the real property located at 36 East Mahi Pua Place, Lahaina, Hawaii 96761 (the "Hawaii Property").  The Debtors valued the Hawaii Property at $2,900,000.  The Debtors' Amended Schedule D reflects that the Hawaii Property is secured by a first deed of trust in favor of Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC[1] in the amount of $3,284,616.80.  The Hawaii Property is also encumbered by several other liens. According to the Debtors' Amended Schedule D, the combined liens total $5,619,433.83, far in excess of the fair market value of the Hawaii Property.  *See* Amended Schedule A and Amended Schedule D.  [Docket No. 10.]

On August 10, 2015, the Debtors amended their Schedules C and F.  The Debtors claimed a $12,329.18 exemption (the "Exemption") in the Hawaii Property pursuant to C.C.P. § 703.140(b)(5).  *See* Amended Schedule C and Amended Schedule F.  [Docket No. 21.]

### C.    The California Property

The Debtors' Amended Schedule A reflects the Debtors' interest in the real property located at 111 Via Lido Soud, Newport Beach, California 92663 (the "California Property").  The Debtors valued the California Property at $4,000,000.  The Debtors' Amended Schedule D reflects that the California Property is secured by deeds of trust and other liens totaling $9,108,498.03, far in excess of the fair market value of the California Property.  *See* Amended Schedule A and Amended Schedule D.

---

[1] The Debtor scheduled MCM as BSI Financial Services, which is the loan servicer for MCM.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

### D.   The Debtors' Motions to Compel

On May 17, 2016, the Debtors filed their *Motion to Compel Abandonment of Property* (the "California Property Motion to Compel") [Docket No. 70].  By their motion, the Debtors seek the abandonment of the California Property as burdensome and of inconsequential value to the Estate.  In addition, by the abandonment of the California Property, the Debtors seek the reversionary abandonment of rents generated therefrom (the "Rents").  On May 31, 2016, the Trustee filed his *Opposition and Request for a Hearing on the Debtors' Motion to Compel Abandonment of Property by Trustee* (the "California Opposition") [Docket No. 72].  The Trustee did not oppose the abandonment of the California Property, but did oppose the abandonment of the Rents.

On May 19, 2016, the Debtors filed their *Motion to Compel Chapter 7 Trustee to Provide Evidence of Settlement Proceeds Benefitting Unsecured Creditors or for the Immediate Abandonment of Property by Trustee*  (the "Hawaii Property Motion to Compel") (together with the California Property Motion to Compel, the "Motions to Compel") [Docket No. 71].  By their motion, the Debtors seek an order from the Court compelling the Trustee to provide evidence that the proposed settlement between the Trustee and a senior secured lender will benefit unsecured creditors, and if there is no such benefit, for the abandonment of the Hawaii Property.

On June 2, 2016, the Trustee filed his *Opposition and Request for a Hearing on the Debtors' Motion to Compel Chapter 7 Trustee to Provide Evidence of Settlement Proceeds Benefitting Unsecured Creditors or for the Immediate Abandonment of Property by Trustee* (the "Hawaii Opposition") [Docket No. 75].  On July 10, 2016, the Debtors filed their Reply to the Hawaii Opposition (the "Reply") and certain evidentiary objections (the "Evidentiary Objections") [Docket Nos. 122 and 123].

The Debtors set the Motions to Compel for hearing on July 19, 2016.  By stipulation with the Trustee, the hearings have been continued to August 30, 2016.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

### E.    The IRS's Asserted Security Interest

On July 1, 2016, the IRS filed its response [Docket No. 116] to the California Property Motion to Compel and the California Opposition, asserting its security interest in the Exemption and the Rents pursuant to the Notice of Federal Tax Lien filed on June 8, 2011, with the Orange County Recorder's Office in the amount of $777,617.88.

### F.    The Trustee's Proposed Sale of the Hawaii Property

On June 30, 2016, the Trustee filed his *Motion for Order: (1) Authorizing the Sale of Real Property Free and Clear of Liens, Claim, and Interests Pursuant to 11 U.S.C. §§ 363(b) and 363(f); (2) Approving Overbid Procedures; and (3) Approving Buyer, Successful Bidder, and Back-Up Bidder as Good-Faith Purchasers Pursuant to 11 U.S.C. § 363(m)* (the "Sale Motion") [Docket No. 112] as to the Hawaii Property to sell the Hawaii Property free and clear of liens, subject to overbid, and to approve a carve-out agreement. On July 7, 2016, the Debtors filed their opposition to the Sale Motion (the "Sale Opposition") [Docket No. 119].  The Sale Motion was scheduled for hearing on July 21, 2016, but was continued to August 30, 2016, by stipulation.

### G.    The Trustee's Discovery Requests

On June 7, 2016, the Debtors served the Trustee with (i) *Debtors' Interrogatories to the Chapter 7 Trustee, Jeffrey I. Golden, Set No. One*; (ii) *Debtors' Request for Admission to the Chapter 7 Trustee, Jeffrey I. Golden, Set No. One*; and (iii) *Debtors' Requests for Production of Documents Propounded on the Chapter 7 Trustee, Jeffrey I. Golden, Set No. One* (the "Discovery Requests").  The Trustee sent the Debtors a meet and confer letter on July 5, 2016, based on the Trustee's intent to seek a protective order regarding the Discovery Requests.  The Trustee served his objections and responses to the Discovery Requests on the Debtors on July 7, 2016.  The Trustee's counsel and the Debtors' counsel met and conferred on July 11, 2016.

III.    **SUMMARY OF TERMS OF THE COMPROMISE**

The Trustee and the Debtors (collectively, the "Parties" and each individually, a "Party") have entered into the Agreement, a copy of which is attached as Exhibit "1."  The salient terms of the Agreement provide:

1.    The Agreement is subject to Bankruptcy Court approval and shall become effective and binding only upon entry by the Court of a Final Order[2] approving the Agreement and authorizing the Trustee to enter into the Agreement.  Absent entry of a Final Order, the Agreement shall be null and void.

2.    As of the Effective Date (defined in the Agreement), the Debtors waive, release, and relinquish any and all claims to the Hawaii Property, including, but not limited to, the Exemption and any other proceeds of the sale of the Hawaii Property.  To the extent necessary, the Debtors shall amend their Schedule C to eliminate the Exemption.

3.    Within three (3) calendar days of the approval of the Agreement, the Debtors shall withdraw their objection to the Sale Motion.

4.    As of the Effective Date, the California Property and the Rents shall be deemed abandoned by the Trustee and the Trustee waives, releases, and relinquishes any and all claims to the California Property and the Rents. The California Property and the Rents are being abandoned subject to any and all existing liens, claims, and interests held by any third parties.  The Debtors shall pay $2,500.00 to the Trustee to cover any and all administrative costs associated with the abandonment.

5.    The Debtors represent that the personal property located in the California Property is the same personal property previously listed on the Debtors'

_____

[2] An order becomes a "Final Order" fifteen days after it is entered unless an appeal is timely-filed and a stay pending appeal is obtained.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1   Schedule B and claimed as exempt on the Debtors' Schedule C.  Based

2   upon this representation, the Trustee waives, releases, and relinquishes any

3   and all claims to the personal property.

4   6.   As of the Effective Date, the Discovery Requests will be deemed withdrawn

5   by the Debtors and the Trustee is under no obligation to provide further or

6   amended responses to the Discovery Requests.

7   7.   Releases are as specifically set forth in the Agreement.

8

9   **IV.   THE AGREEMENT IS FAIR AND REASONABLE, IN THE BEST**

10   **INTEREST OF THE ESTATE AND CREDITORS, AND SHOULD BE**

11   **APPROVED AND ENFORCED**

12   Federal Rule of Bankruptcy Procedure ("FRBP") 9019(a) provides:

13   On motion by the trustee and after notice and a hearing, the
court may approve a compromise or settlement.  Notice shall
14   be given to creditors, the United States Trustee, the debtor,
and indenture trustees as provided in Rule 2002 and to any
15   other entity as the court may direct.

16   The standard to be applied to the approval of a settlement includes the probability

17   of success of any litigation, the difficulties in collection on a judgment, the complexity of

18   the matter, the expense, inconvenience or delay occasioned by resolution through

19   litigation, and interests of creditors, and the reasonableness of the compromise.  *See In re*

20   *A&C Properties,* 784 F.2d 1377, 1380-81 (9th Cir. 1986), *cert. den., Martin v. Robinson,*

21   479 U.S. 854, 107 S.Ct. 189 (1989).  Although the court is to consider the range of results

22   in litigation, "the court's assessment does not require resolution of the issues, but only

23   their identification, so that the reasonableness of the settlement may be evaluated."  *In re*

24   *Hermitage Inn, Inc.,* 66 B.R. 71, 72 (Bankr. D. Colo. 1986).

25   In ruling on a proposed compromise, a bankruptcy court should give substantial

26   weight to the trustee's views as to the merits of the compromise and settlement, and

27   should not substitute its own judgment for that of the trustee.  *See In re Blair,* 538 F.2d

28   849, 851 (9th Cir. 1976); *see also In re Calra Leather, Inc.,* 44 B.R. 457, 466 (Bankr.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  S.D.N.Y. 1984).  Nor does the Court need to conduct an extensive investigation into the

2  merits of the claims that the parties seek to settle.  *See In re Walsh Const., Inc.*, 669 F.2d

3  1325, 1328 (9th Cir. 1982).  Rather, the court should "canvass the issues and see whether

4  the settlement 'fall[s] below the lowest point in the range of reasonableness.'"  *In re W.T.*

5  *Grant*, 699 F.2d 599, 608 (2d Cir. 1982); *see also In re Bell & Beckwith*, 87 B.R. 472, 474

6  (N.D. Ohio 1987).

7        Utilizing the standards set forth above, the Trustee believes the Agreement is in the

8  best interest of the Estate and its creditors.

9        **A.    The Matters are Complex and Highly Contested**

10        These matters are complex and are highly contested.  The Debtors have raised

11  numerous arguments related to the Rents and in favor of abandonment of the California

12  Property and the Hawaii Property.  While the Trustee did not oppose the abandonment of

13  the California Property, he did oppose the abandonment of the Rents.  The case law on

14  the reversionary abandonment of the Rents was not extensive and did not clearly favor

15  either side.  Not only is the reversionary abandonment of the Rents a complicated issue,

16  but the Debtors' request for the abandonment of the Hawaii Property is also complicated.

17  To demonstrate that the Hawaii Property is burdensome to the Estate or of

18  inconsequential value, the Parties raised issues regarding the sale of the Hawaii Property

19  and a proposed carve-out.  It could not be decided simply by looking at the fair market

20  value of the Hawaii Property and the liens against it.  Moreover, by the recent filings of the

21  Motions to Compel, the Sale Opposition, the Discovery Requests, and the prior motion to

22  compel the Trustee to abandon the Hawaii Property (which was opposed by the Trustee

23  and denied by the Court), the Debtors have indicated their willingness to litigate these

24  matters until they are resolved in the Debtors' favor, including taking these matters up on

25  appeal.  The Agreement obviates the need to litigate numerous issues and results in a fair

26  and immediate agreement for the Estate.

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

**B.**     **There is no Guarantee the Trustee would be Successful on the**
**Merits and the Structure of the Agreement Provides a Benefit to**
**Creditors and the Estate**

Due to the complexity of the issues outlined above, the probability of success in the litigation is unknown, and as with all litigation, there are no guarantees.

With respect to the California Property, the Trustee did not oppose the abandonment of the property, only the Rents. Even if the Trustee prevailed with respect to the Rents, the Debtors indicated that they would appeal that decision and it is unknown how an appeals court would determine such an issue. Further, there is little likelihood that the Trustee could obtain the turnover of the Rents from the Debtors. The Debtors have indicated to the Trustee and his counsel that the Rents have been dissipated over the course of months and that they could and would assert an administrative claim for the costs associated with maintaining the California Property that equal or exceed the Rents. Thus, the Trustee's pursuit of the Rents would only lead to an increase in administrative costs in fighting both in the bankruptcy court and in the appeals court, result in a judgment that is likely uncollectible, and could be offset by costs incurred by the Debtor or that would at the very least result in another fight with the Debtors over how much of the Rents could be offset. All of this would lead to administrative expenses that would likely equal or exceed the Rents and would provide no benefit to creditors. Moreover, the IRS has asserted that it holds a security interest in the Rents. Therefore, even if the Trustee's efforts in opposing the California Property Motion to Compel and in collecting the Rents from the Debtors proved to be successful, such efforts would be costly for the Estate and, ultimately, the Rents would have to be turned over to the IRS. The Trustee cannot spend Estate resources solely to benefit the IRS.

By releasing the claim to the Rents, the Trustee is reducing the administrative costs of the Estate for an asset that has no value to the general unsecured and which may not even be ordered returned. The IRS and other secured creditors are protected because the abandonment of the California Property and the Rents is subject to any and all liens,

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  claims, and interests that exist against the California Property and the Rents.  These

2  secured creditors retain whatever rights they have and can pursue these rights outside of

3  the Debtors' bankruptcy case.  The California Property Motion to Compel is therefore fully

4  resolved as it is unnecessary for the Court to make any determination as to the validity or

5  extent of the IRS lien and can be taken off calendar.  This is beneficial to both the Parties

6  and the Court as it preserves the Parties' and the Courts limited resources.  Because the

7  Trustee has agreed to the abandonment of the California Property and Rents, the Debtors

8  are paying some of the Estate's administrative costs associated with the Trustee's

9  opposition to the California Property Motion to Compel and with any future administrative

10  costs that may be associated with the abandonment.  This is in the best interests of

11  creditors because the Agreement eliminates the need to incur further administrative costs

12  and it helps absorb some of the costs already incurred, leaving more funds available from

13  the carve-out, if approved.

14          With respect to the Hawaii Property, the Trustee believes that he would have

15  defeated the Debtors' opposition to the Sale Motion and the Debtors' Hawaii Motion to

16  Compel, but at considerable expense to the Estate.  The Hawaii Property is encumbered

17  by multiple liens, which liens far exceed the fair market value of the property.  The Trustee

18  believes that a sale of the Hawaii Property as contemplated in the Sale Motion will benefit

19  the Estate as the carve-out being received by the Trustee will provide a distribution to

20  priority unsecured and general unsecured creditors, whereas without the sale, the case

21  would be closed as a no-asset case.  Following negotiations, the Debtors have agreed to

22  withdraw their objection to the sale of the Hawaii Property, relinquish any rights to the

23  Hawaii Property and waive the Exemption.  This scenario benefits the Estate's creditors in

24  that the Estate will incur fewer administrative expenses fighting with the Debtors over the

25  Hawaii Property on both the Hawaii Property Motion to Compel and the Sale Motion and

26  the waiver of the Exemption represents an additional $12,000 for the benefit of the

27  Estate's unsecured creditors.

28

1080814.1                                   9                                   MOTION

1

**C.**     **The Settlement Agreement Avoids the Expense, Inconvenience,**

2

**and Delay Associated with Litigation**

3      The Agreement fully resolves all issues as to the California Property and it

4   streamlines the issues presented to the Court for the Sale Motion thereby reducing the

5   expense, inconvenience to the Parties and the Court, and the delay associated with

6   hearing contested matters and subsequent appeals.  It also eliminates the need for the

7   Trustee to provide further or amended responses to the Discovery Requests, which would

8   be expensive and time-consuming.

9      **D.**     **The Settlement Agreement is the Product of Active Negotiations**

10     The Agreement is the result of active negotiations with the Debtors (through their

11  counsel).  The proposed settlement allows the Trustee to move forward with the sale the

12  Hawaii Property without having to incur additional expenses associated with replying to

13  the Debtors' opposition, and, if approved by the Court, will provide a benefit to the Estate

14  through the carve-out.  The proposed settlement also provides for the Debtors to waive

15  the Exemption and to pay $2,500 to the Estate to help defray the Trustee's expenses

16  associated with the abandonment of the California Property.  By waiving the Exemption an

17  additional $12,000 becomes available for general unsecured creditors.  The Agreement

18  also eliminates the need to spend further Estates resources litigating these issues with the

19  Debtors.  Despite the high value of the Debtors' real properties, there is little realizable

20  value to these assets (or none at all if the carve-out contemplated in the Sale Motion is not

21  approved) and continuing to expend resources fighting with the Debtors over possibly

22  valueless assets was providing no benefit to creditors.  Thus, under the circumstances,

23  the Trustee could not have obtained a better outcome for the Estate.

24     Based on the foregoing, the settlement is fair and reasonable, is in the best interest

25  of creditors and the Estate, and is a valid exercise of the Trustee's business judgment.

26  The compromise was entered into in good faith and was negotiated at arms' length.  *See*

27  Golden Declaration.  The settlement represents the best resolution for the Parties as well

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1080814.1

MOTION

1  as for creditors of the Estate.  The Agreement, as set forth in Exhibit "1", should be

2  approved and enforced by this Court.

3        Accordingly, the Trustee requests that the Bankruptcy Court enter an order

4  pursuant to Bankruptcy Rule 9019 authorizing the Trustee to enter into the Agreement

5  and approving the terms of the compromise as agreed upon by the Parties.

6

7  **V.    CONCLUSION**

8        The Trustee respectfully requests that the Bankruptcy Court enter an order

9  providing for the following relief:

10        1.      Granting the Motion;

11        2.      Approving the terms of the Agreement, a copy of which is attached as

12  Exhibit "1," and authorizing the Trustee to enter into the Agreement;

13        3.      Authorizing the Trustee to execute any documents or take any actions

14  reasonably necessary to effectuate the terms of the Agreement; and

15        4.      For such other and further relief as this Court may deem just and proper.

16                                    Respectfully submitted,

17  Dated:  July 28, 2016              LOBEL WEILAND GOLDEN FRIEDMAN LLP

18
                                      By:   */s/ Beth E. Gaschen*
19                                          BETH E. GASCHEN
                                            Attorneys for Jeffrey I. Golden,
20                                          Chapter 7 Trustee

21

22

23

24

25

26

27

28

*Lobel Weiland Golden Friedman LLP*
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1080814.1                            11                              MOTION

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

## DECLARATION OF JEFFREY I. GOLDEN

I, Jeffrey I. Golden, declare as follows:

1.      I am the duly appointed chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Matthew J. Whitman and Carla M. Whitman (the "Debtors").  I know each of the following facts to be true of my own personal knowledge, except as stated otherwise, and, if called as a witness, I could and would competently testify with respect thereto.  I make this declaration in support of my *Motion for Order Approving Compromise of Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "Motion").  All terms not specifically defined herein shall have the meanings set forth in the Motion.

2.      According to the Bankruptcy Court's docket, on April 27, 2015, the Debtors filed a voluntary chapter 7 petition.  I was appointed the chapter 7 trustee shortly thereafter.

3.      The Debtors' Amended Schedule A reflects the Debtors' interest in the Hawaii Property which the Debtors valued at $2,900,000.  [Docket No. 10.]  The Debtors' Amended Schedule D reflects that the Hawaii Property is secured by a first deed of trust in favor of Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC[3] in the amount of $3,284,616.80.  The Hawaii Property is also encumbered by several other liens.  According to the Debtors' Amended Schedule D, the combined liens total $5,619,433.83, far in excess of the fair market value of the Hawaii Property.  [Docket No. 10.]

4.      On August 10, 2015, the Debtors amended their Schedules C and F.  The Debtors claimed a $12,329.18 exemption in the Hawaii Property pursuant to C.C.P. § 703.140(b)(5).  [Docket No. 21.]

5.      The Debtors' Amended Schedule A reflects the Debtors' interest in the California Property which the Debtors valued at $4,000,000.  The Debtors' Amended

---

[3] The Debtor scheduled MCM as BSI Financial Services, which is the loan servicer for MCM.

1  Schedule D reflects that the California Property is secured by deeds of trust and other

2  liens totaling $9,108,498.03, far in excess of the fair market value of the California

3  Property.

4        6.    On May 17, 2016, the Debtors filed their *Motion to Compel Abandonment of*

5  *Property* by which they seek the abandonment of the California Property as burdensome

6  and of inconsequential value to the Estate.  [Docket No. 70.]  In addition, by the

7  abandonment of the California Property, the Debtors seek the reversionary abandonment

8  of rents generated therefrom.  On May 31, 2016, I filed my *Opposition and Request for a*

9  *Hearing on the Debtors' Motion to Compel Abandonment of Property by Trustee*.  [Docket

10  No. 72.]  I did not oppose the abandonment of the California Property, but did oppose the

11  abandonment of the Rents.

12        7.    On May 19, 2016, the Debtors filed their *Motion to Compel Chapter 7*

13  *Trustee to Provide Evidence of Settlement Proceeds Benefitting Unsecured Creditors or*

14  *for the Immediate Abandonment of Property by Trustee* by which they seek an order from

15  the Court compelling me to provide evidence that the proposed settlement with a senior

16  secured lender will benefit unsecured creditors, and if there is no such benefit, for the

17  abandonment of the Hawaii Property.  [Docket No. 71.]

18        8.    On June 2, 2016, I filed my *Opposition and Request for a Hearing on the*

19  *Debtors' Motion to Compel Chapter 7 Trustee to Provide Evidence of Settlement*

20  *Proceeds Benefitting Unsecured Creditors or for the Immediate Abandonment of Property*

21  *by Trustee*.  [Docket No. 75.]  On July 10, 2016, the Debtors filed their Reply to the Hawaii

22  Opposition and certain evidentiary objections.  [Docket No. 122 and 123].

23        9.    The Debtors set the Motions to Compel for hearing on July 19, 2016.  By

24  stipulation, the hearings have been continued to August 30, 2016.

25        10.    On July 1, 2016, the IRS filed its response to the California Property Motion

26  to Compel and the California Opposition, asserting its security interest in the Exemption

27  and the Rents pursuant to the Notice of Federal Tax Lien filed on June 8, 2011, with the

28  Orange County Recorder's Office in the amount of $777,617.88.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1080814.1                                    13                                    MOTION

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

11.     On June 30, 2016, I filed my *Motion for Order: (1) Authorizing the Sale of Real Property Free and Clear of Liens, Claim, and Interests Pursuant to 11 U.S.C. §§ 363(b) and 363(f); (2) Approving Overbid Procedures; and (3) Approving Buyer, Successful Bidder, and Back-Up Bidder as Good-Faith Purchasers Pursuant to 11 U.S.C. § 363(m)* as to the Hawaii Property to sell the Hawaii Property free and clear of liens, subject to overbid, and to approve a carve-out agreement.  [Docket No. 112.]  On July 7, 2016, the Debtors filed their opposition to the Sale Motion.  [Docket No. 119.]

12.     The Sale Motion was scheduled for hearing on July 21, 2016, but was continued to August 30, 2016, by stipulation.

13.     On June 7, 2016, the Debtors served me with (i) *Debtors' Interrogatories to the Chapter 7 Trustee, Jeffrey I. Golden, Set No. One*; (ii) *Debtors' Request for Admission to the Chapter 7 Trustee, Jeffrey I. Golden, Set No. One*; and (iii) *Debtors' Requests for Production of Documents Propounded on the Chapter 7 Trustee, Jeffrey I. Golden, Set No. One*.  I sent the Debtors a meet and confer letter on July 5, 2016, based on my intent to seek a protective order regarding the Discovery Requests.  I served my objections and responses to the Discovery Requests on the Debtors on July 7, 2016.  My counsel and the Debtors' counsel met and conferred on July 11, 2016.

14.     I have reviewed the Agreement, a true and correct copy of which is attached as Exhibit "1," and believe the compromise contemplated in the Motion is fair and reasonable, in the best interest of the Estate and its creditors, and within my sound business judgment due to the complexity of the issues, the Debtors' demonstrated willingness to litigate these matters until they are resolved in the Debtors' favor (including taking these matters up on appeal), the delays, expense and uncertainty inherent in all litigation, including in any future appeals, and the fact that the Agreement was actively negotiated and provides a benefit to the Estate and creditors.  The compromise was entered into in good faith and was negotiated at arms' length.

15.     I believe the dispute over the Rents is complicated and will be time consuming and expensive to continue to litigate.  Even if I were to get a judgment, I do not

1  believe that I will be successful in collecting money from the Debtors, the Debtors will

2  likely appeal the ruling, the Debtors will argue that they are entitled to setoff and do not

3  have to return any of the Rents, and the IRS has argued that it holds a security interest in

4  the Rents and all Rents have to be turned over to it.  The Agreement eliminates the need

5  to continue to litigate these issues for an asset that does not have value for the Estate and

6  unsecured creditors.

7           16.    I believe the dispute over the Hawaii Property is also complicated.  The

8  Agreement provides a benefit to creditors and the Estate by streamlining my sale of the

9  Hawaii Property as I will no longer have to respond to the Debtors' opposition, it will

10 eliminate any additional administrative expenses, and it provides an additional $12,000 for

11 the benefit of unsecured creditors.

12          17.    The Agreement also eliminates the dispute over the Discovery Requests,

13 which would otherwise only serve to increase administrative expenses.

14         I declare under penalty of perjury that the foregoing is true and correct.

15         Executed on this 28th day of July, 2016, at Costa Mesa, California.

16

17                                              */s/ Jeffrey I. Golden*
                                               _____
18                                              Jeffrey I. Golden

19

20

21

22

23

24

25

26

27

28

*Lobel Weiland Golden Friedman LLP*
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1080814.1

MOTION

**EXHIBIT 1**

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") dated July 2$\cancel{X}$, 2016, is made, executed, and entered into between Jeffrey I. Golden, solely in his capacity as the chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Jason Matthew Whitman and Carla Maria Whitman (the "Debtors"), and the Debtors (collectively, the "Parties" and each individually, a "Party"), with respect to the following facts, circumstances, understandings and beliefs (collectively, the "Recitals"):

## RECITALS

A.      On April 27, 2015, the Debtors filed a voluntary chapter 7 petition.  The Trustee was appointed the chapter 7 trustee.

B.      On August 10, 2015, the Debtors amended their Schedules C and F.  The Debtors claimed a $12,329.18 exemption (the "Exemption") in the real property located at 36 East Mahi Pua Place, Lahaina, Hawaii 96761 (the "Hawaii Property") pursuant to C.C.P. § 703.140(b)(5).

C.      On May 17, 2016, the Debtors filed their *Motion to Compel Abandonment of Property* (the "California Property Motion to Compel") [Docket No. 70].  By this motion, the Debtors seek the abandonment of real property located at 111 Via Lido Soud, Newport Beach, California 92663 (the "California Property") as burdensome and of inconsequential value to the Estate.  In addition, by the abandonment of the California Property, the Debtors seek the reversionary abandonment of rents generated therefrom (the "Rents").

D.      On May 31, 2016, the Trustee filed his *Opposition and Request for a Hearing on the Debtors' Motion to Compel Abandonment of Property by Trustee* (the "California Opposition") [Docket No. 72].

E.      On May 19, 2016, the Debtors filed their *Motion to Compel Chapter 7 Trustee to Provide Evidence of Settlement Proceeds Benefitting Unsecured Creditors or for the Immediate Abandonment of Property by Trustee* (the "Hawaii Property Motion to Compel") (together with the California Property Motion to Compel, the "Motions to Compel") [Docket No. 71].  By this motion, the Debtors seek an order from the court compelling the Trustee to provide evidence that the proposed settlement between the Trustee and a senior secured lender will benefit unsecured creditors, and if there is no such benefit, for the abandonment of the Hawaii Property.

F.      On June 2, 2016, the Trustee filed his *Opposition and Request for a Hearing on the Debtors' Motion to Compel Chapter 7 Trustee to Provide Evidence of Settlement Proceeds Benefitting Unsecured Creditors or for the Immediate Abandonment of Property by Trustee* (the "Hawaii Opposition") [Docket No. 75].

1079849.2                                1

EXHIBIT 1 PAGE 16

G.    On July 10, 2016, the Debtors filed their Reply to the Hawaii Opposition (the "Reply") and certain evidentiary objections (the "Evidentiary Objections").

H.    The Debtors set the Motions to Compel for hearing on July 19, 2016.  By stipulation with the Trustee, the hearings have been continued to August 30, 2016.

I.    On June 30, 2016, the Trustee filed his *Motion for Order: (1) Authorizing the Sale of Real Property Free and Clear of Liens, Claim, and Interests Pursuant to 11 U.S.C. §§ 363(b) and 363(f); (2) Approving Overbid Procedures; and (3) Approving Buyer, Successful Bidder, and Back-Up Bidder as Good-Faith Purchasers Pursuant to 11 U.S.C. § 363(m)* (the "Sale Motion") as to the Hawaii Property to sell the Hawaii Property free and clear of liens, subject to overbid, and to approve a carve-out agreement.

J.    On July 7, 2016, the Debtors filed their opposition to the Sale Motion (the "Sale Opposition").

K.    The Sale Motion was scheduled for hearing on July 21, 2016, but was continued to August 30, 2016, by stipulation.

L.    On June 7, 2016, the Debtors served the Trustee with (i) *Debtors' Interrogatories to the Chapter 7 Trustee, Jeffrey I. Golden, Set No. One*; (ii) *Debtors' Request for Admission to the Chapter 7 Trustee, Jeffrey I. Golden, Set No. One*; and (iii) *Debtors' Requests for Production of Documents Propounded on the Chapter 7 Trustee, Jeffrey I. Golden, Set No. One* (the "Discovery Requests").  The Trustee sent the Debtors a meet and confer letter on July 5, 2016, based on the Trustee's intent to seek a protective order regarding the Discovery Requests.  The Trustee served his objections and responses to the Discovery Requests on the Debtors on July 7, 2016.  The Trustee's counsel and the Debtors' counsel met and conferred on July 11, 2016.

The Parties desire to avoid the costs and uncertainties of litigating the Motions to Compel and the Sale Motion and to completely and finally resolve all issues between the Parties with respect to the same.

## AGREEMENT

Pursuant to the foregoing Recitals and for the consideration described herein, the sufficiency of which is hereby acknowledged by the Parties, the Parties agree as follows:

## ARTICLE 1
## APPROVAL ORDER, FINDINGS AND BINDING EFFECT OF AGREEMENT

**1.1    Binding Effect.**  This Agreement shall become effective and binding the first business day (the "Effective Date") after entry by the Bankruptcy Court of a Final Order approving this Agreement and authorizing the Trustee to enter into this

1079849.2                                              2

EXHIBIT 1 PAGE 17

Agreement.  "Final Order" means an order of the Bankruptcy Court entered on the Bankruptcy Court docket (i) that is not timely appealed, or (ii) that is timely appealed but no order staying the effects of the approval order is obtained within fifteen (15) days after entry of the approval order, or (iii) it is timely appealed and stayed but the appellate court with proper jurisdiction affirms the approval order and no subsequent appeal is taken.

      **1.2**    **Court Approval.**  As reasonably practicable after execution of this Agreement, the Trustee shall file a motion seeking authority to enter into this Agreement and for approval of the Agreement (the "Motion").  The Debtors shall in good faith exercise all reasonable efforts to cooperate with the Trustee and obtain an order approving the Agreement, including, if necessary, appearing at hearings and preparing and filing supporting notices, motions and other documents necessary to obtain an order approving the Agreement or for the resolution of an appeal or motion for stay, review, reconsideration, re-argument, rehearing, or certiorari relating to the appeal.

**ARTICLE 2**
**TERMS OF THE SETTLEMENT**

      **2.1**    **Release of Interests in and Claims to the Hawaii Property by the Debtors.**  As of the Effective Date, the Debtor waives, releases, and relinquishes any and all claims to the Hawaii Property, including, but not limited to, the Exemption and any other proceeds of the sale of the Hawaii Property.  To the extent necessary, the Debtors shall amend their Schedule C to eliminate the Exemption.

      **2.2**    **Withdrawal of Objection to the Sale Motion.**  Within three (3) calendar days of the approval of the Agreement, the Debtors shall withdraw their objection to the Sale Motion.

      **2.3**    **Abandonment of the California Property and the Rents by the Trustee.**  As of the Effective Date, the California Property and the Rents shall be deemed abandoned by the Trustee and the Trustee waives, releases, and relinquishes any and all claims to the California Property and the Rents.  The California Property and the Rents are being abandoned subject to any and all existing liens, claims, and interests held by any third parties.  The Debtors shall pay $2,500.00 to the Trustee to cover any and all administrative costs associated with the abandonment.

      **2.4**    **The Personal Property in the California Property.**  The Debtors represent that the personal property located in the California Property is the same personal property previously listed on the Debtors' Schedule B and claimed as exempt on the Debtors' Schedule C.  Based upon this representation, the Trustee waives, releases, and relinquishes any and all claims to the personal property.

      **2.5**    **Withdrawal of the Discovery Requests.**  As of the Effective Date, the Discovery Requests will be deemed withdrawn by the Debtors and the Trustee is under no obligation to provide further or amended responses to the Discovery Requests.

1079849.2

3

EXHIBIT 1 PAGE 18

## ARTICLE 3
## MUTUAL RELEASES OF CLAIMS

**3.1** **Release of Claims Against the Trustee and the Estate by the Debtors.**
Except as otherwise provided in this Agreement, upon the Effective Date, the Debtors
for themselves and their heirs, successors, assigns, agents, and attorneys, shall be
deemed to have released and discharged the Trustee, in both his official and personal
capacity, the Estate, and their agents, administrators, attorneys, and accountants from
any and all interests, claims, demands, controversies, actions, causes of action, suits,
proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees,
and damages whatsoever character, nature, or kind, in law or in equity, whether known
or unknown, fixed or contingent, and liquidated or unliquidated, which they may now
own or hold, or may have previously owned or held, or may in the future own or hold,
including, but not limited to, any claims arising out of or relating to the California
Property, the Hawaii Property, the Motions to Compel, and the Sale Motion.

**3.2** **Release of Claims Against the Debtors by the Trustee and the Estate.**
Except as otherwise provided in this Agreement, upon the Effective Date, the Trustee
and the Estate for themselves and their heirs, successors, assigns, agents, and
attorneys, shall be deemed to have released and discharged the Debtors and their
agents, administrators, and accountants from any and all interests, claims, demands,
controversies, actions, causes of action, suits, proceedings, obligations, liabilities, fines,
penalties, costs, expenses, attorneys' fees, and damages whatsoever character, nature,
or kind, in law or in equity, whether known or unknown, fixed or contingent, and
liquidated or unliquidated, which they may now own or hold, including, but not limited to,
any claims arising out of or relating to the California Property, the Hawaii Property, the
Motions to Compel, and the Sale Motion.

**3.3** **Waiver of Section 1542.** The Parties recognize, acknowledge, and waive
the provisions of California Civil Code Section 1542, which provides:

> A general release does not extend to claims which the creditor does not
> know or suspect to exist in his or her favor at the time of executing the
> release, which if known by him or her must have materially affected his or
> her settlement with the debtor.

In waiving the provisions of Section 1542 of the California Civil Code, the Parties
acknowledge that they may hereafter discover facts in addition to or different than those
which they now believe to be true with respect to the matters released herein, but agree
that they have taken that possibility into account in reaching this settlement, and the
releases given herein shall remain in effect as a full and complete release
notwithstanding the discovery or existence of such additional or different facts, as to
which they expressly assume the risk.

1079849.2                                         4

EXHIBIT 1 PAGE 19

## ARTICLE 4
## ADDITIONAL REPRESENTATIONS AND WARRANTIES

**4.1**   **Capacity to Enter Into the Agreement.**  The Debtors hereby state, certify, warrant, and represent to the Trustee that they have the right, power, capacity, and authority to enter into this Agreement, to fully perform their obligations under this Agreement, and neither this Agreement nor the release of any claim pursuant to this Agreement violates any agreement by which they are bound.  The Trustee, upon the Bankruptcy Court's approval of this Agreement, states, certifies, warrants, and represents to the Debtors that he has the right, power, capacity, and authority to enter into this Agreement, to fully perform his obligations under this Agreement, and this Agreement does not violate any agreement by which he is bound.

**4.2**   **Representation by Legal Counsel.**  Each Party represents that they acted pursuant to the advice of independent legal counsel of their own choosing in connection with the negotiation, preparation, and execution of this Agreement, or that they were advised to obtain the advice of such independent legal counsel, had fair and reasonable opportunity to obtain the advice of such legal counsel and willfully declined to obtain the advice of such independent legal counsel.

**4.3**   **Ownership of Claims.**  The Parties each warrant and represent that they are the only person or entity which has any interest in any of the matters herein released, and that none of such claims, causes of action, costs or demands, or any part thereof, has been assigned, granted or transferred in any way to any other person and/or entity.

**4.4**   **No Assignment of Claims.**  Each Party hereby represents and warrants that they have not pledged, transferred or assigned to any third party any of the claims that are the subject of this Agreement.

**4.5**   **No Undisclosed Inducements.**  The Parties represent that they entered into this Agreement solely in reliance upon their own independent investigation and analysis of the relevant facts and circumstances, and that no representations or warranties other than those set forth in this Agreement were made by any other party or any employee, agent or attorney of any other party to induce said party to enter into this Agreement.

**4.6**   **No Admission of Liability.**  This Agreement is for the sole purpose of settling the matters described herein.  It is expressly understood and agreed that this Agreement does not constitute, and is not evidence of any admission by any of the Parties hereto of any liability or the truth of any allegations whatsoever.

**4.7**   **Good Faith and Fair Dealing.**  This Agreement was negotiated in good faith, at arm's length, and for good, reasonable and fair consideration as to all Parties.

1079849.2                                          5

EXHIBIT 1 PAGE 20

**4.8    Truth and Accuracy of Warranties and Representations.** Each warranty and representation set forth in this Agreement will be, and the Party making the same will cause the same to be, true and correct from the time of execution of this Agreement, until the performance by such Party of each and all of the Parties' obligations under this Agreement.

**4.9    Survival.** This Agreement and each statement, certification, representation, warranty, disclosure, disclaimer, waiver, duty, obligation, promise, covenant, agreement, term, condition and provision set forth in this Agreement will survive the consummation of all terms and conditions of this Agreement.

## ARTICLE 5
## GENERAL TERMS AND PROVISIONS

**5.1    Further Assurances.** The Parties agree that they will execute any and all additional documents and take all additional steps which may be necessary to consummate the Agreement.

**5.2    Entire Agreement.** This Agreement will constitute the entire agreement between the Parties and supersedes all prior or contemporary understandings or agreements.  No supplement, modification, waiver or termination shall be binding or enforceable unless executed in writing by the Parties to be bound thereby.

**5.3    No Waiver.** No waiver of any of the provisions of the Agreement shall be deemed, or shall constitute a waiver of any other provisions, whether or not similar, nor shall any waiver constitute a continuing waiver.  No waiver shall be binding unless executed by the Party making the waiver.

**5.4    Modification.** The Agreement shall not be modified by any Party by oral representation made before or after the execution of the Agreement.  All modifications must be in writing and signed by all Parties.

**5.5    Failure or Delay Not a Waiver.** No failure or delay on the part of any Party to exercise any right hereunder, nor any other indulgence of such Party, shall operate as a waiver of any other rights hereunder, nor shall any single exercise by any Party of any right hereunder preclude any other or further exercise thereof.  The rights and remedies herein provided are cumulative and not exclusive of any right or remedies provided by law.

**5.6    Construction.** Each Party will be deemed to have had equal bargaining strength in the negotiation of this Agreement and equal responsibility for the preparation of this document and any exhibits hereto, such that neither this document, nor any exhibit hereto, nor any uncertainty or ambiguity herein or therein, will be arbitrarily construed or resolved against any Party pursuant to any law or rule of construction to the effect that ambiguities in documents are to be construed against the drafter of the document.

1079849.2                                                        6

EXHIBIT 1 PAGE 21

**5.7    Severability.**  In the event that any term or provision of this Agreement is held by any court of competent jurisdiction to be illegal, invalid, or unenforceable for any reason, then the remaining portions of this Agreement will nonetheless remain in full force and effect, unless such portion of the Agreement is so material that its deletion would violate the obvious purpose and intent of the Parties.

**5.8    No Other Beneficiaries.**  The Parties acknowledge that this Agreement is solely for their own benefit and that of their successors and assigns.

**5.9    Limitation of Remedies and Damages.**  In the event that there is any dispute under this Agreement, the aggrieved Party shall not be entitled to exemplary or punitive damages so that the aggrieved Party's remedy in connection with any action arising under or in any way related to this Agreement shall be limited to a breach of contract action and any damages in connection therewith are limited to actual and direct damages.

**5.10    Attorneys' Fees.**  In the event that any litigation, arbitration or other proceeding is brought to enforce or interpret any part of this Agreement, or because of an alleged dispute, default, misrepresentation, or breach in connection with any of the provisions of this Agreement, the successful or prevailing party shall be entitled to recover as costs of suit and not as damages, reasonable attorneys' fees, costs and expenses actually incurred in connection therewith.

**5.11    Governing Law and Jurisdiction.**  This Agreement is made under and will be construed in accordance with and governed by the laws of the State of California. In the event that a dispute arises regarding this Agreement, the Bankruptcy Court in the Central District of California shall have exclusive jurisdiction to interpret and enforce this Agreement.

**5.12    Notices.**  Except as otherwise provided by this Agreement, any notices or other communications to be given pursuant to this Agreement shall be delivered to the appropriate Party and their counsel at the address shown below, until written notice of a different address is given by such Party or counsel in accordance with this section.  Any notices or other communications must be in writing.  Any notices or other communications given by personal service shall be deemed to have been received upon delivery.  Any notices or other communications given by first class mail, postage prepaid, addressed to the address required by this section, shall be deemed to have been received three business days following the deposit thereof with the United States Post Office.  Any notices or other communications given by overnight courier service shall be deemed to have been received on the date of delivery confirmed by the courier service.  Any notice given by facsimile transmission shall be deemed to have been received on the date upon which the recipient's facsimile machine electronically confirms the receipt of such notice.

EXHIBIT 1 PAGE 22

To the Trustee:                     Jeffrey I. Golden
                                    LOBEL WEILAND GOLDEN FRIEDMAN LLP
                                    P.O. Box 2470
                                    Costa Mesa, California 92628
                                    Telephone:  (714) 445-1013
                                    Facsimile:   (714) 966-1002
                                    Email:        jgolden@lwgfllp.com

With a copy to
the Trustee's Counsel:              Beth E. Gaschen
                                    LOBEL WEILAND GOLDEN FRIEDMAN LLP
                                    650 Town Center Drive, Suite 950
                                    Costa Mesa, California 92626
                                    Telephone:  (714) 966-1000
                                    Facsimile:   (714) 966-1002
                                    Email:        bgaschen@lwgfllp.com

To the Debtors:                     Jason Whitman and Carla Whitman
                                    c/o Derik N. Lewis
                                    VANTIS LAW FIRM, P.C.
                                    120 Vantis Drive, Suite 300
                                    Aliso Viejo, California 92656
                                    Telephone:  (949) 216-0935
                                    Facsimile:   (949) 296-0935
                                    Email:        dlewis@vantislaw.com

With a copy to
Debtors' Counsel:                   Derik N. Lewis
                                    VANTIS LAW FIRM, P.C.
                                    120 Vantis Drive, Suite 300
                                    Aliso Viejo, California 92656
                                    Telephone:  (949) 216-0935
                                    Facsimile:   (949) 296-0935
                                    Email:        dlewis@vantislaw.com

     **5.13    Payments.** Except as otherwise provided by this Agreement, payments to the Trustee shall be made payable to Jeffrey I. Golden, Chapter 7 Trustee and sent to the address set forth below.

          **The Trustee:**              Jeffrey I. Golden, Chapter 7 Trustee
                                        LOBEL WEILAND GOLDEN FRIEDMAN LLP
                                        P.O. Box 2470
                                        Costa Mesa, California 92628

     **5.14    Counterparts and Electronic Signatures.** This Agreement may be executed in counterparts, which shall together constitute one document. A facsimile or electronic signature shall constitute an original signature. When counterparts have been executed by all the Parties, this Agreement shall become effective pursuant its terms.

1079849.2                           8

EXHIBIT 1 PAGE 23

**5.15  <u>Meaning of Pronouns and Effect of Headings.</u>**  As used in this
Agreement, the masculine, feminine and/or neuter gender, and the singular or plural
form shall include the other gender or form when appropriate.  The captions and
paragraph headings in this Agreement are used solely for convenience or reference and
shall not restrict, limit or otherwise affect the meaning of this Agreement.

DATED: _7/28_____, 2016

JEFFREY I. GOLDEN, Chapter 7 Trustee of
the Bankruptcy Estate of Matthew Jason
Whitman and Carla Maria Whitman

DATED: _07/27/_____, 2016

MATTHEW JASON WHITMAN

DATED: _7/27_____, 2016

CARLA MARIA WHITMAN

Approved as to Form and Content:

Dated:  July 28, 2016

LOBEL WEILAND GOLDEN FRIEDMAN LLP

By: _____
BETH E. GASCHEN
Attorneys for Chapter 7 Trustee,
Thomas H. Casey

Dated:  July 27, 2016

VANTIS LAW FIRM, P.C.

By: _____
DERIK N. LEWIS
Attorneys for the Debtors,
Matthew Jason Whitman and
Carla Maria Whitman

1079849.2                                   9

EXHIBIT 1 PAGE 24

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

650 Town Center Drive, Suite 950, Costa Mesa, CA 92626

A true and correct copy of the foregoing documents entitled (*specify*): **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JEFFREY I. GOLDEN IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 28, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Caren J Castle      wdk@wolffirm.com, wdk@wolffirm.com
Marian Garza     ecfnotices@ascensioncapitalgroup.com
Beth Gaschen     bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com
Jeffrey I Golden (TR)     ljones@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com;lfisk@wgllp.com
Christopher J Green     cgreen@lwgfllp.com, chrisgreen@ucla.edu;kadele@lwgfllp.com;lfisk@lwgfllp.com;christopher-green-2815@ecf.pacerpro.com
Leslie M Klott     bankruptcy@zievelaw.com
Derik N Lewis     dlewis@vantislaw.com, esieg@vantislaw.com
Christina J O     christinao@mclaw.org, erica@mclaw.org
Najah J Shariff     najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov
United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **July 28, 2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Matthew Jason Whitman
Carla Maria Whitman
3419 Via Lido #123
Newport Beach, CA 92663-3908
**Debtors**

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 28, 2016,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Personal Delivery
The Honorable Erithe Smith, U.S. Bankruptcy Courtroom 5A, 411 W. Fourth Street, Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/28/16 | Lindsay Fisk | */s/ Lindsay Fisk* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.